UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB 1 4 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| SPEECHNOW.ORG, <br> PO Box 18773 <br> Washington, DC 20036, <br><br> DAVID KEATING <br> 3415 Shepherd Street <br> Chevy Chase, MD 20815, <br><br> FRED M. YOUNG, JR. <br> 3201 Michigan Boulevard <br> Racine, WI 53402, <br><br> EDWARD H. CRANE, III <br> 3239 Juniper Lane <br> Falls Church, VA 22044, <br><br> BRAD RUSSO <br> 114 Tennessee Avenue NE <br> Unit B <br> Washington, DC 20002, and <br><br> SCOTT BURKHARDT <br> 1826 Forest Road <br> Durham, NC 27705, <br><br>              Plaintiffs, <br><br>        v. <br><br> FEDERAL ELECTION COMMISSION <br> 999 E Street, NW <br> Washington, DC 20463 <br>              Defendant. | Case: 1:08-cv-00248 <br> Assigned To : Robertson, James <br> Assign. Date : 2/14/2008 <br> Description: Labor-ERISA <br><br><br><br><br><br><br><br> Civil Case No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs bring this action for declaratory and injunctive relief, alleging as follows:

## INTRODUCTION

1.     This case challenges a law, passed by Congress that, as interpreted and applied by the Federal Election Commission, abridges the freedom of speech. SpeechNow.org is an independent speech group composed of individuals who wish to pool their resources in order to promote greater protections for rights to free speech and association in America. Recognizing that elections are an ideal time to bring attention to important issues and to affect policy, SpeechNow.org wishes to finance television advertisements that call for the election of candidates who support rights to free speech and association and the defeat of candidates who do not support these rights. In short, Speechnow.org wishes to attempt to influence the outcome of elections in order to influence public debate, to influence public policy, to influence the protection of fundamental rights, and, ultimately, to influence the future course of the nation.

2.     Unfortunately, joining together to speak out about an election is no longer a matter simply of raising funds, writing copy, and running advertisements. Under the Federal Election Campaign Act, both on its face and as applied by the FEC, SpeechNow.org may not accept donations of more than $1000 without first registering as a political committee. Political committees are subject to a host of burdensome organizational, administrative, and reporting requirements. Importantly, political committees are also subject to contribution limits that cap the amount they may raise from any individual at $5000 per year. These limitations make it virtually impossible for SpeechNow.org to carry out its mission.

3.     SpeechNow.org does not make contributions to candidates, candidate committees, or political parties nor does it coordinate its activities with those entities. SpeechNow.org is not a corporation and it accepts no corporate funding. Accordingly, SpeechNow.org raises no

specter of corruption or its appearance that would justify requiring it to become a political committee and subjecting it and its donors to contribution limits.

4.    As applied to SpeechNow.org, the requirements for political committees are unnecessary, unduly burdensome, and they violate Plaintiffs' rights to freedom of speech and association under the First Amendment.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 2201 and 2 U.S.C. § 437h.

6.    Venue is proper in this Court under 28 U.S.C. § 1391(e).

## PARTIES

7.    Plaintiff SpeechNow.org is an unincorporated nonprofit association organized under the District of Columbia Uniform Unincorporated Nonprofit Associations Act, D.C. Code § 29-971.01 *et seq.*, and registered as a "political organization" under section 527 of the Internal Revenue Code. SpeechNow.org is composed of individuals dedicated to promoting and protecting Americans' First Amendment rights to free speech, association, and assembly. Its mission is to protect First Amendment rights by advocating the election of candidates who favor free speech and the defeat of candidates who favor speech restrictions in the name of campaign finance reform.

8.    Plaintiff David Keating is eligible to vote in an election for the office of the President of the United States and is the President and Treasurer of SpeechNow.org. Mr. Keating opposes restrictions on rights to free speech and association, including those contained in the federal campaign finance laws. Mr. Keating organized SpeechNow.org in order to allow individuals to pool their resources for the purpose of expressly advocating the election of

3

candidates who support rights to free speech and association and the defeat of candidates who oppose those rights, particularly by supporting campaign finance laws. Mr. Keating created the organization's website, he participates in the creation of all ads SpeechNow.org intends to publish and/or broadcast, and he currently administers all of the organization's affairs. Mr. Keating is prepared to donate immediately $5500 to SpeechNow.org but is prohibited from doing so by the contribution limits contained in 2 U.S.C. § 441a(a)(1)(C).

9.    Edward Crane is eligible to vote in an election for the office of the President of the United States and is a member of SpeechNow.org. Mr. Crane opposes restrictions on rights to free speech and association, including those contained in the federal campaign finance laws. Mr. Crane would like to associate with other like-minded individuals for the purpose of expressly advocating the election of candidates who support rights to free speech and association and the defeat of candidates who oppose those rights, particularly by supporting campaign finance laws. Mr. Crane is prepared to donate immediately $6000 to SpeechNow.org but is prohibited from doing so by the contribution limits contained in 2 U.S.C. § 441a(a)(1)(C).

