UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
SPEECHNOW.ORG,                      )
DAVID KEATING,                      )
FRED M. YOUNG, JR.,                 )
EDWARD H. CRANE, III,               )
BRAD RUSSO, and                     )
SCOTT BURKHARDT                     )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )   Civil Case No. 1:08-cv-00248 (JR)
                                    )
FEDERAL ELECTION COMMISSION,        )
                                    )
            Defendant.              )
_____ )

## JOINT SCHEDULING REPORT

Pursuant to Local Rule 16.3, the parties met and conferred on May 23, 2008 and May 28 2008, and hereby submit their joint scheduling report and joint proposed scheduling order.

**A.    Preliminary Statement**

This is a constitutional challenge to certain contribution limits and disclosure requirements imposed by the Federal Election Campaign Act on the Plaintiffs. Plaintiffs have requested in their complaint that certain issues be certified to the Court of Appeals for the District of Columbia for an immediate en banc hearing pursuant to 2 U.S.C. § 437h. While Plaintiffs believe that no discovery is necessary in this case and that the constitutional issues raised can be decided on the basis of the factual record submitted to the Court in Plaintiffs' motion for preliminary injunction, complaint, and the FEC's draft advisory opinion to SpeechNow.org, they recognize that prevailing law allows the FEC to develop a factual record

prior to certification. The FEC maintains that prevailing law requires that a full factual record be developed in this Court. Accordingly, as more fully stated below, the parties have agreed to an expedited discovery schedule that will terminate on September 26, 2008. The parties have further agreed that resolution of the issues that can be certified pursuant to § 437h would be beneficial to the efficient conduct of discovery, and, accordingly, have agreed that the Plaintiffs will file a motion outlining the issues on which they seek certification by June 27, 2008. After discovery is completed, the parties will then file proposed facts for certification according to the briefing schedule outlined below. When the second round of briefing concludes, the Court may transfer the certified constitutional questions together with the applicable findings of fact to the United States Court of Appeals for the District of Columbia Circuit.

**C.    Rule 16.3 Items and Discovery Plan**

    1.    Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

The parties believe that certain issues in this case are appropriate for certification under § 437h and further believe that it would contribute to more efficient discovery for the Court to decide the issues that may be certified before the completion of the discovery process and the facts that may be certified after discovery is concluded. Accordingly, the parties agree to the following schedule for briefing the issues that may be certified under § 437h:

    Plaintiffs' certification motion and brief filed by **June 27, 2008**

    FEC's response filed by **July 18, 2008**

    Plaintiffs' reply filed by **July 25, 2008**

The parties agree to the following schedule for presenting their respective proposed facts for certification:

    Proposed Findings of Fact filed by **October 10, 2008**

    Responses to Proposed Findings of Fact filed by **October 31, 2008**

    Replies regarding Proposed Findings of Fact filed by **November 21, 2008**.

2.     The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.

The parties agree that any additional parties should be added and/or the pleadings amended by **June 20, 2008**. Plaintiffs believe that the factual issues can be agreed upon and narrowed to those stated in the FEC's draft advisory opinion to SpeechNow.org, the Plaintiffs' complaint, and their motion for preliminary injunction. The FEC believes that more factual development is necessary and required by law.

3.     Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The parties agree that the case should not be assigned to a magistrate for all purposes. The parties do agree, however, that a magistrate could be assigned to resolve discovery disputes.

4.     Whether there is a realistic possibility of settling the case.

The parties agree that there is no realistic possibility of settling the case.

5.     Whether the case could benefit form the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR).

The parties agree that this case would not benefit from ADR.

6.     Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross motions, oppositions, and replies; and proposed dates for a decision on those motions.

The parties believe that some or all of the issues presented in this case are appropriate for certification under § 437h and they will brief those issues according to the schedule outlined under number 1, above. The parties further agree that if any issues in this case are not certified under § 437h, the parties will address whether those issues are amenable to dispositive motion after the issues that have been certified under § 437h are resolved.

7. Whether the parties should stipulate to dispense with initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and, if not, what if any changes should be made in the scope, form, or timing of those disclosures.

The parties agree that they will make initial disclosures according to the schedule established by Rule 26(a)(1) and will make no changes to the scope, form, or timing of those disclosures.

8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admission, and depositions.

The parties agree to the following discovery schedule and procedures:

All discovery to be completed by **September 26, 2008**.

All document requests, interrogatories, and requests for production to be served by **August 26, 2008**.

The FEC believes that the limit on depositions under Rule 30(a)(2) should be modified to allow 20 depositions per side. The FEC contends that 10 depositions per side may prove to be insufficient for several reasons. First, deposing just the six named plaintiffs in this case would already take up a majority of the depositions initially allotted by Rule 30(a)(2). Second, there are a number of questions presented by this case that demand a development of various legislative facts, including a demonstration that unlimited contributions to a committee making independent expenditures pose a danger of corruption and its appearance. Finally, if more than 10 depositions should be required for any reason, there may simply not be time to seek leave of the Court and then actually take the depositions under the condensed timeframe proposed by the parties. It is preferable for the Court to allow for additional depositions now rather than having to rearrange the entire case schedule at a later date.

