UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
SPEECHNOW.ORG,                          )
DAVID KEATING,                          )
FRED M. YOUNG, JR.,                     )
EDWARD H. CRANE, III,                   )
BRAD RUSSO, and                         )
SCOTT BURKHARDT                         )
                                        )
                Plaintiffs,             )
                                        )
        v.                              )        Civil Case No. 1:08-cv-00248 (JR)
                                        )
FEDERAL ELECTION COMMISSION             )
                                        )
                Defendant.              )
_____)

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit this Notice of Supplemental Authority in connection with

their Motion for Preliminary Injunction, filed on February 14, 2008 and argued before this Court

on April 11, 2008.  On June 26, 2008, the United States Supreme Court decided *Davis v. FEC*,

No. 07-320, 2008 WL 2520527 (U.S. June 26, 2008), in which the Court held that the so-called

"Millionaire's Amendment," 2 U.S.C. § 441a-1(a), violated the First Amendment because it

imposed lower contribution limits on self-funded candidates than their opponents.  *See Davis*,

2008 WL 2520527, at *12 ("imposing different contribution . . . limits on candidates vying for

the same seat is antithetical to the First Amendment").  The Court made two points in its decision

that support Plaintiffs' argument in their motion for preliminary injunction.  First, the Court held

that, although the Millionaire's Amendment does not impose a cap on spending, by raising

contribution limits for opponents of a self-funded candidate, the amendment "imposes an unprecedented penalty on any candidate who robustly exercises that First Amendment right." *Id.* at *9. The right to which the Court was referring was the "right to use personal funds for campaign speech." *Id.* at *10. Thus, according to the Court, the amendment "requires a candidate to choose between the First Amendment right to engage in unfettered political speech and subjection to discriminatory fundraising limitations." *Id.* at *9. Similarly, Plaintiffs have argued in their preliminary injunction briefs that each of them has the First Amendment right to spend their own funds on core political speech in the form of independent expenditures. Like the Millionaire's Amendment at issue in *Davis*, the contribution limits force the Plaintiffs to choose between vigorously exercising their rights to spend what they want on political speech and vigorously exercising their right to associate with others, pool their funds, and speak as a group. *See* Pls.' Mem. Supp. Prelim. Inj. 24; Pls.' Reply Supp. Prelim. Inj. 18. If they spend—and thus speak—alone, they are not subject to the contribution limits; if they pool their funds and associate with others in order to amplify their voices, they are. *See* Def.'s Mem. Opp'n Prelim. Inj. 34-35; Pls.' Reply Supp. Prelim. Inj. 8-9.

Second, the Court held in *Davis* that because the Millionaire's Amendment "imposes a substantial burden on the exercise of the First Amendment right to use personal funds for campaign speech, that provision cannot stand unless it is 'justified by a compelling state interest.'" *Davis*, 2008 WL 2520527, at *10 (citations omitted). Plaintiffs have argued in their preliminary injunction briefs that the contribution limits impose a substantial burden on their First Amendment rights to use personal funds for political speech, and that the limits are therefore subject to strict scrutiny. *See* Pls.' Mem. Supp. Prelim. Inj. 12-18. Alternatively, Plaintiffs have argued that the contribution limits fail even intermediate scrutiny. The Supreme

Court addressed a similar point in *Davis* as well. *See Davis*, 2008 WL 2520527, at *10 n.7

(stating that "it is doubtful whether [the amendment] would survive" even "if it were

characterized as a limit on contributions rather than expenditures").

    Dated this 27th day of June, 2008.

                Respectfully submitted,

                /s/Steven M. Simpson
                Steven M. Simpson (DC Bar No. 462553)
                William H. Mellor (DC Bar No. 462072)
                Robert Gall (DC Bar No. 482476)
                Paul M. Sherman (DC Bar No. 978663)
                INSTITUTE FOR JUSTICE
                901 N. Glebe Road, Suite 900
                Arlington, VA 22203
                Tel: (703) 682-9320
                Fax: (703) 682-9321
                Email: ssimpson@ij.org

                Stephen M. Hoersting*
                Bradley A. Smith*
                CENTER FOR COMPETITIVE POLITICS
                124 W. Street South, Suite 201
                Alexandria, VA 22314
                Tel: (703) 894-6800
                Email: shoersting@campaignfreedom.org,
                BSmith@law.capital.edu

                *Attorneys for Plaintiffs*

                *Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th Day of June, 2008, a true and correct copy of the Plaintiffs' NOTICE OF SUPPLEMENTAL AUTHORITY was electronically filed using the court's ECF system and sent via the ECF electronic notification system to:

Robert W. Bonham, III
David B. Kolker
Steve N. Hajjar
FEDERAL ELECTION COMMISSION
999 E. Street, N.W.
Washington, DC  20463

And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Donald J. Simon
SONOSKY, CHAMBERS, SACHSE
ENDERSON & PERRY, LLP
1425 K Street, N.W.
Washington, DC  20005

Fred Wertheimer
DEMOCRACY 21
1875 I Street, N.W.
Suite 500
Washington, DC  20005

Counsel for *Amicus Curiae* Democracy 21

J. Gerald Hebert
Paul S. Ryan
THE CAMPAIGN LEGAL CENTER
1640 Rhode Island Ave., N.W.
Suite 650
Washington, DC  20036

Counsel for *Amicus Curiae* Campaign Legal Center


/s/ Steven M. Simpson