## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————— )
SPEECHNOW.ORG, )
DAVID KEATING, )
FRED M. YOUNG, JR., )
EDWARD H. CRANE, III, )
BRAD RUSSO, and )
SCOTT BURKHARDT )
 )
        **Plaintiffs,** )
 )
  **v.** )     **Civil Case No. 1:08-cv-00248 (JR)**
 )
FEDERAL ELECTION COMMISSION )
 )
        **Defendant.** )
————————————————————)

## MOTION TO CERTIFY
## QUESTIONS UNDER 2 U.S.C. § 437h

Plaintiffs David Keating, Fred Young, Ed Crane, Brad Russo, and Scott Burkhardt, by

their attorneys, respectfully move this Court, pursuant to 2 U.S.C. § 437h, to certify certain

constitutional questions to the United States Court of Appeals for the District of Columbia

Circuit, which shall hear the matter sitting en banc.  In support of this Motion, and as more fully

set forth in Plaintiffs' memorandum of law, Plaintiffs state the following:

      1.      Section 437h permits "any individual eligible to vote in an election for the office

of President" to institute actions in district court challenging any provisions of the Federal

Election Campaign Act, and it directs district courts in such cases to certify "all questions of

constitutionality of this Act to the United States court of appeals for the circuit involved, which

shall hear the matter sitting en banc."  2 U.S.C. § 437h.

2.        Plaintiffs David Keating, Fred Young, Ed Crane, Brad Russo, and Scott Burkhardt are asserting in this action as-applied constitutional challenges the contribution limits in 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3) and the administrative, organizational, and continuous reporting requirements that apply to political committees under 2 U.S.C. §§ 432, 433, and 434(a).  Plaintiffs contend that the contribution limits prevent them from pooling their funds and effectively advocating the election and/or defeat of candidates for federal office and that the requirements that apply to PACs are unduly burdensome and not narrowly tailored to serve a compelling state interest.  As a result, these provisions violate the First Amendment.

3.        Plaintiffs David Keating, Fred Young, Ed Crane, Brad Russo, and Scott Burkhardt are individuals who are eligible to vote in an election for the office of President and they present substantial questions concerning the constitutionality of various provisions of FECA.  Their claims therefore meet the requirements for certification under § 437h.

4.        In their Joint Scheduling Report, filed with the Court on June 6, 2008, the parties agreed to a bifurcated briefing schedule for the certification motion, with initial briefing now on the constitutional questions to be certified and briefing on proposed findings of fact to follow the close of discovery.  Accordingly, the Plaintiffs respectfully request that this Court enter an order designating the questions listed in section II of the accompanying memorandum of law as the questions to be certified to the D.C. Circuit under 2 U.S.C. § 437h pending findings of fact to be issued after the close of discovery.

Dated: June 27, 2008.

Respectfully submitted,

/s/ Steven M. Simpson
Steven M. Simpson (DC Bar No. 462553)
William H. Mellor (DC Bar No. 462072)
Robert Gall (DC Bar No. 482476)

Paul M. Sherman (DC Bar No. 978663)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
Fax: (703) 682-9321
Email: ssimpson@ij.org

Stephen M. Hoersting*
Bradley A. Smith*
CENTER FOR COMPETITIVE POLITICS
124 W. Street South, Suite 201
Alexandria, VA 22314
Tel: (703) 894-6800
Email: shoersting@campaignfreedom.org,
BSmith@law.capital.edu

*Attorneys for Plaintiffs*
*Admitted *Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th Day of June 2008, a true and correct copy of the

MOTION TO CERTIFY QUESTIONS UNDER 2 U.S.C. § 437h and attached

MEMORANDUM IN SUPPORT was filed electronically using the court's ECF system and sent

via the ECF electronic notification system to the following counsel of record:


Robert W. Bonham, III
David B. Kolker
Steve N. Hajjar
Kevin Deeley
FEDERAL ELECTION COMMISSION
999 E. Street, N.W.
Washington, DC  20463

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| SPEECHNOW.ORG, ) | |
| DAVID KEATING, ) | |
| FRED M. YOUNG, JR., ) | |
| EDWARD H. CRANE, III, ) | |
| BRAD RUSSO, and ) | |
| SCOTT BURKHARDT ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Case No. 1:08-cv-00248 (JR) |
| ) | |
| FEDERAL ELECTION COMMISSION ) | |
| ) | |
| Defendant. ) | |
| _____) | |

---

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO CERTIFY QUESTIONS UNDER 2 U.S.C. § 437h**

---

William H. Mellor (DC Bar No. 462072)
Steven M. Simpson (DC Bar No. 462553)
Robert Gall (DC Bar No. 482476)
Paul M. Sherman (DC Bar No. 978663)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9320

Stephen M. Hoersting*
Bradley A. Smith*
CENTER FOR COMPETITIVE POLITICS
124 W. Street South, Suite 201
Alexandria, VA 22314
Tel: (703) 894-6800

*Attorneys for Plaintiffs*
*Admitted *Pro Hac Vice*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. iii

INTRODUCTION.................................................................................................1

FACTUAL BACKGROUND ................................................................................2

    A.    Structure and Operations of SpeechNow.org..................................3

    B.    SpeechNow.org's Planned Political Advertisements ....................4

    C.    The Application of the Federal Election Campaign Act
        to SpeechNow.org...........................................................................5

    D.    SpeechNow.org's Advisory Opinion Request .................................8

ARGUMENT .......................................................................................................10

   I.    Procedures and Standards for Certification Under § 437h ...................10

   II.    Questions to be Certified ......................................................................11

   III.    The Constitutional Questions Raised In This Case Are Appropriate For
        Certification Under § 437h...............................................................13

    A.    Plaintiffs' Challenges to the Contribution Limits Raise Substantial
        Constitutional Questions ................................................................14

    B.    Plaintiffs' Challenges to the Administrative, Organizational, and
        Continuous Reporting Requirements Raise Substantial Constitutional
        Questions.........................................................................................16

    C.    The Individual Plaintiffs are Within the Class of Plaintiffs Who May
        Certify Questions Under §437h .....................................................18

