## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————— )
SPEECHNOW.ORG,                          )
DAVID KEATING,                          )
FRED M. YOUNG, JR.,                     )
EDWARD H. CRANE, III,                   )
BRAD RUSSO, and                         )
SCOTT BURKHARDT                         )
                                        )
               Plaintiffs,              )
                                        )
        v.                              )          **Civil Case No. 1:08-cv-00248 (JR)**
                                        )
FEDERAL ELECTION COMMISSION             )
                                        )
               Defendant.               )
————————————————————)

---

## PLAINTIFFS' MOTION TO RECONSIDER ORDER
## DENYING CERTIFICATION UNDER 2 U.S.C. § 437h

---

Plaintiffs David Keating, Fred Young, Ed Crane, Brad Russo, and Scott Burkhardt, by

their attorneys, respectfully move this Court, pursuant to Fed. R. Civ. P. 54(b), to reconsider its

order of July 1, 2008 denying their motion for certification under 2 U.S.C. § 437h.  In support of

this motion, and as more fully set forth in Plaintiffs' memorandum of law, Plaintiffs state the

following:

1.      In its order denying Plaintiffs' motion for preliminary injunction, the Court also

denied Plaintiffs' motion to certify certain questions to the D.C. Circuit under 2 U.S.C. § 437h.

The Court stated that "[b]ecause the denial of a preliminary injunction is appealable as of right

under 28 U.S.C. § 1292(a)(1) . . . plaintiffs' certification motion will also be denied.  Plaintiffs

should take up their request for *en banc* hearing directly with the Court of Appeals."
Memorandum Order of July 1, 2008.

       2.       However, it is not possible for Plaintiffs to take up the issue of certification under

§ 437h directly with the Court of Appeals, either in an appeal of this Court's order denying their

motion for preliminary injunction or in a separate interlocutory appeal.  Certification under

§ 437h is not an issue that Plaintiffs may appeal as of right under 28 U.S.C. § 1292(a), and

§ 437h does not permit Plaintiffs to raise the issue of certification with the Court of Appeals in

the first instance.  Moreover, Plaintiffs cannot separately appeal the denial of their motion for

certification unless this Court first finds that such an appeal is warranted under 28 U.S.C.

§ 1292(b) and states as much, in writing, in an order.  For that to happen, the Court would have

to clarify that it has concluded Plaintiffs are not entitled to certification under § 437h, because

either their claims are frivolous or otherwise subject to dismissal or they lack standing to assert

claims under § 437h, which are the only grounds on which certification can be denied.  It is not

clear from the Court's order of July 1st whether the Court has so concluded or whether the Court

simply believes that it would be more efficient for Plaintiffs to raise the issue of certification

with the Court of Appeals in the first instance.  As stated above, however, Plaintiffs cannot raise

the issue of certification directly with the Court of Appeals.

       3.       Plaintiffs believe that the most efficient approach in this case would be for the

Court to certify questions to the Court of Appeals under § 437h as soon as possible.  While the

parties, in their Joint Scheduling Report, recommended that the Court certify questions under

§ 437h in November, after they conduct discovery, in light of the Court's approach to the

constitutional questions in this case in its order denying their motion for preliminary injunction,

the most efficient approach would be for the Court to certify questions under § 437h as soon as

possible.  The Court treated Plaintiffs' challenge to the contribution limits in this case as a matter

of law that can be resolved on the facts submitted in connection with Plaintiffs' motion for

preliminary injunction.  Plaintiffs' challenge to the administrative, organizational, and

continuous disclosure requirements for PACs can be resolved on the same basis.  No more

discovery is necessary to resolve the constitutional questions in this case, so certification should

occur as soon as possible.

