UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SPEECHNOW.ORG, *et. al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civ. No. 08-248 (JR) |
| v. | ) ) | Defendant FEC's Answer |
| FEDERAL ELECTION COMMISSION, | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT FEDERAL ELECTION COMMISSION'S
ANSWER TO FIRST AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES**

Defendant Federal Election Commission ("FEC" or the "Commission"), through its undersigned counsel, responds as follows to the complaint filed by plaintiffs SpeechNow.org, David Keating, Fred M. Young, Jr., Edward H. Crane, III, Brad Russo and Scott Burkhardt (collectively "plaintiffs") in this litigation.

Answering the numbered paragraphs of the complaint, the Commission responds as follows, DENYING everything not specifically given a response:

**"INTRODUCTION"**

1. The first sentence purports to describe the contents of the complaint, which speaks for itself, and plaintiffs' characterizations of the matters complained of. The first sentence does not specify the "law" challenged by plaintiffs. Therefore, no further response is required. The Commission is without knowledge or information sufficient to form a belief regarding the allegations in the second, third and fourth sentences.

1

2. The first and third sentences contain plaintiffs' characterizations of the matters complained of. The second, third and fourth sentences contain plaintiffs' conclusions of law. No further response is required. DENY the fifth sentence.

3. ADMIT that SpeechNow.org is not a corporation. The Commission is without knowledge or information sufficient to form a belief regarding the other allegations in the first, second and third sentences. DENY that SpeechNow.org "raises no specter of corruption of its appearance that would justify requiring it to become a political committee and subjecting it and its donors to contribution limits."

4. DENY.

## "JURISDICTION AND VENUE"

5. ADMIT that this Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 2201. DENY that SpeechNow.org may invoke jurisdiction under 2 U.S.C. § 437h since it is not the "Commission, the national committee of any political party, or any individual eligible to vote in any election for the office of President." 2 U.S.C. § 437h. The Commission is without knowledge or information sufficient to form a belief whether individual plaintiffs Keating, Young, Crane, Russo and Burkhardt are eligible to vote for the office of President. Thus, the Commission is unable to admit or deny jurisdiction under 2 U.S.C. § 437h with respect to those individuals.

6. ADMIT.

## "PARTIES"

7. ADMIT the first sentence. The Commission is without knowledge or information sufficient to form a belief regarding the second or third sentences.

8. The Commission is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 8. The fifth sentence also contains plaintiffs' conclusion of law, as to which no response is required.

9. The Commission is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 9. The fourth sentence also contains plaintiffs' conclusions of law, as to which no response is required.

10. The Commission is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 10. The fourth sentence also contains plaintiffs' conclusions of law, as to which no response is required.

11. The Commission is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 11. The fourth sentence also contains plaintiffs' conclusions of law, as to which no response is required.

12. The Commission is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 12. The fourth sentence also contains plaintiffs' conclusions of law and characterization, as to which no response is required.

13. ADMIT.

### "STATEMENT OF FACTS"

14. The Commission is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 14.

**"SpeechNow.org's Structure and Operations"**

15. ADMIT that SpeechNow.org is a "nonprofit unincorporated association." The Commission is without knowledge or information sufficient to form a belief regarding the other allegations in paragraph 15. The second sentence contains plaintiffs' characterization of

SpeechNow.org's bylaws, which speak for themselves. Therefore, no further response is required.

16. The Commission is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 16. Paragraph 16 also contains plaintiffs' characterization of SpeechNow.org's bylaws, which speak for themselves. Therefore, no further response is required.

17. The Commission is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 17. Paragraph 17 also contains plaintiffs' characterization of SpeechNow.org's bylaws, which speak for themselves. Therefore, no further response is required.

18. Paragraph 18 contains plaintiffs' characterization of SpeechNow.org's bylaws, which speak for themselves. Therefore, no further response is required.

19. Paragraph 19 contains plaintiffs' characterization of SpeechNow.org's bylaws, which speak for themselves. Therefore, no further response is required.

20. The Commission is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 20. Paragraph 20 also contains plaintiffs' conclusions of law, as to which no further response is required.

21. ADMIT that SpeechNow.org has prepared video and audio scripts for four advertisements, which speak for themselves. The Commission is without knowledge or information sufficient to form a belief regarding the other allegations in paragraph 21, which incorporates the allegations of paragraph 20 through the reference to "such advertisements."

22. Paragraph 22 contains plaintiffs' characterization of scripts for two advertisements, which speak for themselves. Therefore, no further response is required.

23. Paragraph 23 contains plaintiffs' characterization of scripts for two advertisements, which speak for themselves. Therefore, no further response is required.

24. The Commission is without information or knowledge sufficient to form a belief regarding the allegations in paragraph 24.

25. The Commission is without information or knowledge sufficient to form a belief regarding the allegations in paragraph 25.

