UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SPEECHNOW.ORG, *et. al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>FEDERAL ELECTION COMMISSION,<br><br>　　　　　　Defendant. | Civ. No. 08-248 (JR)<br><br>**RESPONSE** |

**DEFENDANT FEDERAL ELECTION COMMISSION'S
RESPONSE TO PLAINTIFFS' MOTION TO CERTIFY**

　　　　This action was filed by six plaintiffs — SpeechNow.org ("SpeechNow") and five individual plaintiffs, David Keating, Fred M. Young, Jr., Edward H. Crane, III, Brad Russo and Scott Burkhardt (collectively "plaintiffs") — on February 14, 2008.  The individual plaintiffs invoke the special review provision found in 2 U.S.C. § 437h.  Mot. to Certify Questions Under 2 U.S.C. § 437h (Doc. 31) ("Mot. To Certify Questions").  Section 437h establishes a procedure for certification of substantial constitutional challenges to provisions of the Federal Election Campaign Act raised by specifically enumerated parties to the relevant court of appeals sitting *en banc*, provided standing and other requirements are satisfied.

　　　　Plaintiffs' prayer for relief contained a general request that constitutional questions be certified pursuant to section 437h.  Complaint at 24 (Doc. 1).  The Joint Scheduling Report submitted by the parties proposed resolution of 437h issues in two stages:  the first involving a decision on what, if any, constitutional questions would be submitted to the D.C. Circuit and, following discovery, a second stage involving findings of fact related to those questions.  The

Court has indicated that it will "'await the parties' agreed two rounds of briefing on the question." Order at 2, July 11, 2008 (Doc. 35).

The Commission does not contest that four of the constitutional questions raised by three of the individual plaintiffs — David Keating, Fred M. Young, Jr., Edward H. Crane, III — should be identified for certification now and sent to the *en banc* court after a factual record has been developed. One of plaintiff's proposed questions and plaintiffs Russo and Burkhardt, however, do not raise substantial constitutional issues and thus should not be certified under section 437h .

## ARGUMENT

**I.    Section 437h Certification Is Available Only for Substantial Constitutional Questions and for Particular Classes of Plaintiffs**

Section 437h, the extraordinary judicial review provision invoked by plaintiffs, was added to the Federal Election Campaign Act in 1974 to provide expedited consideration of anticipated constitutional challenges to the extensive amendments to the Act that year. *See* Federal Election Campaign Act Amendments of 1974, Pub. L. No. 93-443, § 208(a), 88 Stat. 1263, 1285-1286 (1974). Section 437h provides:

> The Commission, the national committee of any political party, or any individual eligible to vote in any election for the office of President may institute such actions in the appropriate district court of the United States, including actions for declaratory judgment, as may be appropriate to construe the constitutionality of any provision of this Act. The district court immediately shall certify all questions of constitutionality of this Act to the United States court of appeals for the circuit involved, which shall hear the matter sitting en banc.

2 U.S.C. § 437h.[1]

---

[1]    Under the original statutory scheme, certified constitutional questions could be appealed directly from the en banc court of appeals to the Supreme Court and both courts were required "to advance on the docket and to expedite to the greatest possible extent the disposition of any matter certified . . . ." 2 U.S.C. 437h(b),(c) (1974). In 1984, the expedition requirement and

"Despite the mandatory phrasing of the certification provision, district courts presented with complaints brought under section 437h need not automatically certify every constitutional question raised to the *en banc* court of appeals" and must undertake a number of threshold inquiries. *Mott v. FEC*, 494 F. Supp. 131, 133-134 (D.D.C. 1980) (citations omitted), *aff'd mem. sub nom.*, *Nat'l Conservative Political Action Comm. v. FEC*, 672 F.2d 896 (D.C. Cir. 1981) (table). One of the threshold inquiries is that district courts must deny certification when the issues presented are "neither insubstantial nor settled." *Cal. Med. Ass'n v. FEC*, 453 U.S. 182, 193-94 n.14 (1981) ("*Cal Med*"). *See also Mott*, 494 F. Supp. at 134 (437h available "only where a 'serious' constitutional question was presented" (quoting Senator James L. Buckley, the sponsor of the amendment that became section 437h, 120 Cong. Rec. 10562 (1974))); *Buckley v. Valeo*, 387 F. Supp. 135, 138 (D.D.C.) (437h certification appropriate where "a substantial constitutional question is raised by the complaint"), *remanded on other grounds*, 519 F.2d 817 (D.C. Cir. 1975). Another is that district courts must determine whether any plaintiffs seeking to invoke section 437h belong to one of the statute's three expressly enumerated classes of plaintiffs: "[t]he Commission, the national committee of any political party, or any individual eligible to vote in any election for the office of President," 2 U.S.C. § 437h. *See Bread Political Action Comm. v. FEC*, 455 U.S. 577, 581 (1982) ("*Bread PAC*").[2] The district court's role in

