# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                      )
SPEECHNOW.ORG,                        )
DAVID KEATING,                        )
FRED M. YOUNG, JR.,                   )
EDWARD H. CRANE, III,                 )
BRAD RUSSO, and                       )
SCOTT BURKHARDT                       )
                                      )
        Plaintiffs,        )
                                      )
   v.                                 )   Civil Case No. 1:08-cv-00248 (JR)
                                      )
FEDERAL ELECTION COMMISSION,          )
                                      )
        Defendant.         )
_____)

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO CERTIFY QUESTIONS UNDER 2 U.S.C. § 437h**

Plaintiffs have moved for five questions to be certified to the D.C. Circuit Court of Appeals en banc.[1]  The FEC agrees that the first four questions proposed by Plaintiffs should be

---

[1] Those questions are:
1. Whether the contribution limits contained in 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3) violate the First Amendment by preventing David Keating, SpeechNow.org's president and treasurer, from accepting contributions to SpeechNow.org in excess of the limits contained in §§ 441a(a)(1)(C) and 441a(a)(3)?
2. Whether the contribution limit contained in 2 U.S.C. § 441a(a)(1)(C) violates the First Amendment by preventing the individual plaintiffs from making contributions to SpeechNow.org in excess of $5000 per calendar year?
3. Whether the biennial aggregate contribution limit contained in 2 U.S.C. § 441a(a)(3) violates the First Amendment by preventing Fred Young from making contributions to SpeechNow.org that would exceed his individual biennial aggregate limit?
4. Whether the organizational, administrative, and continuous reporting requirements contained in 2 U.S.C. §§ 432, 433, and 434(a) violate the First Amendment by requiring David Keating, SpeechNow.org's president and treasurer, to register SpeechNow.org as a political committee, to adopt the organizational structure of a political committee, and to comply with the continuous reporting requirements that apply to political committees?

(continued on next page)

1

certified. It opposes only (1) Plaintiffs Brad Russo's and Scott Burkhardt's ability to participate, along with the other Plaintiffs, in the en banc proceedings in regard to those questions and (2) the certification of Question 5. As more fully described below, the FEC's arguments regarding Mr. Russo and Mr. Burkhardt fail because they ignore that their claims, along with the claims of the other Plaintiffs, concern not just the right to free speech, but also the right to associate. Mr. Burkhardt and Mr. Russo are entitled to argue their claims before the D.C. Circuit because their associational rights are both similar to and intertwined with the other individual Plaintiffs' claims, and pruning off their claims would simply result in duplicative litigation at the District and Circuit Court levels. In regard to Question 5, it clearly presents a substantial question of law that is suitable for certification under § 437h. Further, because Question 5 presents the same basic legal issue as the other questions, certifying it would promote judicial economy.

## I. Brad Russo and Scott Burkhardt Raise Substantial Constitutional Claims, and Certification of These Claims Would Promote Judicial Economy.

The FEC has properly conceded that the first four questions raised by Plaintiffs David Keating, Fred Young, and Ed Crane are appropriate for certification under § 437h. Def.'s Resp. Pls.' Mot. to Certify 6 ("The Commission therefore does not contest that the constitutional issues raised by Plaintiffs Crane, Young, and Keating in their first four proposed questions are sufficiently substantial to merit section 437h certification."). It argues, however, that Brad Russo and Scott Burkhardt raise only insubstantial claims and thus should not be allowed to join the other individual Plaintiffs in the en banc proceedings before the D.C. Circuit. This argument is

---

5.  Whether 2 U.S.C. §§ 431(4) and 431(8) violate the First Amendment by requiring David Keating, SpeechNow.org's president and treasurer, to register SpeechNow.org as a political committee and comply with the organizational and continuous reporting requirements for political committees before SpeechNow.org has made any expenditures or broadcast any advertisements?

Pls.' Mem. Supp. Mot. to Certify 13.

incorrect because it misunderstands the applicable standard for assessing the substantiality of claims brought under § 437h. As noted in Plaintiffs' opening brief, a district court should certify constitutional questions regarding FECA to a court of appeals, sitting en banc, unless it determines that those questions are frivolous or "so insubstantial as to warrant dismissal for failure to state a claim." *See* Pls. Mem. Supp. Mot. to Certify 10 (*quoting Int'l Ass'n of Machinists & Aerospace Workers v. FEC*, 678 F.2d 1092, 1096 (D.C. Cir. 1982)). Under this standard, Mr. Russo's and Burkhardt's claims are plainly substantial.