10.    Fred Young is eligible to vote in an election for the office of the President of the United States. He opposes restrictions on rights to free speech and association, including those contained in the federal campaign finance laws. Mr. Young would like to associate with other like-minded individuals for the purpose of expressly advocating the election of candidates who support rights to free speech and association and the defeat of candidates who oppose those rights, particularly by supporting campaign finance laws. Mr. Young is prepared to donate immediately $110,000 to SpeechNow.org but is prohibited from doing so by the contribution limits contained in 2 U.S.C. § 441a(a)(1)(C) and 2 U.S.C. § 441a(a)(3).

11.    Brad Russo is eligible to vote in an election for the office of the President of the United States. Brad Russo opposes restrictions on rights to free speech and association, including those contained in the federal campaign finance laws. Brad Russo would like to associate with other like-minded individuals for the purpose of expressly advocating the election of candidates who support rights to free speech and association and the defeat of candidates who oppose those rights. Mr. Russo would immediately donate $100 to SpeechNow.org if SpeechNow.org were able to accept donations to fund its activities as described herein.

12.    Scott Burkhardt is eligible to vote in an election for the office of President of the United States. Scott Burkhardt opposes restrictions on rights to free speech and association, including those contained in the federal campaign finance laws.  Scott Burkhardt would like to associate with other like-minded individuals for the purpose of expressly advocating the election of candidates who support rights to free speech and association and the defeat of candidates who oppose those rights. Scott Burkhardt would immediately donate $100 to SpeechNow.org if SpeechNow.org were able to accept donations to fund its activities as described herein.

13.    Defendant Federal Election Commission (FEC) is the governmental agency charged with enforcing the relevant provisions of the Federal Election Campaign Act.

## STATEMENT OF FACTS

14.    SpeechNow.org was created to address an issue that is vital to the future of this nation: free speech and the threats to it posed by campaign finance laws. SpeechNow.org allows like-minded individuals to pool their funds and thus to amplify their voices beyond what any individual could achieve on his own. Recognizing that federal elections provide a rare opportunity both to impact public debate and to impact public policy, SpeechNow.org will run advertisements calling for the election of candidates who support free speech and association and

the defeat of candidates who do not support these rights. In short, SpeechNow.org intends to influence public policy and public debate by attempting to influence the outcome of elections.

**SpeechNow.org's Structure and Operations**

15.    SpeechNow.org is a nonprofit unincorporated association that was founded by individuals and will operate solely on private donations from individuals. The organization's bylaws—by which the organization and its members, employees, and donors will abide—prohibit it from directly or indirectly accepting donations or anything of value from business corporations, labor organizations, national banks, federal government contractors, foreign nationals, or political committees.

16.    SpeechNow.org is independent of any political candidates, committees, and political parties, and its bylaws require it to operate wholly independently of any of these entities. Under its bylaws, SpeechNow.org cannot make contributions or donations of any kind to any FEC-regulated candidate or political committee, and it cannot "coordinate" its activities, as defined in 2 U.S.C §§ 441a(a)(7)(B) & (C) and 11 C.F.R. Part 109, with any candidates, national, State, district or local political party committees, or their agents. SpeechNow.org will not coordinate its activities with other political committees.

17.    SpeechNow.org will solicit donations from individuals for funds to buy public, political advertising, to promote free speech and associational rights, and for administrative purposes. Under its bylaws, SpeechNow.org's solicitations will inform potential donors that their donations may be used for public political advertising that will advocate the election of candidates for federal office who are respectful of free speech and the defeat of candidates for federal office who favor restrictions on political speech or limits on associational rights. Some of SpeechNow.org's solicitations will refer to particular candidates for federal office by name.

18.    Under its bylaws, SpeechNow.org cannot engage in business activities, including the provision of any goods or services that results in income to SpeechNow.org or any advertising or promotional activity that results in income to SpeechNow.org, other than in the form of membership dues or donations. Under its bylaws, SpeechNow.org cannot offer to any donors or members any benefit that is a disincentive for them to disassociate themselves with SpeechNow.org on the basis of the organization's position on a political issue, and it cannot offer its donors or members credit cards, insurance policies or savings plans, training, education, business information, or any other benefits other than those that are necessary to enable recipients to engage in promotion of SpeechNow.org's political ideas.

19.    Under its bylaws, SpeechNow.org must advise its donors that their donations are not tax deductible and will be used for political purposes such as supporting or opposing candidates.

20.    SpeechNow.org will run political advertisements on television and in other media during the 2008 election cycle and other future election cycles. The advertisements will expressly advocate the election of candidates for federal office who support rights to free speech and association and the defeat of candidates for federal office who do not support these rights.

21.    SpeechNow.org has prepared video and audio scripts for four such advertisements.

22.    Two of the advertisements call for the defeat of Dan Burton, a Republican Congressman currently running for reelection in the fifth district of Indiana. Both ads criticize Representative Burton for voting for a bill that would restrict the speech of many public-interest groups. The first urges voters to "Say no to Burton for Congress." The second states that "Dan Burton voted to restrict our rights. Don't let him do it again."