Plaintiffs believe that the 10 deposition limit in Rule 30(a)(2) should be maintained and that additional depositions should be addressed on a case-by-case basis via stipulation of the parties or leave of court. Even if the FEC decides it is necessary to depose all six named Plaintiffs, it would still have four additional depositions to establish the "legislative facts" to which it refers. Moreover, Plaintiffs are certainly amenable in principle to stipulating to particular "legislative facts" or to agreeing to short additional depositions to establish those facts if a stipulation could not be reached. In the event that the FEC were forced to seek leave of court, there is no reason to assume that doing so would disrupt the discovery schedule any more than allowing 20 depositions per side.

The parties agree that the other limits on discovery requests under the Federal Rules of Civil Procedure and the Local Rules should apply.

9. Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

The parties agree to the following schedule for expert disclosures:

Experts identified and reports served pursuant to Rule 26(a)(2) by **August 15, 2008**

Rebuttal experts identified and reports served by **September 15, 2008**

10. In class actions appropriate procedures for dealing with Rule 23, F.R.Civ.P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or evidentiary hearing on the motion and a proposed date for a decision.

This case is not a class action.

11. Whether a trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

The parties agree that a trial, if necessary, would not need to be bifurcated.

12. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

5

The parties agree that a trial will likely not be necessary in this case and that no pretrial conference should be set unless and until the questions certified under § 437h are resolved and there remain issues for this Court to address.

13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The parties agree that a trial will likely not be necessary in this case and that no pretrial conference should be set unless and until the questions certified under § 437h are resolved and there remain issues for this Court to address. The parties also agree that if there is a pretrial conference, the trial date should be set at that time.

14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

None.

Respectfully submitted,

/s/ Steven M. Simpson
Steven M. Simpson (462553)
William H. Mellor (462072)
Robert Gall (482476)
Paul M. Sherman (978663)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
Fax: (703) 682-9321
Email: wmellor@ij.org, ssimpson@ij.org, bgall@ij.org, psherman@ij.org

Stephen M. Hoersting*
Bradley A. Smith*
CENTER FOR COMPETITIVE POLITICS
124 W. Street South, Suite 201
Alexandria, VA 22314
Tel: (703) 894-6800
Email: shoersting@campaignfreedom.org,
BSmith@law.capital.edu

/s/ Kevin Deeley
(signed by Steven M. Simpson with permission from Kevin Deeley)
Thomasenia P. Duncan (424222)
General Counsel

David Kolker (394558)
Associate General Counsel

Kevin Deeley
Assistant General Counsel

Robert W. Bonham (397859)
Senior Attorney

Steve N. Hajjar
Attorney

Graham M. Wilson
Attorney

Counsel for Defendant

6

Counsel for Plaintiffs

*Admitted *pro hac vice*

Federal Election Commission
999 E Street NW
Washington, DC 20463
(202) 694-1650

7

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 6th Day of June, 2008, a true and correct copy of the Plaintiffs' Joint Scheduling Report and Proposed Order were electronically filed using the court's ECF system and sent via the ECF electronic notification system to:

Robert W. Bonham, III
David B. Kolker
Steve N. Hajjar
FEDERAL ELECTION COMMISSION
999 E. Street, N.W.
Washington, DC  20463

                                                    /s/ Steven M. Simpson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
**SPEECHNOW.ORG,**                 )
**DAVID KEATING,**                 )
**FRED M. YOUNG, JR.,**            )
**EDWARD H. CRANE, III,**          )
**BRAD RUSSO, and**                )
**SCOTT BURKHARDT**                )
                                   )
            **Plaintiffs,**        )
                                   )
    v.                             )   Civil Case No. 1:08-cv-00248
                                   )
**FEDERAL ELECTION COMMISSION**    )
                                   )
            **Defendant.**         )
_____)


**SCHEDULING ORDER**


After reviewing the parties' Rule 16.3 report, the Court issues the following scheduling order.

**IT IS ORDERED THAT:**

1. Discovery is to be completed by September 26, 2008.

2. All document requests, interrogatories, and requests for production must be served by August 26, 2008.

3. The deadline for joining additional parties or amending the pleadings is set for June 20, 2008.

4. The Plaintiffs' motion for certification under 2 U.S.C. § 437h and related briefs will be submitted according to the following schedule:

    Plaintiffs' certification motion and brief filed by June 27, 2008
    Defendant's response filed by July 18, 2008
    Plaintiffs' reply filed by July 25, 2008

2

5.  Both parties will submit their respective proposed findings of fact and related briefing according to the following schedule:

    Proposed Findings of Fact filed by October 3, 2008
    Responses to Proposed Findings of Fact filed by October 24, 2008
    Replies regarding Proposed Findings of Fact filed by November 14, 2008

6.  Both parties will submit expert disclosures, reports, and rebuttals according to the following schedule:

    Experts identified and Rule 26(a)(2) reports served by August 15, 2008
    Rebuttal experts identified and reports served by September 15, 2008

7.  Both parties are permitted to take _____ depositions without seeking further leave from the Court.

Dated: _____                   _____

                                            **James Robertson**
                                            **United States District Judge**