CONCLUSION ...................................................................................................20

# TABLE OF AUTHORITIES

**<u>Cases</u>**                                                                                          **<u>Pages</u>**

*Athens Lumber Co., Inc. v. FEC*,
    689 F.2d 1006 (11th Cir. 1982) ............................................................. 12, 20

*Austin v. Michigan Chamber of Commerce*,
    494 U.S. 652 (1990)............................................................................ 16, 18

*Buckley v. Valeo*,
    519 F.2d 817 (D.C. Cir. 1975) ....................................................... 10, 14, 16

*California  Medical Assoc. v. FEC*,
    453 U.S. 182 (1981)........................................................................... 10, 14

*Chamber of Commerce v. FEC*,
    69 F.3d 600 (D.C. Cir. 1995) ..................................................................... 19

*Davis v. FEC*,
    No. 07-230, 2008 WL 2520527 (U.S. June 26, 2008) ............................. 15, 18

*FEC v. Colorado Republican Campaign Committee*
    533 U.S. 431 (2001)..................................................................................... 15

*FEC v. Mass. Citizens for Life*,
    479 U.S. 238 (1986).......................................................................... 16, 17, 18

*FEC v. National Conservative Political Action Comm.*,
    470 U.S. 480 (1985)..................................................................................... 14

*FEC v. Wisconsin Right to Life, Inc.*,
    127 S. Ct. 2652 (2007)........................................................................... 16, 18

*Goland v. United States*,
    903 F.2d 1247 (9th Cir. 1990) ................................................................... 10

*International Association of Machinists and Aerospace Workers v. FEC*,
    678 F.2d 1092 (D.C. Cir. 1982) .................................................................. 10

*Khachaturian v. FEC*,
    980 F.2d 330 (5th Cir. 1992) ..................................................................... 10

*McConnell v. FEC*,
    540 U.S. 93 (2003)....................................................................................... 14

*North Carolina Right to Life, Inc. v. Leake*,
    525 F.3d 274 (4th Cir. 2008) ................................................................... 15, 16

*Randall v. Sorrell*,
    548 U.S. 230 (2006) ........................................................................... 15

**Constitutional Provisions and Treatises**

First Amendment to the U.S. Constitution ........................................................ *passim*

**Codes, Rules and Statutes**

2 U.S.C. § 431 ...................................................................6, 7, 8, 9, 11, 13

2 U.S.C. § 432 ...................................................................8, 11, 12, 13, 17, 19

2 U.S.C. § 433 ...................................................................8, 11, 12, 13, 17, 19

2 U.S.C. § 434 ...................................................................8, 11, 12, 13, 16, 17, 19

2 U.S.C. § 437h ................................................................................. *passim*

2 U.S.C. § 441 ................................................................................. *passim*

26 U.S.C. § 527 ...................................................................................3

11 C.F.R. Part 109................................................................................4

11 C.F.R. § 112.4(a)..............................................................................8

**Other Publications**

District of Columbia Uniform Unincorporated Nonprofit Associations Act,
D.C. Code section 29-971.01 *et seq.*................................................................3

Federal Election Campaign Act .............................................................1, 5

Statement of Policy Regarding Treasurers Subject to Enforcement Proceedings,
70 Fed. Reg. 3 (Jan. 3, 2005) ...................................................................20

**INTRODUCTION**

In this action, Plaintiffs SpeechNow.org and several of its members and potential donors challenge the constitutionality of the Federal Election Campaign Act's contribution limits and its administrative, organizational, and continuous reporting requirements as they apply to individuals who wish to band together and pool their funds for the purpose of speaking out against politicians they oppose and in favor of those they support. SpeechNow.org is an unincorporated association whose mission is to engage in express advocacy in favor of candidates who support the First Amendment and against those who do not. The individual plaintiffs are several of SpeechNow.org's organizers, members, and potential donors who wish to operate SpeechNow.org, associate with one another and with others, and pool their funds to accomplish its mission. In short, Plaintiffs wish to exercise their First Amendment rights to associate and speak out about elections but are prevented from doing so by the laws they challenge. In this motion, Plaintiffs request that the Court designate certain constitutional questions in this case for certification to the Court of Appeals for the District of Columbia Circuit under 2 U.S.C. § 437h.

Section 437h directs district courts to certify "all questions of constitutionality of [FECA] to the United States court of appeals for the circuit involved, which shall hear the matter sitting en banc." 2 U.S.C. § 437h. Section 437h applies to three classes of plaintiffs: the FEC, national political party committees, and "any individual eligible to vote in an election for the office of President." *Id*. Although SpeechNow.org is not an "individual," the remaining plaintiffs are and David Keating, SpeechNow.org's president and treasurer, has a sufficiently concrete stake in the outcome of SpeechNow.org's claims to assert these claims in his own right. Accordingly, as set

forth in greater detail below, the individual plaintiffs raise constitutional questions that should be certified to the D.C. Circuit for en banc consideration under § 437h.

In their Joint Scheduling Report, filed with the Court on June 6, 2008, the parties agreed to a bifurcated briefing schedule for the certification motion, with initial briefing now on the constitutional questions to be certified and briefing on proposed findings of fact to follow the close of discovery. According to that schedule, Plaintiffs' motion and opening brief is due today, June 27, 2008; the FEC's response is due on July 18, 2008; and the Plaintiffs' reply is due on July 25, 2008. The parties will then file proposed findings of fact after discovery closes, with proposed findings due from both sides on October 3, 2008; responses due on October 24, 2008; and replies due on November 14, 2008. Unless the Court directs otherwise, Plaintiffs will follow this agreed-upon briefing schedule.

## FACTUAL BACKGROUND

Although the parties will submit proposed findings of fact following the close of discovery, for the Court's convenience Plaintiffs set forth the following summary of the relevant facts taken from Plaintiffs' Complaint[1] and their Motion for Preliminary Injunction.