      4.     Accordingly, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure,

which permits courts to revise interlocutory orders at any time prior to entry of judgment,

Plaintiffs respectfully request that the Court reconsider its order denying their motion for

certification and take one of the following steps:  (1) Vacate the denial of Plaintiffs' motion for

certification and certify questions under § 437h as soon as possible, rather than waiting for the

parties to conduct discovery.  Under this option, the Court could reinstate the Plaintiffs' motion

for certification and allow the parties to finish briefing the issues to be certified and to submit

proposed findings of fact, which would be drawn from the facts submitted along with the

preliminary injunction briefs and the Court's order.  (2) Vacate the denial of Plaintiffs' motion

for certification and set a new schedule for briefing the issues to be certified and the proposed

findings of fact that is consistent with the schedule to which the parties' agreed in their Joint

Scheduling Report.  (3) Issue an order clarifying that Plaintiffs are not entitled to certification

under § 437h and stating that the requirements of 28 U.S.C. § 1292(b) have been met so

Plaintiffs may appeal the issue of certification under § 437h on an interlocutory basis.

      5.     Pursuant to Local Civil Rule 7(m), counsel for Plaintiffs has conferred with

counsel for the FEC regarding this motion.  The FEC's response is as follows:  The Commission

opposes plaintiffs' motion for reconsideration because — contrary to prevailing law and the

position plaintiffs agreed to in the parties' negotiated Joint Scheduling Report — the motion

seeks 437h certification before time is allowed for development of a factual record. The

Commission does not oppose reconsideration of the Court's order if further briefing by the

Commission on the questions appropriate for 437h certification is permitted and certification of

the case follows full record development and fact finding by this Court. The Commission will

set forth its position on the questions appropriate for 437h certification in greater detail when it

responds to plaintiffs' motion for reconsideration.

Dated: July 9, 2008.

Respectfully submitted,

/s/ Steven M. Simpson
Steven M. Simpson (DC Bar No. 462553)
William H. Mellor (DC Bar No. 462072)
Robert Gall (DC Bar No. 482476)
Paul M. Sherman (DC Bar No. 978663)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
Fax: (703) 682-9321
Email: ssimpson@ij.org

Stephen M. Hoersting*
Bradley A. Smith*
CENTER FOR COMPETITIVE POLITICS
124 W. Street South, Suite 201
Alexandria, VA 22314
Tel: (703) 894-6800
Email: shoersting@campaignfreedom.org,
BSmith@law.capital.edu

*Attorneys for Plaintiffs*
*Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th Day of July 2008, a true and correct copy of
PLAINTIFFS' MOTION TO RECONSIDER ORDER DENYING CERTIFICATION UNDER 2
U.S.C. § 437h and the attached MEMORANDUM OF LAW in support was filed electronically
using the court's ECF system and sent via the ECF electronic notification system to the
following counsel of record:

Robert W. Bonham, III
David B. Kolker
Steve N. Hajjar
Kevin Deeley
FEDERAL ELECTION COMMISSION
999 E. Street, N.W.
Washington, DC  20463

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

————————————————————   )
                        )
SPEECHNOW.ORG,          )
DAVID KEATING,          )
FRED M. YOUNG, JR.,     )
EDWARD H. CRANE, III,   )
BRAD RUSSO, and         )
SCOTT BURKHARDT         )
                        )
            Plaintiffs, )
                        )
     v.                 )          Civil Case No. 1:08-cv-00248 (JR)
                        )
FEDERAL ELECTION COMMISSION )
                        )
            Defendant.  )
————————————————————   )

**PLAINTIFFS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION FOR RECONSIDERATION**

William H. Mellor (DC Bar No. 462072)
Steven M. Simpson (DC Bar No. 462553)
Robert Gall (DC Bar No. 482476)
Paul M. Sherman (DC Bar No. 978663)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9320

Stephen M. Hoersting*
Bradley A. Smith*
CENTER FOR COMPETITIVE POLITICS
124 W. Street South, Suite 201
Alexandria, VA 22314
Tel: (703) 894-6800

*Attorneys for Plaintiffs*
*Admitted *Pro Hac Vice*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................ iii

INTRODUCTION ......................................................................................................... 1

ARGUMENT .............................................................................................................. 3