26. Paragraph 26 contains plaintiffs' conclusions of law, as to which no response is required. The Commission is without information or knowledge sufficient to form a belief regarding the remaining allegations in paragraph 26.

27. Paragraph 27 contains plaintiffs' conclusions of law, as to which no response is required.

28. Paragraph 28 contains plaintiffs' conclusions of law, as to which no response is required. The Commission is without information or knowledge sufficient to form a belief regarding the remaining allegations in paragraph 28.

29. Paragraph 29 contains plaintiffs' conclusions of law, as to which no response is required. The Commission is without information or knowledge sufficient to form a belief regarding the remaining allegations in paragraph 29.

30. Paragraph 30 contains plaintiffs' conclusions of law, as to which no response is required. The Commission is without information or knowledge sufficient to form a belief regarding the remaining allegations in paragraph 30.

31. Paragraph 31 contains plaintiffs' conclusions of law, as to which no response is required. The Commission is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 31.

32. The Commission is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 32.

**"FECA's Requirements for Political Committees"**

33. Paragraph 33 contains plaintiffs' conclusions of law, as to which no response is required.

34. Paragraph 34 contains plaintiffs' conclusions of law, as to which no response is required.

35. Paragraph 35 contains plaintiffs' conclusions of law, as to which no response is required.

36. Paragraph 36 contains plaintiffs' conclusions of law, as to which no response is required.

37. Paragraph 37 contains plaintiffs' conclusions of law, as to which no response is required.

38. Paragraph 38 contains plaintiffs' conclusions of law, as to which no response is required.

39. Paragraph 39 contains plaintiffs' conclusions of law, as to which no response is required.

40. Paragraph 40 contains plaintiffs' conclusions of law, as to which no response is required.

41. Paragraph 41 contains plaintiffs' conclusions of law, as to which no response is required.  To the extent that paragraph 41 references paragraphs 22 and 23 of the complaint, the Commission incorporates its responses to paragraphs 22 and 23 herein by reference.

42. Paragraph 42 contains plaintiffs' conclusions of law, as to which no response is required. To the extent that paragraph 42 references paragraph 41 of the complaint, the Commission incorporates its responses to paragraph 41 herein by reference.

43. Paragraph 43 contains plaintiffs' conclusions of law, as to which no response is required.

44. Paragraph 44 contains plaintiffs' conclusions of law, as to which no response is required.

45. Paragraph 45 contains plaintiffs' conclusions of law, as to which no response is required.

46. Paragraph 46 contains plaintiffs' conclusions of law. Paragraph 46 also contains plaintiffs' characterization of the matters complained of. Therefore, no further response is required.

47. Paragraph 47 contains plaintiffs' conclusions of law, as to which no response is required.

48. Paragraph 48 contains plaintiffs' conclusions of law. Therefore, no further response is required. However, the Commission ADMITS that SpeechNow.org's major purpose is federal campaign activity. The Commission is without information or knowledge sufficient to form a belief regarding the remaining allegations in paragraph 48.

49. Paragraph 49 contains plaintiffs' conclusions of law, as to which no response is required.

50. Paragraph 50 contains plaintiffs' conclusions of law, as to which no response is required.

51. Paragraph 51 contains plaintiffs' conclusions of law, as to which no response is required.

52. Paragraph 52 contains plaintiffs' conclusions of law, as to which no response is required.

53. Paragraph 53 contains plaintiffs' conclusions of law, as to which no response is required.

**"The Advisory Opinion Request"**

54. ADMIT that on November 16, 2007, the Commission received a request for an advisory opinion filed by SpeechNow.org pursuant to 2 U.S.C. § 437f. Paragraph 54 contains plaintiffs' characterizations of that advisory opinion request, which speaks for itself. Therefore, no further response is required.

55. ADMIT the first sentence of paragraph 55. The second sentence contains plaintiffs' conclusions of law, as to which no response is required.

56. ADMIT.

57. Paragraph 57 contains plaintiffs' characterizations of the draft advisory opinion, which speaks for itself. Therefore, no further response is required.

58. Paragraph 58 contains plaintiffs' characterizations of the draft advisory opinion, which speaks for itself. Therefore, no further response is required.

59. Paragraph 59 contains plaintiffs' characterizations of the draft advisory opinion, which speaks for itself. Therefore, no further response is required.

60. Paragraph 60 contains plaintiffs' characterizations of the draft advisory opinion, which speaks for itself. Therefore, no further response is required.

61. Paragraph 61 contains plaintiffs' characterizations of the draft advisory opinion, which speaks for itself. Therefore, no further response is required.

62. Paragraph 62 contains plaintiffs' characterizations of the draft advisory opinion, which speaks for itself. Therefore, no further response is required.