---

similar provisions in other statutes were repealed because "[t]he courts are, in general, in the best position to determine the need for expedition in the circumstances of any particular case, to weigh the relative needs of various cases on their dockets, and to establish an order of hearing that treats all litigants most fairly." H.R. Rep. No. 98-985, at 4 (1984). *See* Pub. L. No. 98-620, § 402, 98 Stat. 335 (1984) (repealing section 437h(c)). The provision for direct appeal was removed in 1988. Pub. L. No. 100-352, § 6(a), 102 Stat. 663 (1988).

[2] Other determinations district courts are to make before certifying under section 437h include whether the case "involve[s] purely hypothetical applications of the statute," whether "resolution of unsettled questions of statutory interpretation may remove the need for constitutional adjudication," and whether the plaintiffs "have [Article III] standing to raise the constitutional claim." *Cal Med*, 453 U.S. at 193-94 n.14 (citations omitted).

3

437h cases is similar to that of a single judge presented with a motion to seek the convening of a three-judge court to hear constitutional challenges. *Goland v. United States*, 903 F.2d 1247, 1257 (9th Cir. 1990); *Mott,* 494 F. Supp. at 134. Under such three-judge court statutes, a single judge could dismiss constitutional claims which had already been decided without convening the special panel. *Mott*, 494 F. Supp. at 134 (citing *Bailey v. Patterson,* 369 U.S. 31, 33 (1962)).

## II.     Plaintiffs Correctly Concede that SpeechNow Is Not a Proper Plaintiff Under 437h

Jurisdiction under section 437h is explicitly limited to the three classes of plaintiffs enumerated in the statute. *Bread PAC*, 455 U.S. at 581. SpeechNow is not a plaintiff entitled to invoke section 437h and is not one of the plaintiffs moving for 437h certification. *See* Mot. To Certify Questions at 1.[3]

## III.    Three Individual Plaintiffs Raise Substantial Constitutional Questions

Plaintiffs Keating, Young, and Crane allege an intention to contribute to SpeechNow more than the $5,000 per calendar year permissible under 2 U.S.C. § 441a(a)(1)(C), and Mr. Young's contribution would exceed his aggregate limit on contributions to all non-candidate committees during the two-year election cycle. First Am. Compl. ¶¶ 8-10 (Doc. 28-2). Plaintiffs also allege that Mr. Keating, as president and treasurer of SpeechNow, is authorized to accept donations and spend money on SpeechNow's behalf for advertisements, is responsible for complying with SpeechNow's disclosure obligations, and is potentially liable for violations SpeechNow may commit. *Id.* ¶¶ 20, 47, 53. With respect to the proposed excessive contributions to SpeechNow and the registration and reporting requirements applicable to

---

[3]    After other portions of the case have been certified to the D.C. Circuit, SpeechNow's claims can proceed in this Court because plaintiffs have asserted that 28 U.S.C. §§ 1331 and 2201 are additional bases of jurisdiction. *See, Buckley v. Valeo*, 424 U.S. 1, 8-9, n.6. In their Joint Scheduling Report, the parties proposed to meet and confer regarding a schedule for any portions of the case that are not certified under section 437h after the Court resolves which portions of the case will be certified. Joint Scheduling Report at 3 (Doc. 27).

SpeechNow, the Commission does not contest that plaintiffs Keating, Young, and Crane raise the same constitutional issues as SpeechNow itself. *See Cal Med*, 453 U.S. at 187 n.6 (plaintiff members and officers "have a sufficiently concrete stake in this controversy to establish standing to raise the constitutional claims at issue here"); *Mott*, 494 F. Supp. at 133 n.4 (organization's "claims are essentially the same as those presented by [an individual] plaintiff").

As explained in the Commission's Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction (Doc. 13, at 8-31), the Act's limits on contributions and reporting requirements are constitutional as applied to plaintiffs. Indeed, another decision of this Court found a similar claim to be insubstantial and unworthy of section 437h certification more than twenty-five years ago. *Mott*, 494 F. Supp. at 137. One of the plaintiffs in *Mott* had challenged the Act's individual and aggregate limits as applied to contributions she wished to make to a political committee that would be earmarked for the purpose of making independent expenditures. *Id.* at 133, 135. Another plaintiff expressed a desire to contribute money for independent expenditures to a "'single-issue' organization." *Id.* at 133. The Court dismissed the section 437h suit, concluding that the Supreme Court's decision in *Buckley* resolved the challenge to the then-$25,000 aggregate contribution limit, and that the opinion's reasoning "clearly indicates that the [$5,000 limit on contributions to political committees] is constitutional." *Id.* at 136.[4] A panel of the D.C. Circuit affirmed in an unpublished Memorandum decision.[5] This Court has preliminarily agreed with the Commission that the Act