The FEC's assertion that the claims raised by Mr. Russo and Mr. Burkhardt are insubstantial rests on its refusal to acknowledge that those claims address not only these Plaintiffs' rights of free speech, but also their rights of association. Indeed, the FEC ignores that all of the individual Plaintiffs are asserting the right to associate with each other. It is well established that contribution limits act as limits on the right to associate. *See Buckley v. Valeo*, 424 U.S. 1, 22 (1976) ("The Act's contribution ceilings . . . limit one important means of associating with a candidate or committee . . . ."). In this case, each individual Plaintiff is asserting his right to associate with every other Plaintiff to work together, combining all of their individual skills and assets in support of a common goal: to engage in express advocacy in favor of candidates who support the First Amendment and against those who do not.

The right of association works both ways; that is, a restriction on the right of one individual to associate with another harms both of them simultaneously. It simply cannot be the case that Mr. Keating, Mr. Crane, and Mr. Young are harmed by restrictions on their right to associate with Mr. Russo and Mr. Burkhardt, but that the latter two are not harmed by those same restrictions. That harm is very real. Without the pledged contributions from Mr. Keating, Mr. Crane, and Mr. Young—which would form SpeechNow.org's seed-funding—SpeechNow.org

3

cannot run its advertisements.  *See* Decl. David Keating Supp. Pls.' Mot. Prelim. Injunc. ¶ 27. Thus, even if Mr. Russo and Mr. Burkhardt made their $100 dollar donations tomorrow and SpeechNow.org accepted them, those donations would not be, and could not be, used for speech by any of the individual Plaintiffs.  All their donations would accomplish is to move SpeechNow.org closer to having to comply with burdensome political committee requirements, but leave it unable to fund advertisements.  *See id.* at ¶ 33.  Simply put, the contribution limits are an insurmountable barrier to Mr. Russo's and Mr. Burkhardt's attempt to amplify their speech by associating with the other individual Plaintiffs.  Thus, the FEC's assertion that their injuries are not traceable to those limits is absurd.

     Mr. Russo's and Mr. Burkhardt's associational claims cannot be brushed aside with a curt assertion that they are free to donate to other groups or to a version of SpeechNow.org that must operate under the contribution limits.  The right of association includes the right to choose those with whom you associate, those with whom you will not associate, and the manner in which you organize your group.  *See*, *e.g.*, *Cal. Democratic Party v. Jones*, 530 U.S. 567, 574 (2000) ("[T]he First Amendment protects the freedom to join together in furtherance of common political beliefs, which necessarily presupposes the freedom to identify the people who constitute the association, and to limit the association to those people only." (internal quotation marks and citations omitted)); *Eu v. San Francisco County Democratic Cent. Comm.*, 489 U.S. 214, 229 (1989) ("[A] political party's determination . . . of the structure which best allows it to pursue its political goals, is protected by the Constitution." (omission in original; internal quotation marks omitted)); *Roberts v. United States Jaycees*, 468 U.S. 609, 622 (1984) ("Government actions that may unconstitutionally infringe upon this freedom [to associate] can take a number of forms. Among other things . . . it may try to interfere with the internal organization or affairs of the

group."); *Ripon Soc'y v. Nat'l Republican Party*, 525 F.2d 567, 585 (D.C. Cir. 1975) ("Speeches and assemblies are after all not ends in themselves but means to effect change through the political process. If that is so, there must be a right not only to form political associations but to organize and direct them in the way that will make them most effective.") (en banc) (plurality opinion). Mr. Russo and Mr. Burkhardt have chosen to associate with the other individual Plaintiffs and to use SpeechNow.org to amplify their speech, and the other individual Plaintiffs have chosen to associate with them for the same purpose. As long as the contribution limits apply, all of the Plaintiffs, including Mr. Russo and Burkhardt, cannot associate with each other in the manner they desire in order to run advertisements expressing their views on free speech.