23.    The other two advertisements call for the defeat of Mary Landrieu, a Democratic Senator currently running for reelection in Louisiana.  Both ads criticize Landrieu for voting for a law restricting the speech of public-interest groups.  The first urges voters to "Say no to Landrieu for Senate."  The second concludes by saying that "Our founding fathers made free speech the First Amendment to the Constitution.  Mary Landrieu is taking that right away.  Don't let her do it again."

24.    SpeechNow.org intends to broadcast the advertisements calling for the defeat of Dan Burton in the fifth district of Indiana and the advertisements calling for the defeat of Mary Landrieu in Louisiana.

25.    The production costs for these advertisements would be approximately $12,000. The costs to air the advertisements about Burton in Indianapolis and about Landrieu in Baton Rouge would exceed $110,000.  The costs to air the advertisements about Burton in Indianapolis and Landrieu in New Orleans would exceed $110,000.  Thus, the total costs to produce and run advertisements in Indianapolis and either Baton Rouge or New Orleans would exceed $120,000.

26.    Because these amounts exceed the $1000 limit for expenditures counting toward political committee status under 2 U.S.C. § 431(4), SpeechNow.org has not yet produced any such advertisements.

27.    SpeechNow.org's expenditures for advertisements will be "independent expenditures" under 2 U.S.C. § 431(17) because they will be expenditures by a person "expressly advocating the election or defeat of a clearly identified candidate" that are "not made in concert or cooperation with or at the request or suggestion of such candidate, the candidate's authorized political committee, or their agents, or a political party committee or its agents."

28.     Pursuant to 2 U.S.C. § 441d(a), all of SpeechNow.org's advertisements and other communications will include its name, address, and telephone number or World Wide Web address, along with a statement indicating that the communication was paid for by SpeechNow.org and was not authorized by any candidate or candidate's committee.

29.     Pursuant to 2 U.S.C. § 441d(d)(2), SpeechNow.org's advertisements will include a statement indicating that SpeechNow.org is responsible for the content of the advertisement.

30.     Pursuant to 2 U.S.C. § 434(c), SpeechNow.org will file statements with the FEC reporting the identities of contributors and the amounts contributed along with the other information required by this provision.

31.     SpeechNow.org has not yet solicited any donations or accepted any funds for its operations because, under the definition of "political committee" contained in 2 U.S.C. § 431(4) and according to the FEC, spending or receiving more than $1000 to pay for the advertisements discussed in paragraphs 22-23, above, would make SpeechNow.org a political committee subject to organizational, administrative, and continuous reporting obligations under FECA.

32.     However, the following individuals are ready, willing and able to donate more than $5000 each to SpeechNow.org in order to fund the advertisements the organization wants to run calling for the election or defeat of candidates to federal office:  David Keating is ready, willing, and able to donate immediately $5500; Edward Crane is ready, willing, and able to donate immediately $6000; Richard Marder is ready, willing, and able to donate immediately $5500; and Fred M. Young, Jr. is ready, willing, and able to donate immediately $110,000.

**FECA's Requirements for Political Committees**

33.     Under 2 U.S.C. § 431(4), "political committee" includes, in relevant part, "any committee, club, association, or other group of persons which receives contributions aggregating

in excess of $1000 during a calendar year or which makes expenditures aggregating in excess of $1000 during a calendar year."

34.    Under 2 U.S.C. § 431(8), "contribution" includes, in relevant part, "any gift, subscription, loan, advance, or deposit of money or anything of value made by any person for the purpose of influencing any election for Federal office."

35.    Under 2 U.S.C. § 431(1), the term "election" includes, among other things, "a general, special, primary, or runoff election" and " a primary election for the expression of a preference for the nomination of individuals for election to the office of President."

36.    Additionally, under 11 C.F.R. § 100.57, the FEC considers as a "contribution" any funds provided in response to a communication indicating that any portion of the funds will be used to support or oppose the election of a clearly identified federal candidate.

37.    Under 2 U.S.C. § 431(9), "expenditure" includes, in relevant part, "any purchase, payment, distribution, loan, advance, deposit, or gift of money or anything of value, made by any person for the purpose of influencing any election for Federal office."

38.    Under 2 U.S.C. § 431(8), the donations, as described in paragraph 32, that David Keating, Edward Crane, Fred Young, or Richard Marder are ready, willing, and able to make to SpeechNow.org would be "contributions" to SpeechNow.org if SpeechNow.org accepted them.

39.    If SpeechNow.org accepted any of the donations described in the previous paragraph, it would become a "political committee" under 2 U.S.C. § 431(4), because each of those donations exceeds $1000.