Plaintiff David Keating created SpeechNow.org because he believes that the issue of free speech and the threats posed to it by campaign finance laws are vital to the future of the nation. Declaration of David Keating ¶ 3.[2] He wanted individuals who share this concern to be able pool their funds so they could speak out as loudly and effectively in favor of First Amendment rights as possible. *Id.* Because federal elections provide a rare opportunity both to impact public

---

[1] On June 20, 2008, Plaintiffs filed a motion for leave to file an amended complaint. The proposed amended complaint makes clear that David Keating has a sufficiently concrete stake in SpeechNow.org's claims in this action to assert them in his own right. Today, the FEC filed a response stating that they consent to the motion. However, because the Court has not yet ruled on the motion, throughout this brief Plaintiffs cite to both their Complaint and their proposed Amended Complaint where relevant.

[2] All cites to declarations and exhibits in this brief are to those filed along with Plaintiffs' motion for preliminary injunction.

policy—by affecting the political futures of the candidates who make it—and to influence public

debate, David believes that running advertisements calling for the election or defeat of

candidates based on their support for free speech and association is the most effective way for

private citizens to protect those rights.  *Id*.  In David's view, if an individual is permitted to

spend unlimited amounts of money advocating the election or defeat of candidates for office,

there is absolutely no reason why groups of individuals should be prevented from doing so.  He

created SpeechNow.org to give ordinary Americans the ability to band together to achieve these

purposes.

## A.  Structure and Operations of SpeechNow.org

SpeechNow.org is an unincorporated nonprofit association organized under the District

of Columbia Uniform Unincorporated Nonprofit Associations Act, D.C. Code section 29-971.01

*et seq*., and registered as a "political organization" under section 527 of the Internal Revenue

Code.  *See* Keating Decl., Ex. D.  SpeechNow.org was founded by individuals and will operate

solely on private donations from individuals.  *Id*., Ex. E, art. II.  It cannot accept, directly or

indirectly, any donations or anything of value from business corporations, labor organizations,

national banks, federal government contractors, foreign nationals, or political committees.  *Id*.,

art. X, § 1.  Nor can it engage in business activities or offer to any donors or members any

benefit that is a disincentive for them to disassociate themselves with SpeechNow.org on the

basis of the organization's position on a political issue.  *Id*., art. VI, §§ 6, 8.

SpeechNow.org is independent of any political candidates, committees, and parties, and

its by-laws require it to operate wholly independently of any of these entities.  *Id*., art. X, §§ 2-

10.  SpeechNow.org cannot make contributions or donations of any kind directly or indirectly to

any FEC-regulated candidate or political committee, and it cannot coordinate its activities, as

defined in 2 U.S.C. §§ 441a(a)(7)(B) & C and 11 C.F.R. Part 109, with any candidates, national, state, district or local political party committees, or their agents. *Id.*, art. VI § 10; art. X §§ 2-10.

SpeechNow.org will solicit donations from individuals for funds to cover operating expenses and to buy public, political advertising to promote the election or defeat of candidates based on their positions on free speech and associational rights. *See* Keating Decl. ¶ 10. SpeechNow.org's solicitations will inform potential donors that their donations may be used for political advertising that will advocate the election or defeat of candidates to federal office based on their support for First Amendment rights. *Id.* SpeechNow.org will also advise its donors that their donations are not tax deductible. *Id.* at ¶ 12. Some of SpeechNow.org's solicitations will refer to particular candidates for federal office by name. *Id.* at ¶ 10.

**B.    SpeechNow.org's Planned Political Advertisements**

SpeechNow.org plans to run advertisements on television and in other media during the 2008 election cycle and other future election cycles. *Id.* at ¶ 13. SpeechNow.org has prepared television scripts for four such advertisements. *Id.*, Ex. F. Two of the advertisements call for the defeat of Dan Burton, a Republican Congressman currently running for reelection in the fifth district of Indiana. *See id.*, Ex. F. SpeechNow.org intends to broadcast these advertisements in the fifth district of Indiana, where Representative Burton is running for office. *Id.* at ¶ 17. The other two advertisements call for the defeat of Mary Landrieu, a Democratic Senator currently running for reelection in Louisiana. *See id.*, Ex. F. SpeechNow.org intends to broadcast these advertisements in Louisiana, where Senator Landrieu is running for office. *Id.* at ¶ 17.

The production costs for these advertisements would be approximately $12,000. *Id.* at ¶¶ 18-19; Ex. G; Declaration of Ed Traz ¶¶ 3-5. Ideally, David Keating would like to be able to run the ads enough times so that the target audience could view the ads at least ten times, but that

would cost roughly $400,000.  A less expensive option is simply to run the ads fewer times.

Keating Decl. ¶¶ 18-19.  SpeechNow.org knows of at least four individuals who are willing,

ready, and able to donate funds that would allow it to produce and broadcast the ads enough

times to have an impact on the audience in the relevant markets.  *Id*.  David Keating is willing to

donate $5500.  *Id*. at ¶ 25.  Edward Crane is willing to donate $6,000.  Declaration of Edward

Crane ¶ 6.  Richard Marder is willing to donate $5,500.  Keating Decl. ¶ 25.  Fred M. Young is

willing to donate $110,000.  Declaration of Fred Young ¶ 5.

However, under the federal campaign finance laws, these individuals may not make their

donations and SpeechNow.org may not accept them because they are all over the limits

contained in 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3).  SpeechNow.org also knows of two

individuals who are willing to donate amounts under the contribution limits.  Plaintiffs Brad

Russo and Scott Burkhardt are each willing to donate $100 to SpeechNow.org.  Declaration of

Brad Russo ¶ 5; Declaration of Scott Burkhardt ¶ 5.  Even though Plaintiffs Russo and Burkhardt

could not themselves finance the production and broadcast of SpeechNow.org's ads, they wish to

associate with SpeechNow.org's other supporters in order to amplify their voices and reach an

audience far greater than they would be able to achieve without SpeechNow.org.  Russo Decl. ¶

3; Burkhardt Decl. ¶ 3.  However, because SpeechNow.org is unable to accept donations above

$5000, it cannot operate at all and thus cannot accept donations even below the contribution

limits.  Keating Decl. ¶ 33.