I.     Plaintiffs Cannot Take Up The Issue Of Certification Directly
With The Court Of Appeals .............................................................................. 4

II.    Immediate Certification Under § 437h Would Be Both Appropriate
And Efficient ................................................................................................... 5

III.   If The Court Concludes That Immediate Certification Is Not
Appropriate, It Should Set A Briefing Schedule For Certification That Is
Consistent With The Schedule To Which The Parties Agreed In The Joint
Scheduling Report ........................................................................................... 9

IV.   If The Court Concludes That Plaintiffs Are Not Entitled To Certification
Under § 437h, It Should Issue An Order So Stating And Allowing Plaintiffs
To File An Immediate Interlocutory Appeal Under 28 U.S.C. § 1292(b) ............. 10

CONCLUSION ........................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**                                                                                      **Pages**

*Austin v. Michigan Chamber of Commerce*,
    494 U.S. 652 (1990)..................................................................................... 8

*Bread Political Action Committee v. FEC*,
    455 U.S. 577 (1982).................................................................................7, 11

*Bread Political Action Committee v. FEC*,
    591 F.2d 29 (7th Cir. 1979) ...................................................................... 10

*Buckley v. Valeo*,
    519 F.2d 817 (D.C. Cir. 1975) .......................................................... 4, 6, 8, 10

*California Medical Assoc. v. FEC*,
    453 U.S. 182 (1981)..................................................................................... 4, 5

*FEC v. Massachusetts Citizens for Life*,
    479 U.S. 238 (1986)...................................................................................... 8

*FEC v. Wisconsin Right to Life, Inc.*,
    127 S. Ct. 2652 (2007)................................................................................. 8

*Goland v. United States*,
    903 F.2d 1247 (9th Cir. 1990) ..................................................................... 5

*International Association of Machinists and Aerospace Workers v. FEC*,
    678 F.2d 1092 (D.C. Cir. 1982) ................................................................... 7

*Khachaturian v. FEC*,
    980 F.2d 330 (5th Cir. 1992) ....................................................................... 5

*Langevine v. District of Columbia*,
    106 F.3d 1018 (D.C. Cir. 1997) ................................................................... 3

*Mariani v. United States*,
    80 F.Supp. 2d 352 (M.D. Penn. 1999) ........................................................ 7

**Codes, Rules and Statutes**

2 U.S.C. § 431 ..................................................................................................7

2 U.S.C. § 437h...............................................................................1, 3, 4, 6, 9

28 U.S.C. § 1292.......................................................................................................1, 3, 4, 5, 10, 11

Fed. R. Civ. Pro. 54(b).........................................................................................................3

## INTRODUCTION

In its order of July 1, 2008 denying Plaintiffs' motion for preliminary injunction, the Court also denied Plaintiffs' motion to certify certain questions to the D.C. Circuit under 2 U.S.C. § 437h. The Court stated that "[b]ecause the denial of a preliminary injunction is appealable as of right under 28 U.S.C. § 1292(a)(1) . . . plaintiffs' certification motion will also be denied. Plaintiffs should take up their request for *en banc* hearing directly with the Court of Appeals." Memorandum Order of July 1, 2008. However, without further action by this Court, it is not possible for Plaintiffs to take up the issue of certification with the Court of Appeals, either in an appeal of the order denying their motion for preliminary injunction or in a separate appeal. This is so for three reasons.