63. Paragraph 63 contains plaintiffs' characterizations of the draft advisory opinion, which speaks for itself. Therefore, no further response is required.

64. Paragraph 64 contains plaintiffs' conclusions of law, as well as plaintiffs' characterizations of the draft advisory opinion, which speaks for itself. The reference to the Commission's unspecified "position taken with other groups that make independent expenditures" also is vague, and advisory opinions and conciliation agreements approved by the Commission in prior matters speak for themselves. Therefore, no further response is required.

65. ADMIT that an open meeting of the Federal Election Commission was scheduled for January 24, 2008. ADMIT that on January 24, 2008, the Commission had only two Commissioners, and therefore lacked a quorum.

66. ADMIT.

67. Paragraph 67 contains plaintiffs' conclusions of law, as to which no response is required. ADMIT that, on or about January 28, 2008, the Commission sent a letter to counsel for SpeechNow.org. That letter speaks for itself. Therefore, no further response is required.

**"Harm to the Plaintiffs"**

68. Paragraph 66 contains plaintiffs' conclusions of law and plaintiffs' characterization of the matters complained of, as to which no further response is required.

69. Paragraph 69 contains plaintiffs' conclusions of law and plaintiffs' characterization of the matters complained of, as to which no further response is required.

70. DENY that SpeechNow.org "is prevented from raising the funds necessary to produce and broadcast the advertisements described herein as well as other, similar advertisements during the 2008 and future election seasons." Paragraph 70 also contains plaintiffs' conclusions of law and plaintiffs' characterization of the matters complained of, as to which no further response is required.

71. DENY that the contribution limits in 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3) "limit the number of times [SpeechNow.org] could run those advertisements," and DENY that the limits "would also diminish SpeechNow.org's ability to run additional advertisements concerning other federal candidates in other races." Paragraph 71 also contains plaintiffs' conclusions of law and plaintiffs' characterization of the matters complained of, as to which no further response is required.

72. DENY that the contribution limits in 2 U.S.C. §§ 441a(1)(C) and 441a(a)(3) "prevent" plaintiffs Keating, Crane and Young "from associating with SpeechNow.org, with each other, and with other like minded individuals for the purpose of producing and broadcasting the advertisements described" in the complaint. Paragraph 72 also contains plaintiffs' conclusions of law and plaintiffs' characterization of the matters complained of, as to which no further response is required. To the extent that paragraph 72 references paragraph 32 of the complaint, the Commission incorporates its response to paragraph 32 herein by reference.

73. DENY that the contribution limits in 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3) prevent SpeechNow.org from "rais[ing] the initial start-up or 'seed' funding necessary to finance its operations." Paragraph 73 also contains plaintiffs' conclusions of law, as to which no further response is required. The Commission is without knowledge or information sufficient to form a belief on the remaining allegations regarding "start-up or 'seed' funding." To the extent that

paragraph 73 references paragraphs 22 and 23 of the complaint, the Commission incorporates its responses to paragraphs 22 and 23 herein by reference.

74. DENY that the contribution limits in 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3) prevent plaintiffs Keating, Crane and Young from associating with SpeechNow.org for the purpose of producing and broadcasting the advertisements described in the complaint. The Commission also denies that these contribution limits "prevent Brad Russo and Scott Burkhardt from associating with SpeechNow.org and with Plaintiffs David Keating, Edward Crane, and Fred Young." Paragraph 74 also contains plaintiffs' conclusions of law, as to which no further response is required. To the extent that paragraph 74 references paragraphs 11 and 12 of the complaint, the Commission incorporates it's responses to paragraphs 11 and 12 herein by reference.

75. DENY that the requirements of 2 U.S.C. §§ 432, 433 and 434 "impose[] a severe burden on SpeechNow.org and chill[] its and its potential donors' rights to speech and association." Paragraph 75 also contains plaintiffs' conclusions of law, as to which no further response is required.

76. DENY that the requirements of 2 U.S.C. §§ 432, 433 and 434 "prevent[] SpeechNow.org from soliciting individuals for potential donations to fund its operations and its advertising as described" in the complaint. Paragraph 76 also contains plaintiffs' conclusions of law, as to which no further response is required.

77. DENY that 2 U.S.C. §§ 432, 433, 434, 441a(a)(1)(C) and 441(a)(a)(3) "chill Plaintiffs' rights to speech and association." Paragraph 77 also contains plaintiffs' conclusions of law, as to which no further response is required.

78. ADMIT that SpeechNow.org "will face a credible threat of prosecution" should it violate 2 U.S.C. §§ 432, 433 and 434.  Paragraph 79 also contains plaintiffs' conclusions of law, including plaintiffs' characterizations of 2 U.S.C. §§ 432, 433 and 434 which speak for themselves.  Therefore, no further response is required.