---

[4] The Court also dismissed a separate claim by one of the plaintiffs who allegedly wished to make a joint purchase of newspaper advertising space with other individuals. *Id.* at 135. The Court found it unclear whether the planned conduct was even covered by the Act. *Id.*

[5] *Nat'l Conservative Political Action Comm. v. FEC*, 672 F.2d 896 (D.C. Cir. 1981) (table). The D.C. Circuit's unpublished judgment and memorandum have "no precedential value." *Alexander v. Tomlinson*, 507 F. Supp. 2d 2, 14 (D.D.C. 2007) (citing D.C. Cir. Rule 32.1(b)(1)(A)).

is constitutional as applied to SpeechNow, finding, *inter alia*, that plaintiffs' central argument "is at odds with Supreme Court precedent." Mem. Order at 17, Doc. 32 (citing *McConnell v. FEC*, 540 U.S. 93, 152 (2003)).

The Commission recognizes, however, that a case interpreting many of the same Supreme Court decisions at issue here divided a panel of the Fourth Circuit. *See North Carolina Right to Life, Inc. v. Leake*, 525 F.3d 274 (4th Cir. 2008). The Commission therefore does not contest that the constitutional issues raised by plaintiffs Crane, Young, and Keating in their first four proposed questions are sufficiently substantial to merit section 437h certification.

**IV.    The Constitutional Claims Asserted by Plaintiffs Russo and Burkhardt Are Not Substantial and Should Not Be Certified To The Court Of Appeals**

The claims by plaintiffs Russo and Burkhardt are clearly insubstantial. Plaintiffs Russo and Burkhardt are not organizers, officers, or members of SpeechNow under its bylaws. *See* Keating Decl. Exh. E, By-Laws (Doc. 2-4 at 37). Their only contention relating to SpeechNow is that they wish to contribute $100 each to it. First Am. Compl. ¶¶ 11-12, 74, 101-103 (Doc. 28-2). These $100 contributions are far below these plaintiffs' individual and aggregate contribution limits, and SpeechNow would not even be required to identify these contributors in disclosure reports if their respective contributions do not exceed $200 in a calendar year. *See* 2 U.S.C. § 434(b)(3)(A). The proposed contributions by Russo and Burkhardt are thus not precluded or chilled by anything in the Act. Moreover, because SpeechNow itself would not become a political committee solely by receiving $200 in contributions, *see* 2 U.S.C. § 431(4)(A), its alleged interest in avoiding political committee status would not be jeopardized by accepting $100 contributions from Russo and Burkhardt. The

6

voluntary choices of SpeechNow and these two contributors do not create a substantial constitutional issue worthy of appellate *en banc* consideration.[6]

Indeed, there is nothing in plaintiffs' proposed constitutional questions that involves plaintiffs Russo and Burkhardt. In particular, questions two and three involve the making of excessive contributions by the individual plaintiffs to SpeechNow but the $100 contributions by Russo and Burkhardt fall far below the $5,000 limit. Plaintiffs' motion for certification therefore should be denied insofar as it requests certification of any questions on behalf of plaintiffs Russo and Burkhardt, and they should not be participants in the *en banc* proceeding.[7]

### V. The Constitutional Questions Proposed by Plaintiffs

When the district court certifies questions, the constitutional and prudential requirements of justiciability require that the questions be narrowly framed to reflect whatever constitutional issues are unavoidably presented, and which issues the 437h plaintiffs have standing to raise.

Subject to the objections discussed above regarding which plaintiffs merit section 437h certification, the Commission does not object to the certification of plaintiffs' first four proposed constitutional questions.

Unlike the plaintiffs' first four questions, the fifth question (Mot. To Certify Questions at 13) does not merit certification to the *en banc* court of appeals. Although plaintiffs never

---

[6] For the same reason, these plaintiffs appear to have inadequately demonstrated how their alleged harm is traceable to the FECA, and that they have standing to raise these claims at all. Their alleged injury "stems not from the operation of" the contribution limits "but from their own personal 'wish' not to" make their contributions at this time. "Accordingly, [these] plaintiffs fail here to allege an injury in fact that is 'fairly traceable' to [the Act]." *McConnell*, 540 U.S. at 228 (plaintiffs whose "personal choice" against making contributions up to the revised $2,000 contribution limits had no standing to challenge those limits). *See also Whitmore v. FEC*, 68 F.3d 1212, 1215 (9th Cir. 1995, amended Jan. 10, 1996) ("The absence of a causal relationship between the Act, which they challenge, and their injury, necessarily deprives both plaintiffs of standing to challenge the Act.").