Lacking any argument that Mr. Russo and Mr. Burkhardt do not raise substantial claims under § 437h, the FEC is reduced to arguing, in a footnote, that they lack standing. Def.'s Resp. Pls.' Mot. to Certify 7 n.6. But the FEC's necessary concession that Plaintiffs David Keating, Fred Young, and Ed Crane are eligible under § 437h to take Questions 1 through 4 before the en banc D.C. Circuit ultimately dooms its argument on this point. As the D.C. Circuit has recognized in regard to issues of standing for groups of plaintiffs, "for each claim, if constitutional and prudential standing can be shown for at least one plaintiff, we need not consider the standing of the other plaintiffs to raise that claim." *Mountain States Legal Found. v. Glickman*, 92 F.3d 1228, 1232 (D.C. Cir. 1996); *see also Buckley*, 424 U.S. at 12 & n.11 (affirmatively concluding that "*each* of the plaintiffs [had] alleged sufficient injury to his constitutional rights . . . to create a constitutional case or controversy" where "the complaint . . . demonstrates that *at least some of the appellants* [had] a sufficient personal stake in a determination of the constitutional validity of each of the challenged provisions [of FECA] . . . ." (emphasis added; internal quotation marks omitted)); *Watt v. Energy Action Educ. Found.*, 454

5

U.S. 151, 160 (1981) ("Because we find California has standing, we do not consider the standing of the other plaintiffs."). There is no reason to split Mr. Russo and Mr. Burkhardt—who clearly are individuals capable of voting in an election for the office of President and thus eligible for certification pursuant to § 437h—from the remaining individual Plaintiffs. Such a splitting, which would result in one proceeding before the D.C. Circuit en banc and another before this Court on the same legal question, would be a waste of judicial resources.

It makes no sense—as a matter of law, logic, and judicial economy—to separate the Plaintiffs for purposes of resolving the issue of whether contribution limits unconstitutionally restrict those rights. What the D.C. Circuit will decide upon certification is whether those limits are impermissible when applied to a group of individuals who unite to make only independent expenditures. Just as the issue as to whether FECA's contribution limits violate the right of association in the absence of corruption or its appearance is neither frivolous nor a settled issue of law in regard to Mr. Keating, Mr. Young, and Mr. Crane, the same is true for Mr. Russo and Mr. Burkhardt. The FEC is free to argue the merits of Mr. Russo's and Mr. Burkhardt's argument before the D.C. Circuit, but its assertion—backed by no citation to any case law regarding the right of association or how Mr. Russo's and Mr. Burkhardt's arguments are foreclosed by that case law—that the argument is insubstantial is simply wrong.

## II. Question 5 Should Be Certified to the En Banc D.C. Circuit Because it is a Substantial Question and Certification Would Promote Judicial Economy.

The FEC argues that the constitutional issues raised in Plaintiffs' Question 5 should not be certified to the en banc D.C. Circuit. Def.'s Resp. Pls.' Mot. to Certify 9. Following on the heels of its concession that the first four questions are substantial and merit certification, this argument makes little sense. Because there is a substantial question as to whether a group that makes only independent expenditures may be subject to contribution limits and the requirements

imposed on political committees, it follows that there is also a substantial question as to *when* it must register as a political committee *if* it is subjected to those limits and requirements. Specifically, Plaintiffs' argument regarding Question 5 is that it is unconstitutional to compel a group to register as a political committee solely on the bases of its solicitations to donors and a determination that the group's major purpose is campaign activity, without regard to the nature of any communications the group may ultimately make, or before the group has made a single FECA-defined "expenditure." The FEC disagrees with that argument on its merits. But, as discussed below, it simply cannot demonstrate that the issue is insubstantial.

      The FEC argues that any group that meets the "major purpose" test and receives contributions must register and report as a political committee, even if it has made no expenditures. Def.'s Resp. Pls' Mot. to Certify 8. But it can cite to no case in which a court has held that a group that makes no contributions to candidates or political committees must register and report before it has made a single independent expenditure because no court has confronted that issue. The FEC also argues that Question 5 is insubstantial because groups "amass war chests" and that "the public has a compelling interest in receiving information about these contributions as they are received, regardless of precisely when they are spent." Def.'s Resp. Pls.' Mot. to Certify 9. But whether this "interest" applies to groups that make only independent expenditures has never been addressed.

      The strength of the argument in favor of Plaintiffs' position belies any assertion that the question is frivolous. For example, in regard to the "war chests" argument, because SpeechNow.org will operate wholly independently of candidates, this argument would apply equally to wealthy individuals who amass "war chests" in the early stages of an election and spend those funds on independent expenditures disproportionately near election day. Yet, the

Act does not require these individuals to disclose their political "war chests" until they speak. *See* 2 U.S.C. § 434(c). There is no meaningful distinction between these individuals and groups like SpeechNow.org; the burdens placed on free speech for the latter should not be greater than those placed on the former.