40.    Under 11 C.F.R. § 100.57, donations to SpeechNow.org would be "contributions" under 2 U.S.C. § 431(8) if they were made in response to a solicitation informing recipients that SpeechNow.org intends to use their donations to finance advertisements calling for the election

or defeat of candidates for federal office. If SpeechNow.org accepted such donations that, in the aggregate, exceeded $1000, SpeechNow.org would become a "political committee" under 2 U.S.C. § 431(4).

41.    Payments by SpeechNow.org for the advertisements described in paragraphs 22-23 would be "expenditures" under 2 U.S.C. 431(9).

42.    If SpeechNow.org made such expenditures as described in the previous paragraph that exceeded $1000 in the aggregate, it would become a "political committee" under 2 U.S.C. § 431(4).

43.    Under 2 U.S.C. § 441a(a)(1)(C), David Keating, Edward Crane, Fred Young, and Richard Marder are prohibited from donating more than $5000 in any calendar year to SpeechNow.org in order to finance advertisements that will call for the election or defeat of candidates for Federal office.

44.    Under 2 U.S.C. § 441a(a)(3), Fred Young would be prohibited from making the donation to SpeechNow.org described in paragraph 32, above, because such a donation would exceed his individual aggregate biennial limit.

45.    Under 2 U.S.C. § 441a(f) SpeechNow.org is prohibited from accepting the donations, described in paragraph 32, above, that David Keating, Edward Crane, Fred Young, and Richard Marder are ready, willing, and able to make because those donations would exceed the limits described in 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3).

46.    Under 2 U.S.C. §§ 432, 433 and 434, political committees are subject to organizational, administrative, and continuous reporting requirements. These requirements include, among other things, the obligation to file a statement of organization, appoint a treasurer, maintain records of all contributions and expenditures for three years, and file regular

reports disclosing detailed information concerning the amounts of all contributions and expenditures, the identities of contributors, persons who make loans or give rebates or refunds to the committee, persons who provide any dividend or interest to the committee, the identities of those to whom expenditures are made, and the committees' operating expenses, among other information. Complying with these requirements is much more burdensome than complying with the disclosure and disclaimer provisions (by which SpeechNow.org will abide) found in 2 U.S.C. §§ 441d(a), 441d(d)(2), and 434(c) and described in paragraphs 28-30.

47.    Because SpeechNow.org's mission is to protect the First Amendment by expressly advocating the election of candidates who favor free speech and the defeat of candidates who favor speech restrictions, SpeechNow.org has a major purpose of Federal campaign activity.

48.    SpeechNow.org is not an exempt organization under 11 C.F.R. § 114.10.

49.    Under 2 U.S.C. § 437g(d)(1), knowing and willful violations of the provisions of FECA that involve the making, receiving, or reporting of any contribution, donation, or expenditure carry criminal penalties of up to $500,000 and 5 years in prison.

50.    Under 2 U.S.C. § 437g(a)(5)(B), knowing and willful violations of FECA can carry civil penalties of the greater of $10,000 or 200 percent of any contribution or expenditure involved in the violation.

51.    Under 2 U.S.C. § 437g(a)(5)(A), other violations of FECA can carry civil penalties of the greater of $5000 or the amount of the contribution or expenditure involved in the violation.

**The Advisory Opinion Request**

52.     On November 19, 2007, SpeechNow.org filed a request for an advisory opinion (AOR) with the FEC pursuant to 2 U.S.C. § 437f.  The request presented three questions based on SpeechNow.org's activities as described herein:  (1) Must SpeechNow.org register as a political committee as defined in 2 U.S.C. § 431(4), and, if so, when?  (2) Are donations to SpeechNow.org "contributions" (as defined in 2 U.S.C. §431(8)) subject to the limits described in 2 U.S.C. § 441a(a)(1)(C)?  (3) Must an individual donor to SpeechNow.org count his donations to SpeechNow.org among the "contributions" applicable to his individual biennial aggregate contribution limit described in 2 U.S.C. § 441a(a)(3)?

53.     Pursuant to 11 C.F.R. § 112.1, the FEC accepted the AOR for review, assigned it AOR number 2007-32, and posted it on the FEC's website for public commentary on November 28, 2007.  Under 2 U.S.C. § 437f(a)(1) and 11 C.F.R. § 112.4(a), the FEC had 60 days from this date in which to render a written response to SpeechNow.org's request.

54.     On January 22, 2008, the FEC's general counsel issued a draft advisory opinion in response to SpeechNow.org's AOR.

55.     The draft advisory opinion concluded that donations to SpeechNow.org made to finance its advertisements calling for the election or defeat of candidates to Federal office would be  "contributions" under 2 U.S.C. § 431(8) and FEC regulations.

56.     The draft advisory opinion concluded that donations to SpeechNow.org in response to a solicitation requesting donations to finance advertisements calling for the election or defeat of candidates to Federal office would be "contributions" under 11 C.F.R. § 100.57.

13

57.     The draft advisory opinion concluded that any payments made by SpeechNow.org to finance advertisements calling for the election or defeat of candidates for Federal office would be "expenditures" under 2 U.S.C. § 431(9).