C.    **The Application of the Federal Election Campaign Act to SpeechNow.org**

Under the Federal Election Campaign Act (FECA), SpeechNow.org's expenditures for

advertisements would be "independent expenditures."  Independent expenditures are

expenditures by a person "expressly advocating the election or defeat of a clearly identified

candidate" that are "not made in concert or cooperation with or at the request or suggestion of such candidate, the candidate's authorized political committee, or their agents, or a political party committee or its agents."  2 U.S.C. § 431 (17).  SpeechNow.org will comply with all disclaimer and reporting obligations for those who make independent expenditures under the campaign finance laws.  For instance, under 2 U.S.C. § 441d(a), SpeechNow.org's advertisements and other communications will include its name, address and telephone number or World Wide Web address, along with a statement indicating that the communication was paid for by SpeechNow.org and was not authorized by any candidate or candidate's committee.  Under 2 U.S.C. § 441d(d)(2), SpeechNow.org's advertisements will include a statement indicating that SpeechNow.org is responsible for the content of the advertisement.  And, pursuant to 2 U.S.C. § 434(c), SpeechNow.org will file statements with the FEC reporting its donations and its donors' identities as well as its expenditures.  *See* Keating Decl., Ex. ¶¶ 22-24.

At the same time, however, if SpeechNow.org accepts any of the donations that Plaintiffs Keating, Crane, or Young are prepared to make or produces and broadcasts the advertisements for which it has scripts, SpeechNow.org will immediately become a "political committee"—or PAC—and will be subject to all regulations that apply to PACs, including limits on contributions.

A "political committee" is "any committee, club, association, or other group of persons which receives contributions aggregating in excess of $1,000 during a calendar year or which makes expenditures aggregating in excess of $1,000 during a calendar year."  2 U.S.C. § 431(4).  A "contribution" includes "any gift, subscription, loan, advance, or deposit of money or anything of value made by any person for the purpose of influencing any election for Federal Office."  *Id.* § 431(8).  "Expenditure" includes "any purchase, payment, distribution, loan, advance, deposit,

gift of money or anything of value, made by any person for the purpose of influencing any election for Federal office."  2 U.S.C. § 431(9).

Under these provisions, SpeechNow.org would become a political committee if it accepted any of the donations from Plaintiffs Keating, Crane, or Young because they would be made "for the purpose of influencing" a federal election.  *See* Keating Decl. ¶ 25; Crane Decl. ¶ 3; Young Decl. ¶ 2.  Likewise, if SpeechNow.org spent the money necessary to produce and broadcast the ads for which it has scripts, it would also become a political committee because those expenditures would be made "for the purpose of influencing" a federal election.  *See* Keating Decl. ¶ 31.

Political committees are subject to limits on the contributions they may accept.  Two limits in particular would apply to SpeechNow.org and its donors.  Under 2 U.S.C. § 441a(a)(1)(C), SpeechNow.org and its donors would be subject to annual contribution limits of $5000 from any one person; and under 2 U.S.C. § 441a(a)(3), supporters of SpeechNow.org would be subject to biennial aggregate limits of $42,700 for contributions to political committees and parties and $108,200 for all contributions to candidates, political committees and party committees.  Under these provisions, Plaintiffs Keating, Crane and Young cannot make the donations to SpeechNow.org that they are ready, willing, and able to make and SpeechNow.org cannot accept those donations.

In addition to being subject to contribution limits, political committees are subject to burdensome organizational, administrative, and reporting requirements.  These include, among other things, the obligation to file a statement of organization, appoint a treasurer, maintain records of all contributions and expenditures for three years, and file regular reports disclosing detailed information concerning the amounts of all contributions and expenditures, the identities

of all contributors, persons who make loans or give rebates or refunds to the committee, persons

who provide any dividend or interest to the committee, the identities of those to whom

expenditures are made, and the committees' operating expenses, among other information.  *See* 2

U.S.C. §§ 432, 433, and 434(a).

**D.      SpeechNow.org's Advisory Opinion Request**

On November 19, 2007, SpeechNow.org filed a request for an advisory opinion (AOR)

with the FEC pursuant to 2 U.S.C. § 437f.  The request presented, in essence, three questions:

(1) Must SpeechNow.org register as a political committee as defined in 2 U.S.C. § 431(4), and, if

so, when?  (2) Are donations to SpeechNow.org "contributions" (as defined in 2 U.S.C.

§ 431(8)) subject to the limits described in 2 U.S.C. § 441a(a)(1)(C)?  (3) Must an individual

donor to SpeechNow.org count his donations to SpeechNow.org among the contributions

applicable to his biennial aggregate contribution limit described in 2 U.S.C. § 441a(a)(3)?  *See*

Declaration of Steven M. Simpson, Ex. 1.

Under FEC rules, the Commission is required to issue a written advisory opinion within

sixty days of accepting a request.  11 C.F.R. § 112.4(a).  If it is unable to render an advisory

opinion within that time, the rules state that the FEC "shall issue a written response stating that

the Commission was unable to approve" the request by a required vote of four commissioners.

*Id*.  The FEC issued its response to SpeechNow.org's AOR on January 28, 2008.  Because the

FEC was at the time without a full complement of commissioners, it lacked a quorum and thus

could not issue an advisory opinion in response to SpeechNow.org's request.  Accordingly,

under FEC rules, SpeechNow.org's request was not approved.  *See* Simpson Decl., Ex. 2.

However, the general counsel's office of the FEC issued a draft advisory opinion in

response to SpeechNow.org's AOR.  *Id*., Ex. 3.  Consistent with the analysis, above, the draft

8

advisory opinion concluded that, among other things, the donations Plaintiffs Keating, Crane, and Young wish to make to SpeechNow.org would be "contributions" under 2 U.S.C. § 431(8); expenditures by SpeechNow.org on advertisements calling for the election or defeat of candidates for federal office would be "expenditures" under 2 U.S.C. § 431(9); SpeechNow.org has a "major purpose" of campaign activity; accepting the contributions noted above to fund its advertisements would make SpeechNow.org a "political committee" under § 431(4); as a political committee, SpeechNow.org would be subject to the contribution limits contained in 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3) and the registration, administrative and reporting requirements for political committees contained in 2 U.S.C. §§ 432, 433, and 434(a). *See* Simpson Decl., Ex. 3. In short, the draft advisory opinion concluded that the campaign finance laws prohibit SpeechNow.org from accepting donations that exceed the contribution limits in 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3) to fund its advertisements.