First, certification under § 437h is not an issue that Plaintiffs may appeal as of right under 28 U.S.C. § 1292(a). Second, § 437h does not permit Plaintiffs to raise the issue of certification with the Court of Appeals in the first instance, so Plaintiffs cannot take up the issue with the Court of Appeals when they appeal the denial of their motion for preliminary injunction. Third, Plaintiffs cannot separately appeal the denial of their motion for certification unless this Court first finds that such an appeal is warranted under 28 U.S.C. § 1292(b) and states as much, in writing, in an order. *See* 28 U.S.C. § 1292(b). In this connection, it is not entirely clear whether the Court has concluded that Plaintiffs are not entitled to certification under § 437h or whether the Court simply believed that it would be more efficient for the Plaintiffs to raise the issue with the Court of Appeals in the first instance in an appeal of the order denying the motion for preliminary injunction. As stated above, Plaintiffs cannot raise the issue of certification in the first instance directly with the Court of Appeals. Moreover, constitutional questions presented by individuals who otherwise meet the requirements of § 437h must be certified unless those

questions are frivolous or otherwise subject to dismissal.  The Court did not so conclude, nor did

it decide that the individual Plaintiffs lack standing to assert claims under § 437h, so the status of

the certification issue in this Court is unclear.

In short, while Plaintiffs will appeal this Court's order denying their motion for

preliminary injunction, they cannot take up the issue of certification directly with the Court of

Appeals.  For the issue to be taken up in the Court of Appeals, this Court must either certify

questions under § 437h or decide that Plaintiffs are not entitled to certification and enter an order

allowing Plaintiffs to appeal the issue on an interlocutory basis.  In their Scheduling Report, the

parties recommended that the Court certify questions under § 437h in November, after they

conducted discovery.  *See* Joint Scheduling Report at 2.  However, in light of the Court's order

denying their motion for preliminary injunction, Plaintiffs believe that the most efficient

approach would be for the Court to certify questions under § 437h as soon as possible, rather

than waiting for discovery to be completed.  In its order, the Court approached the

constitutionality of the contribution limits that apply to Plaintiffs as a straightforward matter of

law.  The Court relied on certain legislative facts and the facts that formed the basis of the FEC's

draft advisory opinion—facts stated in the Plaintiffs' declarations, the scripts for the ads they

would like to broadcast, and SpeechNow.org's organizational documents—that are not

substantially in dispute.  Plaintiffs' challenge to the administrative, organizational, and

continuous disclosure requirements for PACs can be resolved on the same basis.  Thus, the

Plaintiffs' claims can be decided on the basis of the record as it now exists without the need for

further discovery.  This approach would fulfill the purpose of § 437h, it would comply with the

procedures outlined by the D.C. Circuit for certification under § 437h, and it would promote

judicial economy, given that Plaintiffs' appeal of the order denying their motion for preliminary injunction will be before the Court of Appeals anyway.

Accordingly, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request that the Court reconsider its order denying their motion for certification and take one of the following steps:  (1) Vacate the denial of Plaintiffs' motion for certification and certify questions under § 437h as soon as possible, rather than waiting for the parties to conduct discovery.  Under this option, the Court could reinstate the Plaintiffs' motion for certification and allow the parties to finish briefing the issues to be certified and to submit proposed findings of fact, which would be drawn from the facts submitted along with the preliminary injunction briefs and the Court's July 1st order.  (2) Vacate the denial of Plaintiffs' motion for certification and set a new schedule for briefing the issues to be certified and the proposed findings of fact that is consistent with the schedule to which the parties' agreed in their Joint Scheduling Report. (3) Issue an order clarifying that Plaintiffs are not entitled to certification under § 437h and stating that the requirements of 28 U.S.C. § 1292(b) have been met so Plaintiffs may appeal the issue of certification under § 437h on an interlocutory basis.

## ARGUMENT

This Court can reconsider its denial of Plaintiffs' motion for certification under Fed. R. Civ. P. 54(b), which permits courts to revise interlocutory orders at any time prior to entry of judgment.  *See Langevine v. District of Columbia*, 106 F.3d 1018, 1023 (D.C. Cir. 1997) (stating that interlocutory orders "may always be reconsidered prior to final judgment").  Certification under § 437h is not discretionary and is necessary in this case to permit the Plaintiffs to obtain the quickest possible consideration of their First Amendment rights.  *See* 2 U.S.C. § 437h (stating that district courts "shall" certify questions when the requirements of § 437h are

otherwise met); *Cal. Med. Ass'n v. FEC* (*CalMed*), 453 U.S. 182, 188 (1981) (purpose of § 437h

is to promote expedited consideration of constitutional issues that arise under FECA).