79. Admit that SpeechNow.org will "will face a credible threat of prosecution" should it violate 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3).  Paragraph 79 also contains plaintiffs' conclusions of law, as to which no response is required.

80. ADMIT that plaintiffs David Keating, Edward Crane and Fred Young "will face a credible threat of prosecution" should they violate 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3).  Paragraph 80 also contains plaintiffs' conclusions of law, as to which no response is required.

### "COUNT 1"
### "Contribution Limits – SpeechNow.org"

81. The Commission incorporates herein by reference its responses to paragraphs 1 through 80, inclusive.

82. ADMIT that SpeechNow.org has prepared scripts.  Those scripts speak for themselves.  Therefore, no further response is required.  The Commission is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 882.

83. The Commission is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 83.

84. The Commission is without knowledge or belief sufficient to form a belief regarding the allegations in paragraph 84.

85. ADMIT that 2 U.S.C. §§ 441a(a)(1)(C) and 441a(3) prohibit contributions to SpeechNow.org in excess of the limits contained in those provisions.  Paragraph 85 also contains plaintiffs' conclusions of law, as to which no response is required.

86. DENY.

87. DENY.

88. DENY.

89. DENY.

90. DENY.

91. DENY.

**"Count 2"**
**"Contribution Limits – Individual Plaintiffs"**

92. The Commission incorporates herein by reference its responses to paragraphs 1 through 91, inclusive.

93. The Commission is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 93.

94. The Commission is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 94.

95. ADMIT that 2 U.S.C. § 441a(a)(1)(C) prohibits David Keating, Edward Crane and Fred Young from making contributions to a political committee (other than a political committee described in 2 U.S.C. §§ 441a(a)(1)(A), (B) or (D)) in excess of $5,000 in any calendar year. Paragraph 95 also contains plaintiffs' conclusions of law, as to which no response is required.

96. DENY.

97. DENY.

98. DENY.

99. DENY.

100. DENY.

101. DENY.

102. DENY.

103. DENY.

## "COUNT 3"
### "Biennial Aggregate Limits – Fred Young"

104. The Commission incorporates herein by reference its responses to paragraphs 1 through 103, inclusive.

105. The Commission is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 105.

106. The Commission is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 106.

107. ADMIT that 2 U.S.C. § 441a(a)(3) prohibits Fred Young from making contributions to any political committee in excess of an individual's biennial limit for such contributions. Paragraph 107 also contains plaintiffs' conclusions of law, as to which response is required.

108. DENY.

109. DENY.

110. DENY.

111. DENY.

112. DENY.

113. DENY.

## "COUNT 4"
## "Organizational and Reporting Requirements – SpeechNow.org"

114. The Commission incorporates herein by reference its responses to paragraphs 1 through 113, inclusive.

115. The Commission is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 115.

116. The Commission is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 116.

117. Paragraph 117 contains plaintiffs' conclusions of law, as to which no response is required.

118. Paragraph 118 contains plaintiffs' conclusions of law, as to which no response is required.

119. DENY.

120. DENY.

121. DENY.

## "COUNT 5"
## "Political Committee Status – SpeechNow.org"

122. The Commission incorporates herein by reference its responses to paragraphs 1 through 121, inclusive.

123. The Commission is without information or knowledge sufficient to form a belief regarding the allegations in paragraph 123.

124. The Commission is without information or knowledge sufficient to form a belief regarding the allegations in paragraph 124.

15

125. Paragraph 125 contains plaintiffs' conclusions of law, as to which no response is required.

126. Paragraph 126 contains plaintiffs' conclusions of law, as to which no response is required.

127. DENY.

128. DENY.

129. DENY.

## "PRAYER FOR RELIEF"

No response is required, but the relief requested by plaintiffs' second through twelfth requests for relief should be denied. With respect to plaintiffs' first request for relief, the Court must first develop a factual record before certifying any questions to the *en banc* D.C. Circuit.

## AFFIRMATIVE DEFENSES

1. Plaintiff SpeechNow.org does not have standing under 2 U.S.C. § 437h.

2. Plaintiffs' complaint, in whole or part, fails to state a claim upon which relief can be granted.

Respectfully submitted,

Thomasenia P. Duncan
(D.C. Bar No. 424222)
General Counsel

David Kolker
(D.C. Bar No. 394558)
Associate General Counsel

Kevin Deeley
Assistant General Counsel

                                                       /s/ Robert W. Bonham III
                                                       Robert W. Bonham III
                                                       (D.C. Bar No. 397859)
                                                       Senior Attorney

                                                       Steve N. Hajjar
                                                       Attorney

                                                       COUNSEL FOR DEFENDANT
                                                       FEDERAL ELECTION COMMISSION
                                                       999 E Street, N.W.
                                                       Washington, DC 20463
Dated:  July 17, 2008                     (202) 694-1650