[7] As with SpeechNow itself, further proceedings regarding Russo and Burkhardt would occur in this Court. *See supra* p. 4 n.3.

explain or argue why this question merits certification, the question appears to suggest that, in plaintiffs' view, the definition of "political committee," 2 U.S.C. § 431(4), is unconstitutional as applied to SpeechNow to the extent it requires an organization to register as a political committee before it has made any expenditures. It is settled law, however, that the Act's reporting requirements are constitutional as applied to groups that meet the statutory criteria for political committee status as long as their major purpose is the nomination or election of candidates. *Buckley*, 424 U.S. at 79. SpeechNow concedes that the funds it will receive are for the purpose of influencing federal elections and thus contributions within the meaning of 2 U.S.C. § 431(8). *See also Buckley*, 424 U.S. at 78 (upholding the constitutionality of the definition of "contribution" for disclosure purposes). Therefore, once it receives more than $1,000 in contributions in a calendar year, SpeechNow will become a political committee under 2 U.S.C. § 431(4)(A).

The Court in *Buckley* found "no constitutional infirmities in the recordkeeping, reporting, and disclosure provisions of the Act." 424 U.S at 84 (footnote omitted). The Court noted that "political committee" was then defined "as a group of persons that receives 'contributions' *or* makes 'expenditures' of over $1,000 in a calendar year." *Id.* at 62 (emphasis added). Although the Court narrowly construed the political committee definition to reach "organizations that are under the control of a candidate or the major purpose of which is the nomination or election of a candidate," *id.* at 79, the Court did not question Congress's decision to trigger political committee status at the time contributions were received.

Plaintiffs' proposed question 5 appears to rest on the proposition that it is unconstitutional for organizations that meet the major purpose test to be treated as political committees until they have spent more than $1,000 of the contributions they have received. We

are not aware of any court that has ever adopted such an interpretation, and this Court has itself found that an organization had become a political committee based on its major purpose and its receipt of contributions above the statutory threshold of $1,000. *See FEC v. Malenick*, 310 F. Supp. 2d 230, 237 (D.D.C. 2004). None of the PAC reporting cases cited by plaintiffs involved a "major purpose" group like SpeechNow or made any distinction between reporting contributions and expenditures. *See* Mot. to Certify Questions at 16 (citing *Wisconsin Right to Life, Austin,* and *Massachusetts Citizens for Life).*

      Plaintiffs' interpretation is simply not colorable because the government interest in political committee disclosure is equally strong for both contributions received and expenditures made. Disclosure provides the electorate with information about where campaign money comes from and how it is spent; deters corruption and the appearance of corruption; and provides the government essential information to gather data to detect violations of the Act. *Buckley*, 424 U.S. at 67-68. All of these interests are equally compelling regarding political committees' contributions and expenditures, and plaintiffs' have not attempted to suggest otherwise. As a practical matter, many political committees amass war chests in the early stages of the election cycle and spend those funds disproportionately near election day. The public has a compelling interest in receiving information about these contributions as they are received, regardless of when precisely they are spent. The constitutionality of the requirement that an entity that has received $1,000 in contributions and whose major purpose is candidate advocacy register and report as a political committee is "settled." *Cal Med*, 453 U.S. at 192 n.14. This Court should therefore decline to certify plaintiffs' question 5 to the *en banc* court of appeals.

**CONCLUSION**

As we have shown, one of plaintiff's proposed questions and plaintiffs Russo and Burkhardt do not raise substantial constitutional issues and thus should not be certified under section 437h . Accordingly, only four of the constitutional questions raised by three of the individual plaintiffs — David Keating, Fred M. Young, Jr., Edward H. Crane, III — should be identified for certification now and sent to the *en banc* court after a factual record has been developed.

                                                Respectfully submitted,

                                                Thomasenia P. Duncan (D.C. Bar No. 424222)
                                                General Counsel

                                                David Kolker (D.C. Bar No. 394558)
                                                Associate General Counsel

                                                Kevin Deeley
                                                Assistant General Counsel

                                                <u>/s/ Robert W. Bonham III</u>
                                                Robert W. Bonham III  (D.C. Bar No. 397859)
                                                Senior Attorney

                                                Steve N. Hajjar
                                                Graham Wilson
                                                Attorneys

                                                FOR THE DEFENDANT
                                                FEDERAL ELECTION COMMISSION
                                                999 E Street NW
                                                Washington, DC 20463
Dated: July 18, 2008                       (202) 694-1650