Furthermore, the FEC's position that a group must register and report as a political committee merely because its solicitations to donors express a desire to oppose candidates, *see* 11 C.F.R. § 100.57, and because of its "major purpose" is an argument for regulation based on a group's intent and aspirations. The Supreme Court recently reaffirmed that such regulation violates the First Amendment. *See FEC v. Wis. Right to Life, Inc.*, 127 S. Ct. 2652, 2666 (2007) ("[U]nder well-accepted First Amendment doctrine, a speaker's motivation is entirely irrelevant to the question of constitutional protection." (internal citation omitted)). And just this term, the Court reaffirmed that disclosure provisions "can seriously infringe on privacy of association and belief guaranteed by the First Amendment." *Davis v. FEC*, 128 S. Ct. 2759, 2774-75 (2008) (quoting *Buckley*, 424 U.S. at 64). In striking down the disclosure provisions at issue, the Court held that "the strength of the governmental interest must reflect the seriousness of the actual burden on First Amendment rights," and that there must be "a 'relevant correlation' or 'substantial relation' between the governmental interest and the information required to be disclosed." *Id.* at 2775 (internal citation omitted). The FEC's interests are not implicated until a group actually speaks or spends to influence an election. To impose regulation beforehand is to do so based upon the group's intent, an illegitimate basis for regulation, wholly lacking a substantial relation to the interests Congress sought to advance.

The simple fact is that the Supreme Court has never directly considered the application of the FECA to a group like SpeechNow.org. All of the questions raised in this case, including

Question 5, are novel questions of constitutional law; they are the very sorts of questions that § 437h was designed to address. *See Cal. Med. Ass'n v. FEC*, 453 U.S. 182, 191 (1981) ("It is undisputed that [§ 437h] was included in the 1974 Amendments to the Act to provide a mechanism for the rapid resolution of constitutional challenges to the Act."). Indeed, the D.C. Circuit's analysis of the first four questions will necessarily inform its analysis of Question 5 because all of the questions present the same basic legal issue: whether Congress may burden independent political speech by groups more severely than identical independent political speech by individuals. Piecemeal resolution of these issues would be at odds with the very purpose of certification under § 437h, which is to expeditiously resolve constitutional challenges to the FECA.

The FEC's approach of leaving Question 5 before this Court would result in a senseless waste of judicial resources for the same basic reasons stated above with respect to the claims of Mr. Russo and Mr. Burkhardt. That approach would divide the case into a proceeding before the D.C. Circuit, and possibly the Supreme Court, on the one hand, and a subsequent proceeding in this Court thereafter. The sensible approach—the approach envisioned by § 437h—is to certify all of these claims to the D.C. Circuit for en banc review of this case, not just the piecemeal claims the FEC would prefer to address. For this reason and the others noted above, this Court should include Question 5 among the questions the Commission already concedes should be certified to an en banc court of appeals.

## CONCLUSION

The FEC has properly acknowledged that the first four questions raised by Plaintiffs in their certification motion are substantial and thus proper for certification under § 437h. For the reasons described above, its assertion that Brad Russo and Scott Burkhardt should not be a part

of the en banc proceedings before the D.C. Circuit and that Question 5 should not be certified is wrong. Accordingly, Plaintiffs respectfully request that this Court enter an order designating the five questions listed in Section II of their Motion to Certify Questions Under 2 U.S.C. § 437(h) to be certified to the D.C. Circuit pending findings of fact to be issued after the close of discovery.

Dated: July 25, 2008

Respectfully submitted,

/s/ Steven M. Simpson
Steven M. Simpson (DC Bar No. 462553)

William H. Mellor (DC Bar No. 462072)
Robert Gall (DC Bar No. 482476)
Paul M. Sherman (DC Bar No. 978663)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
Email: wmellor@ij.org, ssimpson@ij.org,
bgall@ij.org, psherman@ij.org

Stephen M. Hoersting*
Bradley A. Smith*
CENTER FOR COMPETITIVE POLITICS
124 W. Street South, Suite 201
Alexandria, VA 22314
Tel: (703) 894-6800
Email: shoersting@campaignfreedom.org,
BSmith@law.capital.edu

Attorneys for Plaintiffs
* Admitted *Pro Hac Vice*

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th Day of July 2008, a true and correct copy of the REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO CERTIFY QUESTIONS UNDER 2 U.S.C. § 437h was filed electronically using the court's ECF system and sent via the ECF electronic notification system to the following counsel of record:

Robert W. Bonham, III
David B. Kolker
Steve N. Hajjar
Kevin Deeley
FEDERAL ELECTION COMMISSION
999 E. Street, N.W.
Washington, DC  20463