58.     The draft advisory opinion concluded that SpeechNow.org has a major purpose of Federal campaign activity.

59.     The draft advisory opinion concluded that if SpeechNow.org accepted donations or made expenditures to finance its advertisements calling for the election or defeat of candidates for Federal office that, in the aggregate, exceeded $1000 in any calendar year, SpeechNow.org would become a "political committee" under 2 U.S.C. § 431(4).

60.     The draft advisory opinion concluded that SpeechNow.org would be required to register as a political committee upon accepting donations made to finance its advertisements calling for the election or defeat of candidates for Federal office that, in the aggregate, exceeded $1000 in any calendar year.

61.     The draft advisory opinion concluded that if SpeechNow.org accepted donations made to finance its advertisements calling for the election or defeat of candidates for Federal office that, in the aggregate, exceeded $1000 in any calendar year, it and its donors would be subject to the amount limitations on individuals' contributions contained in 2 U.S.C. § 441a(a)(1)(C) and § 441a(a)(3) and FEC regulations.

62.     The draft advisory opinion was consistent with the FEC's position taken with other groups that make independent expenditures.

63.     The FEC held an open meeting on January 24, 2008. Because the Commission was operating at the time with only two members, it lacked a quorum necessary to adopt the draft advisory opinion.

64.    Commissioner Weintraub stated during the meeting that she agreed with the reasoning and conclusions of the general counsel's draft advisory opinion in response to SpeechNow.org's AOR.

65.    Pursuant to 11 C.F.R. § 112.4(a), the FEC issued a written response to SpeechNow.org on January 28, 2008, stating that it was unable to approve SpeechNow.org's AOR because it lacked the necessary four votes to approve the AOR.

**Harm to the Plaintiffs**

66.    The contribution limits contained in 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3) prevent SpeechNow.org from accepting the donations from David Keating, Edward Crane, and Fred Young described in paragraph 32, above.

67.    The contribution limits contained in 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3) prevent SpeechNow.org from soliciting additional donations that exceed those limits.

68.    Due to the contribution limits contained in 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3), SpeechNow.org is prevented from raising the funds necessary to produce and broadcast the advertisements described herein as well as other, similar, advertisements during the 2008 and future election seasons.

69.    Even if SpeechNow.org could somehow raise enough money in increments of $5000 or less per donor per calendar year to pay for its advertisements, the contribution limits contained in 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3) would, by making it harder to gather funds, limit the number of times it could run those advertisements. The limits would also diminish SpeechNow.org's ability to run additional advertisements concerning other federal candidates in other races.

70.    The contribution limits contained in 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3) prevent Plaintiffs David Keating, Edward Crane, and Fred Young from making the donations they want to make as described in paragraph 32, above, and thus prevent them from associating with SpeechNow.org, with each other, and with other like-minded individuals for the purpose of producing and broadcasting the advertisements described herein.

71.    Due to the contribution limits contained in 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3), SpeechNow.org cannot raise the initial start-up or "seed" funding necessary to finance its operations. Without initial seed funding, SpeechNow.org lacks the funds necessary to begin fundraising on a larger scale and to convince potential donors, both large and small, that it is a going concern that has already produced and broadcast advertisements consistent with its mission. Furthermore, the absence of initial seed funding prevents SpeechNow.org from accepting small donations because those donations, once they reach $1000, would force SpeechNow.org to comply with burdensome organizational, administrative, and continuous reporting requirements, but could leave it well short of having enough funds to allow it to produce and run the advertisements described in paragraphs 22-23.

72.    By preventing Plaintiffs David Keating, Edward Crane, and Fred Young from associating with SpeechNow.org for the purpose of producing and broadcasting the advertisements described herein, the contribution limits contained in 2 U.S.C. §§ 441a(a)(1)(C) 441a(a)(3), by preventing SpeechNow.org from gathering seed funding as described in the previous paragraph, also prevent Plaintiffs Brad Russo and Scott Burkhardt from amplifying their voices by making the donations they want to make as described in paragraphs 11-12, above. Thus, the limits prevent Brad Russo and Scott Burkhardt from associating with SpeechNow.org and with Plaintiffs David Keating, Edward Crane, and Fred Young.

73.     The requirement that SpeechNow.org register as a political committee and comply with the organizational and reporting requirements of 2 U.S.C. §§ 432, 433, and 434 simply for accepting contributions in excess of $1000 imposes a severe burden on SpeechNow.org and chills its and its potential donors' rights to speech and association.

74.     The requirement that SpeechNow.org register as a political committee and comply with the organizational and continuous reporting requirements of 2 U.S.C. §§ 432, 433, and 434 simply for accepting contributions in excess of $1000 prevents SpeechNow.org from soliciting individuals for potential donations to fund its operations and its advertisements as described herein.