The draft advisory opinion was consistent with the FEC's position on other groups that make independent expenditures. The FEC has consistently required such groups both to register as political committees and to abide by contribution limits. *See* Simpson Decl., Exs. 4-9.

The application of the PAC requirements and contribution limits to SpeechNow.org places the organization and its supporters in an impossible position. If SpeechNow.org accepts the donations that Plaintiffs Crane, Young and Keating want to make, it immediately becomes a "political committee," making those donations illegal and subjecting both SpeechNow.org and those who make the donations to civil and criminal liability. If it does not accept those donations, SpeechNow.org cannot produce and broadcast its advertisements and fulfill its mission. *See* Keating Decl. ¶ 26. Moreover, if it does not accept donations above the contribution limits, SpeechNow.org will not only be unable to produce the ads it currently wants

to run, it will be prevented from obtaining the start-up funding necessary to begin operations and to allow it to raise additional funds to produce and broadcast additional advertisements. *See id*. at ¶ 27.

## ARGUMENT

**I.      Procedures and Standards for Certification Under § 437h.**

In the D.C. Circuit's opinion in *Buckley v. Valeo*, 519 F.2d 817 (D.C. Cir. 1975), the court established the procedures district courts should follow in cases brought under 2 U.S.C. § 437h. They amount, in essence, to: (1) identify the constitutional issues raised by the complaint; (2) take evidence; (3) make factual findings; and (4) certify constitutional questions to the D.C. Circuit. *Id*. at 818. While § 437h does not indicate when a constitutional question is substantial enough to merit certification, the Supreme Court has stated that the provision does not require certification of questions that are frivolous or purely hypothetical. *See Ca. Med. Ass'n v. FEC* (*CalMed*), 453 U.S. 182, 192 n. 14. Lower courts have interpreted this to mean that district courts should make a threshold inquiry to determine whether constitutional questions sought to be certified under § 437h are frivolous or already settled questions of law. *See, e.g.*, *Khachaturian v. FEC*, 980 F.2d 330, 331 (5th Cir. 1992); *Goland v. United States*, 903 F.2d 1247, 1257-58 (9th Cir. 1990). *See also Int'l Ass'n of Machinists and Aerospace Workers v. FEC*, 678 F.2d 1092, 1096 (D.C. Cir. 1982) (stating that the district court certified questions under § 437h after finding the claims "'neither frivolous nor so insubstantial as to warrant dismissal for failure to state a claim'").

As stated above, the parties are currently engaged in discovery and will submit proposed findings of fact after discovery is completed. In the following sections, Plaintiffs detail the

questions they believe should be certified and the reasons that these questions easily meet the standard for certification under § 437h.

## II.    Questions to be Certified.

Plaintiffs assert five claims in their Complaint, but those claims can be categorized according to two fundamental constitutional questions: (1) whether the contribution limits contained in 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3) violate the First Amendment as they apply to SpeechNow.org and its members and supporters; and (2) whether the administrative, organizational, and continuous reporting requirements of 2 U.S.C. §§ 432, 433, and 434(a) violate the First Amendment as they apply to SpeechNow.org and its members and supporters.

On the first of these questions, which covers counts one through three of Plaintiffs' Complaint, Plaintiffs contend that the contribution limits violate the First Amendment by preventing SpeechNow.org and its members and supporters from pooling the funds necessary to associate and speak effectively. SpeechNow.org and its supporters will raise and spend funds only for independent expenditures—that is, for advertisements that expressly advocate the election or defeat of candidates but are made and financed independently of any candidates. *See* 2 U.S.C. § 431(17). SpeechNow.org will make no contributions to candidates or coordinate with candidates or political party committees, and SpeechNow.org is not a corporation and will accept no corporate or union funds. As a result, SpeechNow.org and its members and supporters raise no concerns about corruption that would justify limiting the funds that the group may raise and its supporters may donate in order to fund their political speech activities. While SpeechNow.org is not an individual and thus may not assert claims under § 437h, David Keating, its president and treasurer, administers its daily affairs, is authorized to accept contributions and make expenditures for the group, and is legally liable under the campaign finance laws for any

violations it commits.  *See* 2 U.S.C. § 437g(d).  As a result, Mr. Keating can assert the same claims in this action as SpeechNow.org.  *See*, *e.g.*, *Athens Lumber Co., Inc. v. FEC*, 689 F.2d 1006, 1014 (11th Cir. 1982) (President of corporation had standing to raise corporate claims under § 437h because he was "subject to the same threat of criminal and civil penalties [as the corporation] and therefore has equal incentive to litigate all the issues raised in the complaint.").

On the second of these questions, which covers counts four and five of Plaintiffs' Complaint, Plaintiffs contend that the administrative, organizational, and continuous reporting requirements that apply to full-fledged PACs under 2 U.S.C. §§ 432, 433, and 434(a) violate the First Amendment as they apply to SpeechNow.org and its members and supporters—irrespective of SpeechNow.org's "major purpose"—because they are unduly burdensome and not narrowly tailored.  SpeechNow.org will—and, indeed, must—comply with the reporting and disclosure provisions of 2 U.S.C. § 434(c) that apply to anyone who makes independent expenditures under the campaign finance laws.  These disclosures will satisfy the government's legitimate interests in disclosure, and therefore the additional administrative, organizational, and continuous reporting requirements that apply to full-fledged PACs are unnecessary, unduly burdensome, and not narrowly tailored as they apply to SpeechNow.org.  Here again, although SpeechNow.org cannot assert claims under § 437h, David Keating can assert the same claims as SpeechNow.org because, as its president and treasurer, he is legally obligated to comply with the continuous reporting provisions that apply to SpeechNow.org and is legally liable for any violations.