Accordingly, this Court should reconsider its denial of Plaintiffs' motion for certification.

**I.      Plaintiffs Cannot Take Up The Issue Of Certification Directly With The Court Of Appeals.**

In its order, the Court advised Plaintiffs to take up the issue of certification directly with

the Court of Appeals when they appeal the denial of their motion for preliminary injunction.

Order of 7/1/08 at 28.  While Plaintiffs do intend to appeal the order denying their motion for

preliminary injunction, it is not possible for them to raise the issue of certification either in that

appeal or in a separate appeal at this time.

Plaintiffs cannot take up the issue of certification directly with the Court of Appeals in

the first instance.  Section 437h requires "district courts" to certify constitutional questions raised

by the appropriate plaintiffs, and the D.C. Circuit has made clear that district courts should take

certain steps prior to certification.  *See* 2 U.S.C. § 437h; *Buckley v. Valeo*, 519 F.2d 817, 818

(D.C. Cir. 1975).  Among those steps is making findings of fact and listing the particular

questions to be certified under § 437h.  *Id*.  Section 437h simply does not contemplate the issue

of certification being raised in the first instance directly with the court of appeals.

Nor can Plaintiffs raise the issue of certification in an appeal of the order denying their

motion for preliminary injunction, because certification is not among those issues that may be

appealed as of right on an interlocutory basis.  *See* 28 U.S.C. § 1292(a) (permitting interlocutory

appeals as of right only for orders involving injunctions, receiverships, or certain admiralty

issues).  Thus, to raise the issue of certification with the Court of Appeals now, Plaintiffs would

have to appeal it on an interlocutory basis, which would require this Court to state in writing that

the issue "involves a controlling question of law as to which there is substantial ground for

difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id*. § 1292(b).  However, because the Court did not state its reasons for denying the motion for certification, its order of July 2, 2008 does not constitute an order that would allow Plaintiffs to appeal the certification denial under § 1292(b).  *Id*. Indeed, Courts have made clear that the only appropriate grounds for denying certification under § 437h is that a party lacks standing or presents questions that are frivolous or otherwise subject to dismissal.  *See CalMed*, 453 U.S. at 192, n.14; *Khachaturian v. FEC*, 980 F.2d 330, 331 (5th Cir. 1992); *Goland v. United States*, 903 F.2d 1247, 1257-58 (9th Cir. 1990).  This Court did not deny Plaintiffs' motion for certification for any of these reasons, however.  Instead, it appears that the Court concluded that it would be more efficient or appropriate for Plaintiffs to raise certification directly with the Court of Appeals in the first instance as part of an appeal of the order denying Plaintiffs' motion for preliminary injunction.  *See* Order of 7/1/08 at 28.  That is not possible, however, for the reasons stated above.  Accordingly, Plaintiffs respectfully request that the Court grant their motion for reconsideration and either certify questions under § 437h now, allow the parties to conduct discovery and certify questions later, or deny Plaintiffs' motion and allow them to file an interlocutory appeal of the denial of certification under 28 U.S.C. § 1292(b).

## II.    Immediate Certification Under § 437h Would Be Both Appropriate And Efficient.

This case can be reduced to two straightforward questions of constitutional law.  First, whether the contribution limits contained in 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3) violate the First Amendment as they apply to groups, such as SpeechNow.org and its members and supporters, who will make only independent expenditures.  Second, whether the administrative, organizational, and continuous reporting requirements that apply to PACs under 2 U.S.C. §§ 432, 433, and 434(a) violate the First Amendment as they apply to groups, such as SpeechNow.org

and its members and supporters, that will make only independent expenditures. *See, e.g.*, Pls.'
Mem. Supp. Mot. Certify at 11-13. As the FEC's draft advisory opinion makes clear, there is no
dispute about the fact that these statutes apply to the Plaintiffs and why. *See* Declaration of
Steven M. Simpson, Ex. 3 (draft advisory opinion)[1]; FEC's Answer at ¶¶ 76-78. In its order
denying Plaintiffs' motion for preliminary injunction, this Court answered the first of these
questions on the basis of only the essential facts necessary to understand who the plaintiffs are,
what they and SpeechNow.org intend to do, and how SpeechNow.org will function. The second
of these questions can be answered on the same basis.