75.     The contribution limits contained in 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3) and the registration, organizational, and continuous reporting requirements contained in 2 U.S.C. §§ 432, 433, and 434 chill Plaintiffs' rights to speech and association.

76.     SpeechNow.org will face a credible threat of prosecution if it accepts donations in excess of $1000 without registering as a political committee and complying with the organizational and reporting requirements of 2 U.S.C. §§ 432, 433, and 434.

77.     SpeechNow.org will face a credible threat of prosecution if it accepts donations in excess of the limits contained in 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3) to fund its advertisements as described herein.

78.     Plaintiffs David Keating, Edward Crane, and Fred Young will face a credible threat of prosecution if they make donations to SpeechNow.org in excess of the limits contained in 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3) to fund SpeechNow.org's advertisements as described herein.

## COUNT 1
### Contribution Limits – SpeechNow.org

79.    Plaintiffs reallege and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

80.    SpeechNow.org has prepared scripts for advertisements calling for the defeat of candidates for Federal office and wishes to produce and broadcast those advertisements in the state and district in which those candidates are running for office.

81.    SpeechNow.org would like to produce and broadcast additional advertisements calling for the election or defeat of candidates for Federal office in the 2008 election season and in future election seasons.

82.    SpeechNow.org has potential donors who are ready, willing, and able to donate more than $5000 each to finance its advertisements calling for the election or defeat or candidates for Federal office as described herein.

83.    Under 2 U.S.C. §§ 431(4), 431(8), 441a(a)(1)(C), 441a(a)(3), and the FEC's regulations, on their face and as interpreted and applied by the FEC, SpeechNow.org is prohibited from accepting these and other donations that exceed the limits contained in 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3) that are made to finance its advertisements as described herein.

84.    The application of the contribution limits contained in 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3) severely burden SpeechNow.org's right to associate with its members and potential donors.

85.    The application of the contribution limits contained in 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3) severely burden SpeechNow.org's right to freedom of speech.

86.    Speechnow.org poses no threat of corruption or its appearance because it will not make contributions to or coordinate its activities with political candidates, national, State, district or local political party committees, political committees, or their agents.

87.    SpeechNow.org poses no threat of corruption or its appearance because it is not a business corporation, labor organization, national bank, federal government contractor, or foreign national and it cannot accept contributions from any of these entities.

88.    The application of contribution limits contained in 2 U.S.C. § 441a(a)(1)(C) and 441a(a)(3) to SpeechNow.org violates its and its members' and potential donors' rights to freedom of speech and association under the First Amendment.

89.    SpeechNow.org has no adequate remedy at law.

### COUNT 2
### Contribution Limits – Individual Plaintiffs

90.    Plaintiffs reallege and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

91.    David Keating, Edward Crane, and Fred Young are ready, willing, and able to donate more than $5000 each to finance SpeechNow.org's advertisements as described herein.

92.    David Keating, Edward Crane, and Fred Young would like to make additional donations in the future to finance SpeechNow.org's advertisements as described herein.

93.    Under 2 U.S.C. §§ 431(4), 431(8), 441a(a)(1)(C), and the FEC's regulations, on their face and as applied by the FEC, David Keating, Edward Crane, and Fred Young are prohibited from making any donations to SpeechNow.org that would exceed $5000 in any calendar year that are made to finance its advertisements calling for the election or defeat of candidates for Federal office.

94.    The application of the contribution limits contained in 2 U.S.C. § 441a(a)(1)(C) severely burdens David Keating, Edward Crane, and Fred Young's rights to associate with SpeechNow.org, its members and other potential donors for the purpose of calling for the election or defeat of candidates for Federal office.

95.    The application of the contribution limits contained in 2 U.S.C. § 441a(a)(1)(C) severely burdens David Keating, Edward Crane, and Fred Young's rights to freedom of speech.

96.    David Keating, Edward Crane, and Fred Young's donations to SpeechNow.org pose no threat of corruption or its appearance because SpeechNow.org is not a political candidate, political party, or the political committee for any such entity; and SpeechNow.org will not make contributions to or coordinate its activities with political candidates, political parties, or political committees.

97.    David Keating, Edward Crane, and Fred Young's donations to SpeechNow.org pose no threat of corruption or its appearance because SpeechNow.org is not a business corporation, labor organization, national bank, federal government contractor, or foreign national and it cannot accept contributions from any of these entities.

98.    The application of contribution limits contained in 2 U.S.C. § 441a(a)(1)(C) to SpeechNow.org and to David Keating, Edward Crane, and Fred Young violates David Keating's, Edward Crane's, and Fred Young's rights to freedom of speech and association under the First Amendment.

99.    The application of contribution limits contained in 2 U.S.C. § 441a(a)(1)(C) to SpeechNow.org and to David Keating, Edward Crane, Fred Young, and others who wish to give more than $5000 per calendar year to SpeechNow.org severely burdens the ability of Brad Russo and Scott Burkhardt (who are both ready, willing, and able to make immediate donations of $100

each to SpeechNow.org) to associate with SpeechNow.org, its members, and other potential donors for the purpose of calling for the election or defeat of candidates for Federal office; the application of contribution limits also burdens Brad Russo's and Scott Burkhardt's freedom of speech.