Because the Plaintiffs' claims fall into two general categories, the questions to be certified could be reduced to fewer than the five claims that Plaintiffs have asserted in their Complaint.  However, for purposes of clarity, Plaintiffs have crafted the questions they believe

should be certified under § 437h consistent with their claims, and have included one question for

each claim in the Complaint.  They are as follows:

1.    Whether the contribution limits contained in 2 U.S.C. §§ 441a(a)(1)(C) and
441a(a)(3) violate the First Amendment by preventing David Keating,
SpeechNow.org's president and treasurer, from accepting contributions to
SpeechNow.org in excess of the limits contained in §§ 441a(a)(1)(C) and
441a(a)(3)?

2.    Whether the contribution limit contained in 2 U.S.C. § 441a(a)(1)(C) violates the
First Amendment by preventing the individual plaintiffs from making
contributions to SpeechNow.org in excess of $5000 per calendar year?

3.    Whether the biennial aggregate contribution limit contained in 2 U.S.C.
§ 441a(a)(3) violates the First Amendment by preventing Fred Young from
making contributions to SpeechNow.org that would exceed his individual biennial
aggregate limit?

4.    Whether the organizational, administrative, and continuous reporting
requirements contained in 2 U.S.C. §§ 432, 433, and 434(a) violate the First
Amendment by requiring David Keating, SpeechNow.org's president and
treasurer, to register SpeechNow.org as a political committee, to adopt the
organizational structure of a political committee, and to comply with the
continuous reporting requirements that apply to political committees?

5.    Whether 2 U.S.C. §§ 431(4) and 431(8) violate the First Amendment by requiring
David Keating, SpeechNow.org's president and treasurer, to register
SpeechNow.org as a political committee and comply with the organizational and
continuous reporting requirements for political committees before
SpeechNow.org has made any expenditures or broadcast any advertisements?

## III.    The Constitutional Questions Raised In This Case Are Appropriate For Certification Under § 437h.

The questions listed above easily meet the standards for certification under § 437h.  As

stated above, these questions raise two fundamental constitutional issues:  (1) whether

contribution limits can constitutionally be applied to individuals who wish to pool their funds

only to make independent expenditures, and who will not make contributions to candidates or

coordinate their activities with candidates or party committees; and (2) whether the

administrative, organizational, and continuous reporting requirements for PACs can

constitutionally be applied to those same individuals when they will otherwise report their

activities under the disclosure provisions for independent expenditures.  The Supreme Court has

not squarely addressed either of these questions, and there is ample existing precedent to support

Plaintiffs' positions.  As a result, the questions are clearly not frivolous and are thus subject to

certification under § 437h.

> **A.    Plaintiffs' Challenges to the Contribution Limits Raise Substantial Constitutional Questions.**

Plaintiffs' challenge to the contribution limits that apply to political committees can be

reduced to two fundamental propositions.  First, the independent expenditures that

SpeechNow.org will make—that is, expenditures for speech that are not coordinated with any

candidates or party committees—are core political speech that receive the highest protections

under the First Amendment.  *See Buckley v. Valeo*, 424 U.S. 1, 47-48 (1976); *FEC v. Nat'l*

*Conservative Political Action Comm.*, 470 U.S. 480, 493 (1985).  Second, neither

SpeechNow.org nor its members or supporters raise any concerns about corruption or its

appearance because they will make no contributions to candidates, they will not coordinate their

activities with candidates or party committees, and they will accept no corporate or union funds.

Plaintiffs will only spend their money on independent expenditures, and only to that extent will

they be entitled, if they prevail, to avoid the contribution limits contained in 2 U.S.C.

§§ 441a(a)(1)(C) and 441a(a)(3).  While the Supreme Court has recognized an interest in

preventing circumvention of existing contribution limits, it has applied that interest only to

uphold limits that apply to groups that either make direct contributions to candidates or are

composed of or closely connected to candidates and party committees.  *See CalMed*, 453 U.S. at

201 (upholding contribution limits to PACs that make *both* direct contributions to candidates and

independent expenditures); *McConnell v. FEC*, 540 U.S. 93, 142-61 (2003) (upholding limits on

soft-money contributions to political party committees that are comprised of officeholders); *FEC v. Colo. Republican Fed. Campaign Comm'n*, 533 U.S. 431, 465 (2001) (upholding limits on expenditures by political parties that are coordinated with candidates). The Court has never held that a group like SpeechNow.org that does not contribute to candidates, coordinate with them, or work closely with them raises concerns about corruption or circumvention that would justify limiting contributions to such groups. *See* Pls.' Reply Br. Supp. Prelim. Inj. 9-13. Thus, regardless of what level of scrutiny applies to limits on contributions to SpeechNow.org, the government simply has no legitimate constitutional interest in limiting those contributions. *See N.C. Right to Life, Inc. v. Leake*, 525 F.3d 274, 293 (4th Cir. 2008) (stating that "it is implausible that contributions to independent expenditure political committees are corrupting" (internal quotation marks omitted)). *See also Davis v. FEC*, No. 07-230, 2008 WL 2520527, at *10 14 n.7 (U.S. June 26, 2008) (stating that even if a provision of BCRA that raised contribution limits for opponents of self-funded candidates "were characterized as a limit on contributions rather than expenditures, it is doubtful whether it would survive"); *Randall v. Sorrell*, 548 U.S. 230, 248-53 (2006) (recognizing corruption as the only interest that can support contribution limits and striking down limits under intermediate scrutiny as broader than necessary to achieve that interest).

While there is certainly more to this argument—as Plaintiffs showed in their briefs in support of their motion for preliminary injunction—these two fundamental points are more than enough to demonstrate that Plaintiffs' challenges to the contribution limits that apply to them are not frivolous or otherwise settled questions and thus that they easily meet the standard for certification under §437h. Indeed, the Fourth Circuit recently held that a state law limiting contributions to an independent expenditure committee—a group that pooled supporters' funds

in order to spend them on speech expressly advocating the election or defeat of candidates—

violated the First Amendment on the same grounds on which SpeechNow.org challenges similar

federal limits. *See Leake*, 525 F.3d at 293. The court concluded that the contribution limits

inhibited the group's ability to make independent expenditures and was not justified by any

legitimate interest in preventing corruption or circumvention of existing contribution limits. *Id*.