    While the Plaintiffs disagree with the Court's interpretation of precedent and its
conclusions, they believe that it was appropriate for the Court to treat the issue as a matter of law
that depends on little more than an understanding of how SpeechNow.org operates and what it
and its supporters intend to do. In short, the constitutional issues in this case can be resolved
without further factual development or discovery; they turn on the interpretation and application
of precedent, and require no more information about SpeechNow.org, how it functions or what it
intends to do than the information that is already before the Court. As a result, the most efficient
approach to this case would be to place the merits before the Court of Appeals as soon as
possible via certification under 2 U.S.C. § 437h. That approach would be both appropriate under
§ 437h and efficient.

    In *Buckley v. Valeo*, the D.C. Circuit established the procedures that district courts should
follow prior to certifying a case under § 437h. *See* 519 F.2d at 818. The court stated that district
courts should:

---

[1] The Simpson Declaration was filed with the Court along with Plaintiffs' motion for preliminary injunction.

1.    Identify constitutional issues in the complaint.

2.    Take whatever may be necessary in the form of evidence over and above submissions that may suitably be handled through judicial notice, as of legislative facts, supported by legislative history or works reasonably available, to the extent not controverted in material and substantial degree.

3.    Make findings of fact with reference to those issues.

4.    Certify to this court constitutional questions arising from 1, 2, and 3.

*Id*. Thus, while district courts must make findings of fact prior to certification, they have discretion to determine the scope of evidence from which those factual findings are drawn. *Cf. Bread Political Action Comm. v. FEC*, 455 U.S. 577, 580 (1982) (stating that "the District Court, as required by § 437h, first made findings of fact" prior to certification, but not indicating the scope of evidence from which those findings were drawn or whether discovery was necessary). Some courts certainly have permitted the parties to conduct discovery, *see, e.g.*, *Int'l Ass'n of Machinists and Aerospace Workers v. FEC*, 678 F.2d 1092, 1097 (D.C. Cir. 1982); *Mariani v. United States*, 80 F.Supp. 2d 352, 355 (M.D. Penn. 1999), but neither § 437h nor precedent in this circuit requires discovery to be conducted.

Additional discovery is not necessary for the Court of Appeals to decide Plaintiffs' challenges to the contribution limits. Plaintiffs' position is not that they are entitled to avoid contribution limits regardless of what they do. Plaintiffs' position is that they are constitutionally entitled to be free of contribution limits only to the extent that they make independent expenditures under 2 U.S.C. § 431(17) and follow the FEC's rules governing coordination. The statutory provisions and rules that govern independent expenditures exist and operate independently of Plaintiffs' actions and those of any other group. Discovery will not provide any additional information about those legal provisions that is not already known. Indeed, the Court's order denying Plaintiffs' motion for preliminary injunction treated Plaintiffs' challenge as a straightforward question of constitutional law, in that the Court concluded that the

7

contribution limits can be applied to Plaintiffs and other, similar, groups even if they follow the FEC's non-coordination rules and make only independent expenditures. *See* Order of 7/1/08 at 17-25. Plaintiffs obviously disagree with that conclusion, but the point is that the issue can be decided as a matter of law on the basis of facts that are already in the record.