100.    The application of contribution limits contained in 2 U.S.C. § 441a(a)(1)(C) to SpeechNow.org and to David Keating, Edward Crane, Fred Young, and others who wish to give more than $5000 per calendar year to SpeechNow.org violates Brad Russo's and Scott Burkhardt's rights to freedom of speech and association under the First Amendment.

101.    David Keating, Edward Crane, Fred Young, Brad Russo, and Scott Burkhardt have no adequate remedy at law.

**COUNT 3**
**Biennial Aggregate Limits – Fred Young**

102.    Plaintiffs reallege and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

103.    Fred Young is ready, willing, and able to donate at least $110,000 to finance SpeechNow.org's advertisements as described herein.

104.    Fred Young would like to make additional donations in the future to finance SpeechNow.org's advertisements as described herein.

105.    Under 2 U.S.C. §§ 431(4), 431(8), 441a(a)(3), and the FEC's regulations, on their face and as applied by the FEC, Fred Young is prohibited from making any donations to SpeechNow.org that would exceed his individual biennial aggregate limit contained in 2 U.S.C. 441a(a)(3) that are made to finance its advertisements calling for the election or defeat of candidates for Federal office.

106.    The application of the contribution limits contained in 2 U.S.C. § 441a(a)(3) severely burdens Fred Young's right to associate with SpeechNow.org, its members and other potential donors for the purpose of calling for the election or defeat of candidates for Federal office.

107.    The application of the contribution limit contained in 2 U.S.C. § 441a(a)(3) severely burdens Fred Young's right to freedom of speech.

108.    Fred Young's donations to SpeechNow.org pose no threat of corruption or its appearance because SpeechNow.org is not a political candidate, political party, or the political committee for any such entity; and SpeechNow.org will not make contributions to or coordinate its activities with political candidates, political parties, or political committees.

109.    Fred Young's donations to SpeechNow.org pose no threat of corruption or its appearance because SpeechNow.org is not a business corporation, labor organization, national bank, federal government contractor, or foreign national and it cannot accept contributions from any of these entities.

110.    The application of contribution limits contained in 2 U.S.C. § 441a(a)(3) to Fred Young violates his rights to freedom of speech and association under the First Amendment.

111.    Fred Young has no adequate remedy at law.

### COUNT 4
### Organizational and Reporting Requirements – SpeechNow.org

112.    Plaintiffs reallege and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

113.    SpeechNow.org has donors who are ready, willing, and able to donate more than $1000, in the aggregate, in any one calendar year to finance its advertisements calling for the election or defeat of candidates for federal office.

114.    SpeechNow.org wants to accept these donations to fund its activities, including the production of advertisements calling for the election or defeat of candidates for federal office.

115.    If SpeechNow.org accepts donations that exceed $1000, in the aggregate, in any calendar year to help finance its advertisements, it will become a "political committee" under 2 U.S.C. § 431(4) and will be subject to the organizational, administrative, and continuous reporting requirements contained in 2 U.S.C. §§ 432, 433, and 434.

116.    Because SpeechNow.org will comply with the disclosure provisions for independent expenditures contained in 2 U.S.C. §§ 434(c), 441d(a), and 441d(d)(2), the application of the organizational, administrative, and continuous reporting provisions for political committees contained in 2 U.S.C. §§ 432, 433, and 434 is unconstitutionally burdensome and not narrowly tailored to further a compelling governmental interest.

117.    Accordingly, as applied to SpeechNow.org, the organizational, administrative, and continuous reporting requirements contained in 2 U.S.C. §§ 432, 433 and 434 violate SpeechNow.org's rights to freedom of speech and association under the First Amendment.

118.    SpeechNow.org has no adequate remedy at law.

### COUNT 5
### Political Committee Status – SpeechNow.org

119.    Plaintiffs reallege and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

120.    SpeechNow.org has donors who are ready, willing, and able to donate more than $1000, in the aggregate, in any one calendar year to finance its advertisements calling for the election or defeat of candidates for federal office.

121.    SpeechNow.org wants to accept these donations to fund its activities, including the production of advertisements calling for the election or defeat of candidates for federal office.

122.    If SpeechNow.org accepts donations that exceed $1000, in the aggregate, in any calendar year to help finance its advertisements, it will have to register as a "political committee" under 2 U.S.C. § 431(4) and will be subject to the organizational, administrative, and continuous reporting requirements contained in 2 U.S.C. §§ 432, 433, and 434 regardless of whether it makes expenditures or broadcasts its advertisements as described herein.

123.    Requiring SpeechNow.org to register as a political committee and subjecting it to the registration, organizational, and continuous reporting requirements for political committees before it has made any expenditures or broadcast any advertisements is unconstitutionally burdensome and not narrowly tailored to further a compelling governmental interest.