Thus, according to the court, the contribution limits could not be justified even under the lesser

standard of scrutiny the Supreme Court has applied to contribution limits. *Id*. Accordingly,

Plaintiffs' challenges to the contribution limits that apply to funds donated to SpeechNow.org

plainly raise substantial constitutional questions that are appropriate for certification under

§ 437h.

> **B.      Plaintiffs' Challenges to the Administrative, Organizational, and Continuous Reporting Requirements Raise Substantial Constitutional Questions.**

Plaintiffs' challenges to the administrative, organizational, and continuous reporting

requirements that apply to full-fledged PACs can also be reduced to a few simple propositions.

First, the Supreme Court has recognized in several cases that the same requirements Plaintiffs are

challenging here impose significant burdens on small groups and must be narrowly tailored to

serve a compelling state interest. *See FEC v. Wisc. Right to Life, Inc.*, 127 S. Ct. 2652, 2671 n.9

(2007) (stating that "PACs impose well-documented and onerous burdens, particularly on small

nonprofits") (plurality opinion); *Austin v. Mich. Chamber of Commerce*, 494 U.S. 652, 658

(1990) (stating that PAC requirements "burden expressive activity" and "must be justified by a

compelling state interest"); *FEC v. Mass. Citizens for Life* (*MCFL*)*,* 479 U.S. 238, 253-56 (1986)

(same) (plurality opinion). Second, the Court has held that disclosure requirements that apply to

PACs further two governmental interests:  preventing corruption or its appearance and

"provid[ing] the electorate with information." *Buckley*, at 66-68. The interest in preventing

corruption is inapplicable to Plaintiffs regardless of SpeechNow.org's "major purpose," because Plaintiffs' proposed activities would pose no threat of corruption.  And FECA already provides a narrowly-tailored alternative to the requirements that apply to full-fledged PACs—the reporting requirements contained in 2 U.S.C. § 434(c) that apply to those who make independent expenditures—that will apply to SpeechNow.org and will satisfy the legitimate interest in providing the electorate with information.  *See MCFL*, 479 U.S. at 262 (holding that independent-expenditure reporting under 2 U.S.C. § 434(c) "provide[s] precisely the information necessary to monitor MCFL's independent spending activity and its receipt of contributions.").

To be clear, Plaintiffs are not arguing in this case that they should be free of all disclosure obligations.  Plaintiffs are arguing that they cannot constitutionally be required to register as a political committee and comply with the administrative, organizational, and continuous reporting obligations for political committees under 2 U.S.C. §§ 432, 433, and 434(a) simply because they will make, and their "major purpose" is to make, independent expenditures for advertisements that will expressly advocate the election or defeat of candidates.  Even if Plaintiffs prevail in this case, SpeechNow.org will still be required to comply with the same disclosure provisions that apply to anyone who makes independent expenditures.  The reports SpeechNow.org will have to file will include the identities of those who contribute more than $200 to any independent expenditures that SpeechNow.org makes, along with dates and contribution amounts, *see* 2 U.S.C. § 434(c)(2)(C); the identities of those to whom expenditures of more than $200 are made along with dates and expenditure amounts, *see id.* at § 434(c)(1); the identity of any candidate who is the subject of the independent expenditure and whether the expenditure supports or opposes that candidate, *see id.* at § 434(c)(2)(A); and a certification that the independent expenditure is not made in cooperation, consultation, or concert, with, or at the request or

suggestion of, any candidate or any authorized committee or agent of such candidate, *see id.* at §434(c)(2)(B).

Plaintiffs' position clearly raises substantial, non-frivolous constitutional questions appropriate for certification under § 437h.  In *MCFL*, a plurality of the Supreme Court concluded that the administrative, organizational, and continuous reporting obligations that applied to corporate PACs would require "very significant efforts" to comply with and constituted "substantial" restrictions on speech that "may create a disincentive for [voluntary political] organizations to engage in political speech."  *See* 479 U.S. at 252-54.  These requirements led the plurality in *MCFL* to conclude that "it would not be surprising if at least some groups decided that the contemplated activity was simply not worth it."  *Id.* at 254-55.  The Court has cited *MCFL* several times for the proposition that the requirements for PACs impose significant burdens on speech.  *See, e.g., Wisc. Right to Life, Inc.*, 127 S. Ct. at 2671 n.9 (plurality opinion); *Austin*, 494 U.S. at 658.  Just this week, the Supreme Court reiterated that disclosure laws can impose serious burdens on speakers and therefore "the government interest must survive exacting scrutiny."  *See Davis*, 2008 WL 2520527, at *12.

Accordingly, Plaintiffs' challenge to the requirements that apply to full-fledged PACs in 2 U.S.C. §§ 432, 433, and 434(a) and to the requirement that SpeechNow.org register as a PAC prior to making any expenditures presents substantial constitutional questions that are appropriate for certification under § 437h.

### C.    The Individual Plaintiffs are Within the Class of Plaintiffs Who May Have Questions Certified Under § 437h.

Section 437h applies to claims brought by "any individual eligible to vote in any election for the office of President."  Each of the individual plaintiffs in this case satisfies this requirement and is thus eligible to assert claims under § 437h.  *See* Complaint ¶¶ 8-12; Amended

Complaint ¶¶ 8-12; Decl. of Edward H. Crane, III ¶ 1; Decl. of David Keating ¶ 1; Decl. of Fred

M. Young, Jr. ¶ 1; Decl. of Scott Burkhardt ¶ 1; Decl. of Brad Russo ¶ 1.  Moreover, all of their

claims present ripe disputes that are appropriate for certification.  The FEC has issued a draft

advisory opinion making clear that SpeechNow.org meets the definition of "political committee"

under the Act and that it and its potential donors are subject to the Act's contribution limits and

the administrative, organizational, and disclosure requirements that apply to PACs.  *See* Simpson

Decl., Ex. 1.  In its Answer, the FEC admitted that the individual plaintiffs would be subject to

prosecution if they made donations to SpeechNow.org in excess of the limits in 2 U.S.C.