The same is true of Plaintiffs' challenge to the administrative, organizational, and continuous reporting requirements that apply to full-fledged PACs under 2 U.S.C. §§ 432, 433, 434(a). The Supreme Court has recognized that these requirements impose significant burdens on small, voluntary associations like SpeechNow.org. *See FEC v. Wisc. Right to Life, Inc.*, 127 S. Ct. 2652, 2671 n.9 (2007) (stating that "PACs impose well-documented and onerous burdens, particularly on small nonprofits") (plurality opinion); *Austin v. Mich. Chamber of Commerce*, 494 U.S. 652, 658 (1990) (stating that PAC requirements "burden expressive activity" and "must be justified by a compelling state interest"); *FEC v. Mass. Citizens for Life* (*MCFL*)*,* 479 U.S. 238, 253-56 (1986) (same) (plurality opinion). FECA includes a more narrowly tailored alternative to the requirements for PACs in the disclosure and disclaimer provisions for those who make independent expenditures. *See* 2 U.S.C. §§ 434(c), 441d(a), and 441d(d)(2). The question to be decided is whether the PAC requirements violate the First Amendment as applied to groups like SpeechNow.org to the extent they only make independent expenditures that will be reported under the disclosure and disclaimer provisions that apply to independent expenditures. Again, to decide this question requires only the facts that are already in the record.

Certification now would also promote both the purposes of § 437h and judicial economy. Section 437h was designed to promote expedited consideration of constitutional questions that arise under FECA, *see Buckley*, 519 F.2d at 818-19, and that interest is all the more pressing given that the election in which Plaintiffs wish to broadcast their advertisements is approaching.

Moreover, Plaintiffs intend to appeal the Courts' order denying their motion for preliminary injunction, so a large part of this case will be before the Court of Appeals anyway. Certifying the case now would thus allow the Court of Appeals to decide all of the issues in the case at once, rather than in stages.

Accordingly, Plaintiffs respectfully request that the Court certify questions to the Court of Appeals under § 437h as soon as possible. As part of that process, Plaintiffs request that the Court set a schedule for the parties to brief the issues to be certified and the proposed findings of fact to be drawn from the those facts in the record now and reasonably subject to judicial notice.

### III.    If The Court Concludes That Immediate Certification Is Not Appropriate, It Should Set A Briefing Schedule For Certification That Is Consistent With The Schedule To Which The Parties Agreed In The Joint Scheduling Report.

Under § 437h, certification is mandatory for constitutional questions brought by litigants that come within the terms of § 437h unless those claims are frivolous or otherwise subject to dismissal. Thus, unless this Court concludes that Plaintiffs' claims are frivolous or that they lack standing to assert claims under § 437h, certification must occur at some point in this case, and it must be done by this Court, not the Court of Appeals. *See* 2 U.S.C. § 437h. The only question is whether that should occur now or after discovery and what procedures the Court and the parties should follow in facilitating certification in the most efficient manner. If the Court believes that certification cannot occur without additional discovery, Plaintiffs request that the Court set a schedule for the parties to brief the issues for certification and their proposed findings of fact that is consistent with the parties' proposed schedule in their Joint Scheduling Report. In all events, Plaintiffs respectfully submit that requiring them to take up the issue of certification directly with the Court of Appeals, or denying certification entirely without concluding that the Plaintiffs' claims are frivolous or that they lack standing, are not allowable options under § 437h.

IV.    **If The Court Concludes That Plaintiffs Are Not Entitled To Certification Under § 437h, It Should Issue An Order So Stating And Allowing Plaintiffs To File An Immediate Interlocutory Appeal Under 28 U.S.C. § 1292(b).**

As stated above, it does not appear that the Court has concluded that Plaintiffs' claims are frivolous or otherwise subject to dismissal or that they lack standing and thus are not entitled to seek certification under § 437h.  The Court simply stated in its order that Plaintiffs should raise the issue directly with the Court of Appeals, which, for the reasons already discussed, is not possible.  However, if the Court does believe that Plaintiffs are not entitled to certification under § 437h, Plaintiffs respectfully request that the Court so state in an order that also establishes that Plaintiffs may appeal the denial of certification on an interlocutory basis under 28 U.S.C. § 1292(b).