124.    Accordingly, as applied to SpeechNow.org, 2 U.S.C. §§ 431(4) and 431(8) violate SpeechNow.org's rights to freedom of speech and association under the First Amendment to the extent they require it to register as a political committee before it has made any expenditures or broadcast any advertisements.

125.    SpeechNow.org has no adequate remedy at law.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for the following relief:

1.    that, pursuant to 2 U.S.C. § 437h and as soon as practicable, this Court certify this case (which raises questions of the constitutionality of the Federal Election Campaign Act) to the United States Court of Appeals for the District of Columbia Circuit, which shall hear the matter sitting en banc.

2.     a declaration that the contribution limits contained in 2 U.S.C. §§ 441a(a)(1)(c) and 441a(a)(3), as well as any applicable rules and regulations regarding those provisions, are unconstitutional as applied to SpeechNow.org;

3.     a declaration that the contribution limits contained in 2 U.S.C. §§ 441a(a)(1)(c) and 441a(a)(3), as well as any applicable rules and regulations regarding those provisions, are unconstitutional as applied to any donations that the individual Plaintiffs and other supporters wish to make to SpeechNow.org;

4.     a declaration that the organizational, administrative, and continuous reporting requirements contained in 2 U.S.C. §§ 432, 433 and 434, as well as any applicable rules and regulations regarding those provisions, are unconstitutional as applied to SpeechNow.org;

5.     a declaration that 2 U.S.C. §§ 431(4) and 431(8), as well as any applicable rules and regulations regarding those provisions, are unconstitutional as applied to SpeechNow.org to the extent they require it to register as a political committee before it has made any expenditures or broadcast any advertisements;

6.     preliminary and permanent injunctions enjoining Defendant FEC from enforcing 2 U.S.C. §§ 441a(a)(1)(c) and 441a(a)(3), as well as any applicable rules and regulations regarding those provisions, against SpeechNow.org;

7.     preliminary and permanent injunctions enjoining Defendant FEC from enforcing 2 U.S.C. §§ 441a(a)(1)(c) and 441a(a)(3), as well as any applicable rules and regulations regarding those provisions, against the individual Plaintiffs and SpeechNow.org's other supporters for any donations they make to SpeechNow.org;

8.    preliminary and permanent injunctions enjoining Defendant FEC from enforcing 2 U.S.C. §§ 432, 433 and 434, as well as any applicable rules and regulations regarding those provisions, against SpeechNow.org;

9.    preliminary and permanent injunctions enjoining Defendant FEC from enforcing 2 U.S.C. §§ 431(4) and 431(8), as well as any applicable rules and regulations regarding those provisions, to require SpeechNow.org to register as a political committee before it has made any expenditures or broadcast any advertisement;

10.    an award of nominal damages of $1 for the violation of Plaintiffs' constitutional rights;

11.    costs and attorneys fees pursuant to any applicable statute or authority;

12.    any other relief that the Court deems just and appropriate.

Dated this 14th day of February, 2008.

Respectfully submitted,

Steven M. Simpson (DC Bar No. 462553)

William H. Mellor (DC Bar No. 462072)
Robert Gall (DC Bar No. 482476)
Paul M. Sherman (DC Bar No.978663)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
Email: wmellor@ij.org, ssimpson@ij.org,
bgall@ij.org, psherman@ij.org

Steven M. Hoersting*
Bradley A. Smith*
CENTER FOR COMPETITIVE POLITICS
124 W. Street South, Suite 201
Alexandria, VA 22314
Tel: (703) 894-6800

Email:  smhoer@aol.com, BSmith@law.capital.edu

*Attorneys for Plaintiffs*

* Motions for *Pro Hac Vice* to be filed.

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| SpeechNow.org; David Keating; Fred M. Young, Jr.; Edward H. Crane, III; Brad Russo; and Scott Burkhardt | Federal Election Commission |

|   |   |
|---|---|
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ <br> **(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) <br> Steven M. Simpson, William H. Mellor, Robert Gall, Paul M. Sherman <br> Institute for Justice 901 N. Glebe Rd, Suite 900 <br> Arlington, VA 22203, Tel (703) 682-9320 <br> Steven M. Hoersting, Bradley A. Smith <br> Center for Competitive Politics <br> 124 W. Street South, Suite 201 <br> Alexandria, VA 22314, Tel (703) 894-6800 | ATTORNEYS (IF KNOWN) <br> Thomasenia P. Duncan, General Counsel <br> Federal Election Commission <br> 999 E. Street, NW <br> Washington, DC 20463 <br> Tel (202) 694-1000 |

| **II. BASIS OF JURISDICTION** <br> (PLACE AN x IN ONE BOX ONLY) | **III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!** |
|---|---|

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

◉ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*    OR    ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ● L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

First Amendment to US Constitution and 2 U.S.C. 437h; FECA provisions violate First Amendment

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ [ ]   Check YES only if demanded in complaint    JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  2/14/08    SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.