§§ 441a(a)(1)(C) or 441a(a)(3), and that SpeechNow.org would be subject to prosecution if it

accepted such donations or failed to comply with the requirements that apply to PACs under 2

U.S.C. §§ 432, 433, or 434(a).  *See* Def.'s Answer ¶¶ 76-78.  The Plaintiffs thus face a credible

threat of prosecution that would be more than enough to establish standing to assert their

constitutional challenges.  *See, e.g.*, *Chamber of Commerce v. FEC*, 69 F.3d 600, 603-04 (D.C.

Cir. 1995) (stating that a party raising First Amendment claims has standing to bring a pre-

enforcement challenge "if First Amendment rights are arguably chilled, so long as there is a

credible threat of prosecution").

While SpeechNow.org itself is not an "individual," David Keating, its president and

treasurer, has a sufficiently concrete stake in SpeechNow.org's claims to allow him to assert

those claims in his own right under § 437h.  Mr. Keating has primary administrative

responsibilities at SpeechNow.org, he was instrumental in creating the scripts for the ads it

intends to broadcast, and he is authorized to accept contributions and make expenditures.  *See*

Complaint ¶ 8; Amended Complaint ¶¶ 8, 20; Keating Decl. ¶ 4.  Moreover, under the Act and

the FEC's policies, Mr. Keating, as SpeechNow.org's treasurer, is liable for any violations

SpeechNow.org might commit. *See* 2 U.S.C. 437g(d) (extending criminal liability to "*Any*

*person* who knowingly and willfully commits a violation of any provision of [FECA] which

involves the making, receiving, or reporting of any contribution, donation or expenditure")

(emphasis added); *see also* Statement of Policy Regarding Treasurers Subject to Enforcement

Proceedings, 70 Fed. Reg. 3, 6 (Jan. 3, 2005) (stating that a political committees' treasurer is

liable in his official capacity for the committees' violations and can be held liable in his personal

capacity where information indicates that he knowingly and willfully violated the Act or

regulations). Mr. Keating can therefore assert SpeechNow.org's claims under 437h. *See*

*CalMed*, 453 U.S. at 188 n.6 (stating that individual members and officers of the plaintiff

political committees "have a sufficiently concrete stake in this controversy to establish standing

to raise the constitutional claims at issue"); *Athens Lumber Co., Inc. v. FEC*, 689 F.2d 1006,

1014 (11th Cir. 1982) (President of corporation had standing to raise corporate claims under

§ 437h because he was "subject to the same threat of criminal and civil penalties [as the

corporation] and therefore has equal incentive to litigate all the issues raised in the complaint.").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an order

designating the questions listed in section II, above, as the questions to be certified to the D.C.

Circuit under 2 U.S.C. § 437h pending findings of fact to be issued after the close of discovery.

Dated: June 27, 2008

Respectfully submitted,

/s/ Steven M. Simpson
Steven M. Simpson (DC Bar No. 462553)

William H. Mellor (DC Bar No. 462072)
Robert Gall (DC Bar No. 482476)
Paul M. Sherman (DC Bar No. 978663)

INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
Email: wmellor@ij.org, ssimpson@ij.org,
bgall@ij.org, psherman@ij.org

Stephen M. Hoersting*
Bradley A. Smith*
CENTER FOR COMPETITIVE POLITICS
124 W. Street South, Suite 201
Alexandria, VA 22314
Tel: (703) 894-6800
Email: shoersting@campaignfreedom.org,
BSmith@law.capital.edu

*Attorneys for Plaintiffs*

* Admitted *Pro Hac Vice*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
SPEECHNOW.ORG,                          )
DAVID KEATING,                          )
FRED M. YOUNG, JR.,                     )
EDWARD H. CRANE, III,                   )
BRAD RUSSO, and                         )
SCOTT BURKHARDT                         )
                                        )
            Plaintiffs,                 )
                                        )
      v.                                )        Civil Case No. 1:08-cv-00248 (JR)
                                        )
FEDERAL ELECTION COMMISSION             )
                                        )
            Defendant.                  )
_____)


**ORDER GRANTING PLAINTIFFS' MOTION TO CERTIFY**
**QUESTIONS UNDER 2 U.S.C. § 437h**

        This matter comes before the Court on plaintiffs' motion for certification under 2 U.S.C.

§ 437h.  It is hereby ORDERED that the following questions will be certified to the United

States Court of Appeals for the District of Columbia Circuit pursuant to § 437h pending findings

of fact, which the Court will issue after the close of discovery in this action:

> 1.    Whether the contribution limits contained in 2 U.S.C. §§ 441a(a)(1)(C) and
>       441a(a)(3) violate the First Amendment by preventing David Keating,
>       SpeechNow.org's president and treasurer, from accepting contributions to
>       SpeechNow.org in excess of the limits contained in §§ 441a(a)(1)(C) and
>       441a(a)(3)?
>
> 2.    Whether the contribution limit contained in 2 U.S.C. § 441a(a)(1)(C) violates the
>       First Amendment by preventing the individual plaintiffs from making
>       contributions to SpeechNow.org in excess of $5000 per calendar year?

3.      Whether the biennial aggregate contribution limit contained in 2 U.S.C. § 441a(a)(3) violates the First Amendment by preventing Fred Young from making contributions to SpeechNow.org that would exceed his individual biennial aggregate limit?

4.      Whether the organizational, administrative, and continuous reporting requirements contained in 2 U.S.C. §§ 432, 433, and 434(a) violate the First Amendment by requiring David Keating, SpeechNow.org's president and treasurer, to register SpeechNow.org as a political committee, to adopt the organizational structure of a political committee, and to comply with the continuous reporting requirements that apply to political committees?

5.      Whether 2 U.S.C. §§ 431(4) and 431(8) violate the First Amendment by requiring David Keating, SpeechNow.org's president and treasurer, to register SpeechNow.org as a political committee and comply with the organizational and continuous reporting requirements for political committees before SpeechNow.org has made any expenditures or broadcast any advertisements?

SO ORDERED this _____ day of _____, 2008.


_____
United States District Judge