Under § 1292(b), parties may file permissive interlocutory appeals only where the court states in writing that the issue "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the lawsuit."  *Id.*  An immediate appeal of a denial of certification under § 437h would materially advance the ultimate termination of this case because the purpose of § 437h itself is to advance the termination of cases by expediting consideration of constitutional issues that arise under FECA.  *See Buckley*, 519 F.2d at 818-19 (noting the intention of Congress to expedite appellate disposition**);** 16 Charles Alan Wright et al., *Federal Practice and Procedure* § 3930, at 432 (2d ed. 1996) (stating that if an appeal under 1292(b) promises to advance or shorten the time it takes to litigate the case, an appeal is appropriate).  By contrast, delaying an appeal of an order denying certification would frustrate the purpose of § 437h by preventing the constitutional issues from being resolved as quickly as possible.  Accordingly, a denial of certification under § 437h is appropriate grounds for interlocutory appeal under 28 U.S.C. § 1292(b).  *See Bread Political Action Comm. v. FEC*, 591

10

F.2d 29, 31 (7th Cir. 1979) (accepting review under § 1292(b) of an order denying certification

under § 437h), *rev'd on other grounds*, 455 U.S. 577 (1982).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court reconsider its

order denying their motion for certification and take one of the following steps:  (1) Vacate the

denial of Plaintiffs' motion for certification and certify questions under § 437h as soon as

possible, rather than waiting for the parties to conduct discovery.  Under this option, the Court

could reinstate Plaintiffs' motion for certification and allow the parties to finish briefing the

issues to be certified and to submit proposed findings of fact, which would be drawn from the

facts submitted along with the preliminary injunction briefs and the Court's order of July 1st.

(2) Vacate the denial of Plaintiffs' motion for certification and set a new schedule for briefing the

issues to be certified and the proposed findings of fact that is consistent with the schedule to

which the parties' agreed in their Joint Scheduling Report.  (3) Issue an order clarifying that

Plaintiffs are not entitled to certification under § 437h and stating that the requirements of 28

U.S.C. § 1292(b) have been met so Plaintiffs may appeal the issue of certification under § 437h

on an interlocutory basis.

Dated:  July 9, 2008

Respectfully submitted,

/s/ Steven M. Simpson
Steven M. Simpson (DC Bar No. 462553)

William H. Mellor (DC Bar No. 462072)
Robert Gall (DC Bar No. 482476)
Paul M. Sherman (DC Bar No. 978663)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9320

Email: wmellor@ij.org, ssimpson@ij.org,
bgall@ij.org, psherman@ij.org

Stephen M. Hoersting*
Bradley A. Smith*
CENTER FOR COMPETITIVE POLITICS
124 W. Street South, Suite 201
Alexandria, VA 22314
Tel: (703) 894-6800
Email: shoersting@campaignfreedom.org,
BSmith@law.capital.edu

*Attorneys for Plaintiffs*

\* Admitted *Pro Hac Vice*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| **SPEECHNOW.ORG,** ) | |
| **DAVID KEATING,** ) | |
| **FRED M. YOUNG, JR.,** ) | |
| **EDWARD H. CRANE, III,** ) | |
| **BRAD RUSSO, and** ) | |
| **SCOTT BURKHARDT** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Case No. 1:08-cv-00248 (JR)** |
| ) | |
| **FEDERAL ELECTION COMMISSION** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

────────────────────────────

**ORDER GRANTING PLAINTIFFS' MOTION TO RECONSIDER**
**DENIAL OF CERTIFICATION UNDER 2 U.S.C. § 437h**

────────────────────────────

Upon consideration of plaintiffs' motion to reconsider the Court's order of July 1, 2008

denying plaintiffs' motion to certify questions under 2 U.S.C. § 437h, it is

ORDERED that the motion is GRANTED.  The Court will issue a subsequent order

setting forth its decision upon reconsideration.


SO ORDERED this _____ day of _____, 2008.


_____
United States District Judge