UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SPEECHNOW.ORG, <br> DAVID KEATING, <br> FRED M. YOUNG, JR., <br> EDWARD H. CRANE, III, <br> BRAD RUSSO, and <br> SCOTT BURKHARDT <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL ELECTION COMMISSION <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br><br><br><br><br><br> Civil Case No. 1:08-cv-00248 (JR) |

**PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT**

Plaintiffs, by their attorneys, respectfully move this Court to enter final judgment on their request to declare 2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3) unconstitutional as applied to Plaintiffs and to enjoin Defendant Federal Election Commission from enforcing those provisions against Plaintiffs. In support of this motion, and as more fully set forth in Plaintiffs' memorandum of law, Plaintiffs state the following:

1. On March 26, 2010, the en banc United States Court of Appeals for the District of Columbia Circuit unanimously ruled that contributions by the individual Plaintiffs to SpeechNow.org could not be constitutionally limited. *SpeechNow.org v. FEC*, 599 F.3d 686, 694-95 (D.C. Cir. 2010). In so holding, the Court ruled that the enforcement of 2 U.S.C. §§ 441a(a)(1)(C) or 441a(a)(3) against either SpeechNow.org or the individual Plaintiffs violated the First Amendment. *SpeechNow.org*, 599 F.3d at 696. The Court of Appeals, in its judgment,

"ORDERED and ADJUDGED that the contribution limits set forth in certified questions 1, 2, and 3 cannot be constitutionally applied against SpeechNow and the individual plaintiffs" and therefore "ORDERED and ADJUDGED that the District Court's order denying injunctive relief be vacated and the case be remanded for further proceedings, in accordance with the opinion of the court filed herein this date."  Judgment of March 26, 2010.

2.  Accordingly, Plaintiffs request that this Court declare that the contribution limits set forth in certified questions 1, 2, and 3 (2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3)) and any implementing regulations are unconstitutional as applied to SpeechNow.org, the individual Plaintiffs, and others who wish to contribute to SpeechNow.org.

3.  Plaintiffs also request, pursuant to their prayer for relief and the Court of Appeals' judgment, that this Court permanently enjoin Defendant Federal Election Commission from enforcing the contribution limits set forth in certified questions 1, 2, and 3 (2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3)) and any implementing regulations against SpeechNow.org, the individual Plaintiffs, and others who wish to contribute to SpeechNow.org.

Dated: May 14, 2010.

Respectfully submitted,

/s/ Steven M. Simpson
Steven M. Simpson (DC Bar No. 462553)
William H. Mellor (DC Bar No. 462072)
Robert Gall (DC Bar No. 482476)
Robert P. Frommer (DC Bar No. 497308)
Paul M. Sherman (DC Bar No. 978663)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
Fax: (703) 682-9321
Email: ssimpson@ij.org

Stephen M. Hoersting*
Bradley A. Smith*
CENTER FOR COMPETITIVE POLITICS
124 W. Street South, Suite 201
Alexandria, VA 22314
Tel: (703) 894-6800
Email: shoersting@campaignfreedom.org,
BSmith@law.capital.edu

*Attorneys for Plaintiffs*
*Admitted *Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th Day of May 2010, a true and correct copy of PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT and the attached MEMORANDUM OF LAW in support was filed electronically using the court's ECF system and sent via the ECF electronic notification system to the following counsel of record:

Robert W. Bonham, III
David B. Kolker
Steve N. Hajjar
Kevin Deeley
FEDERAL ELECTION COMMISSION
999 E. Street, N.W.
Washington, DC  20463

                                                  /s/ Steven M. Simpson
                                                  Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SPEECHNOW.ORG, DAVID KEATING, FRED M. YOUNG, JR., EDWARD H. CRANE, III, BRAD RUSSO, and SCOTT BURKHARDT<br><br>    Plaintiffs,<br><br> v.<br><br>FEDERAL ELECTION COMMISSION<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Case No. 1:08-cv-00248 (JR) |

**PLAINTIFFS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION FOR ENTRY OF JUDGMENT**

         William H. Mellor (DC Bar No. 462072)
         Steven M. Simpson (DC Bar No. 462553)
         Robert Gall (DC Bar No. 482476)
         Robert P. Frommer (DC Bar No. 497308)
         Paul M. Sherman (DC Bar No. 978663)
         INSTITUTE FOR JUSTICE
         901 N. Glebe Road, Suite 900
         Arlington, VA 22203
         Tel: (703) 682-9320

         Stephen M. Hoersting*
         Bradley A. Smith*
         CENTER FOR COMPETITIVE POLITICS
         124 W. Street South, Suite 201
         Alexandria, VA 22314
         Tel: (703) 894-6800

         *Attorneys for Plaintiffs*
         *Admitted *Pro Hac Vice*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ iii

INTRODUCTION ........................................................................................................................... 1

ARGUMENT ................................................................................................................................ 2

CONCLUSION .............................................................................................................................. 6

## TABLE OF AUTHORITIES

**Cases**                                                                                                 **Pages**

*ACLU v. Reno*,
    217 F.3d 162 (3d Cir. 2000)..................................................................................5

*Chaplaincy of Full Gospel Churches v. England*,
    454 F.3d 290 (D.C. Cir. 2006)...........................................................................3, 4

\* *Citizens United v. FEC*,
    130 S.Ct. 876 (2010)......................................................................................1, 4, 5

*Crocker v. Piedmont Aviation, Inc.*,
    49 F.3d 735 (D.C. Cir. 1995)...............................................................................2

\* *eBay Inc. v. MercExchange, L.L.C.*,
    547 U.S. 388 (2006)..............................................................................................3

*Elrod v. Burns*,
    427 U.S. 347 (1976)..............................................................................................3

*Freedman v. Maryland*,
    380 U.S. 51 (1965)................................................................................................4

*Griffin v. United States*,
    935 F. Supp. 1 (D.D.C. 1995)...............................................................................2

*Indep. Petroleum Ass'n of Am. v. Babbitt*,
    235 F.3d 588 (D.C. Cir. 2001)..............................................................................2

*Me. Right to Life Comm., Inc. v. FEC*,
    98 F.3d 1 (1st Cir. 1996) ......................................................................................4

\* *Mills v. District of Columbia*,
    571 F.3d 1304 (D.C. Cir. 2009)...........................................................................3

*Minnesota Chamber of Commerce v. Gaertner*,
    Civ. No. 10-426, 2010 WL 1838362 (D. Minn. May 7, 2010) ..................... 4, 5

*Pac. Frontier v. Pleasant Grove City*,
    414 F.3d 1221 (10th Cir. 2005) ...........................................................................5

*Phelps-Roper v. Nixon*,
    545 F.3d 685 (8th Cir. 2008) ...............................................................................5

\*Authorities upon which Plaintiffs chiefly rely are marked with asterisks.

*People for the Ethical Treatment of Animals v. Gittens*,
    215 F. Supp. 2d 120 (D.D.C. 2002) ................................................................................5

*Right to Life of Dutchess County, Inc. v. FEC*,
    6 F. Supp. 2d 248 (S.D.N.Y. 1998) ..................................................................................4

*Sammartano v. First Judicial Dist. Court*,
    303 F.3d 959 (9th Cir. 2002) ............................................................................................5

\* *SpeechNow.org v. FEC*,
    599 F.3d 686 (D.C. Cir. 2010) .....................................................................................1, 4

*Va. Soc'y for Human Life, Inc. v. FEC*,
    263 F.3d 379 (4th Cir. 2001) ............................................................................................4

**Statutes and Regulations**

2 U.S.C. § 441a(a)(1)(C) .........................................................................................................1, 3, 6

2 U.S.C. § 441a(a)(3) ...............................................................................................................1, 3, 6

**Rules**

D.C. Cir. R. 35(a) ..........................................................................................................................2

D.C. Cir. R. 41 ..............................................................................................................................2

**INTRODUCTION**

Plaintiffs come to this Court seeking entry of judgment on their contribution-limit claims. The D.C. Circuit has unanimously ruled that the First Amendment prohibits the government from limiting the amounts of money the individual Plaintiffs may contribute to SpeechNow.org. *SpeechNow.org v. FEC*, 599 F.3d 686, 694-95 (D.C. Cir. 2010). Plaintiffs accordingly ask that this Court enter judgment on their behalf; declare that the contribution limits set forth in certified questions 1, 2, and 3 (2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3)) and any implementing regulations are unconstitutional as applied to the Plaintiffs and other potential contributors to SpeechNow.org; and enter an injunction preventing the FEC from enforcing those provisions against the Plaintiffs or others who wish to donate money to SpeechNow.org.

Following this Court's certification of Plaintiffs' five constitutional questions on September 28, 2009, it transmitted the supplemental record to the United States Court of Appeals for the District of Columbia Circuit. There, the parties and *amici* completed three rounds of expedited merits briefing, which was followed by oral argument before the en banc D.C. Circuit on January 27, 2010.

Less than two months later, the Court of Appeals unanimously ruled that "[i]n light of the Court's holding [in *Citizens United v. FEC*, 130 S.Ct. 876 (2010)] as a matter of law that independent expenditures do not corrupt or create the appearance of *quid pro quo* corruption, contributions to groups that make only independent expenditures also cannot corrupt or create the appearance of corruption." *SpeechNow.org*, 599 F.3d at 694. Accordingly, the Court of Appeals held that the contribution limits contained in 2 U.S.C. §§ 441a(a)(1)(C) or 441a(a)(3) could not be constitutionally enforced against a group like SpeechNow.org that makes only independent expenditures. *SpeechNow.org*, 599 F.3d at 696.

In the judgment accompanying its opinion, the Court of Appeals "ORDERED and ADJUDGED that the contribution limits set forth in certified questions 1, 2, and 3 cannot be constitutionally applied against SpeechNow and the individual plaintiffs" and therefore "ORDERED and ADJUDGED that the District Court's order denying injunctive relief be vacated and the case be remanded for further proceedings, in accordance with the opinion of the court filed herein this date." Judgment of March 26, 2010.

Pursuant to the D.C. Circuit rules, the Court stayed issuance of the mandate until seven days after the time for rehearing had elapsed. D.C. Cir. R. 41; Order of March 26, 2010. Under that schedule, the case would not have returned to this Court until sometime after May 17, 2010. *See* D.C. Cir. R. 35(a) (stating that an agency of the federal government has 45 days to petition for en banc rehearing). Because of the quickly approaching primary season and their limited opportunity to speak, Plaintiffs requested that the Court of Appeals immediately issue the mandate and return the case to this Court. On May 3, 2010, the en banc Court of Appeals granted that motion to expedite.

**ARGUMENT**

Plaintiffs are entitled to both a declaration that the contribution limits they challenged are unconstitutional and an injunction against enforcement of those laws against them. It is black-letter law that district courts are bound to follow the mandate issued by appellate courts. *See Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C. Cir. 1995) (discussing law of the case doctrine); *see also Indep. Petroleum Ass'n of Am. v. Babbitt*, 235 F.3d 588, 596-97 (D.C. Cir. 2001) (describing rule that district court may not "deviate from the mandate issued by an appellate court"); *Griffin v. United States*, 935 F. Supp. 1, 5 (D.D.C. 1995) (stating that decision of appellate court is to be followed upon remand). The D.C. Circuit's judgment was clear. The

Court ruled that the contribution limits "cannot be constitutionally applied against SpeechNow and the individual plaintiffs." Thus, the Court not only ruled in Plaintiffs' favor on their claim for declaratory relief; it also ordered that "the District Court's order denying injunctive relief be vacated." Judgment of March 26, 2010.

A plaintiff is entitled to a permanent injunction when it has shown "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Plaintiffs easily satisfy these elements.

First, the D.C. Circuit, in its opinion of March 26, unanimously ruled 2 U.S.C. §§ 441a(a)(1)(c) and 441a(a)(3) unconstitutional as applied to SpeechNow.org and the individual Plaintiffs and held that those provisions could no longer be applied to any of the Plaintiffs. Because of the contribution limits, Plaintiffs have been prevented from collecting and spending unlimited amounts for independent electoral advocacy for over two years. In light of the D.C. Circuit's ruling in their favor, the contribution limits have unquestionably caused Plaintiffs irreparable injury. *See Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C. Cir. 2009) (holding that "the loss of constitutional freedoms, 'for even minimal periods of time, unquestionably constitutes irreparable injury'") (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion)).

Secondly, there are no adequate remedies at law that can compensate Plaintiffs for the harm they have suffered and will continue to suffer if the FEC enforces the contribution limits against them. *See Mills*, 571 F.3d at 1312; *see also Chaplaincy of Full Gospel Churches v.*

3

*England*, 454 F.3d 290, 302-03 (D.C. Cir. 2006). In the past, the FEC has continued to enforce regulations outside of the jurisdiction in which they have been declared unconstitutional. For example, after the First Circuit and a district court in New York struck down a regulation defining "express advocacy," the FEC continued to enforce that regulation in other circuits. *Compare Me. Right to Life Comm., Inc. v. FEC*, 98 F.3d 1 (1st Cir. 1996) *and Right to Life of Dutchess County, Inc. v. FEC*, 6 F. Supp. 2d 248 (S.D.N.Y. 1998) *with Va. Soc'y for Human Life, Inc. v. FEC*, 263 F.3d 379 (4th Cir. 2001). *See also Va. Soc'y for Human Life*, 263 F.3d at 385 (describing FEC's continued enforcement of regulation after adverse rulings in other jurisdictions). As the Supreme Court recently noted in another context, "[b]ecause the FEC's 'business is to censor, there inheres the danger that [it] may well be less responsive than a court . . . to the constitutionally protected interests in free expression.'" *Citizens United*, 130 S.Ct. at 896 (quoting *Freedman v. Maryland*, 380 U.S. 51, 57-58 (1965)).

Accordingly, a declaration alone will not prevent the FEC from enforcing the contribution limits against the Plaintiffs in other circuits. Plaintiffs plan both to raise money for independent ads and to broadcast such ads throughout the nation. *See SpeechNow.org*, 599 F.3d at 690. Plaintiffs should not have to litigate this case in every circuit in order to ensure their ability to exercise rights that are clearly protected under the First Amendment. *Cf. Citizens United*, 130 S.Ct. at 889, 892 (noting that "[t]he First Amendment does not permit laws that force speakers to retain a campaign finance attorney . . . or seek declaratory rulings before discussing the most salient issues of the day" and declining to adopt a narrow interpretation of a challenged statute "that requires intricate case-by-case determinations to verify whether political speech is banned"). As a result, Plaintiffs need the added protection afforded by an injunction. *Cf. Minnesota Chamber of Commerce v. Gaertner*, Civ. No. 10-426, 2010 WL 1838362, at *4

(D. Minn. May 7, 2010) (granting injunction because other prosecutors who were not parties to litigation might enforce laws ruled unconstitutional).

Third, the government can have no interest in enforcing a statute in a manner that violates the Constitution. *ACLU v. Reno*, 217 F.3d 162, 181 (3d Cir. 2000) ("[N]either the Government nor the public generally can claim an interest in the enforcement of an unconstitutional law."), *vacated on other grounds sub nom.*, *Ashcroft v. ACLU*, 535 U.S. 564 (2002). Thus, the balance of hardships clearly favors Plaintiffs, who, as described above, have suffered irreparable harm from the laws and regulations that have been enforced against them.

Lastly, enjoining the FEC from enforcing the contribution limits against Plaintiffs and others who wish to contribute to SpeechNow.org is in the public interest. "[I]t is always in the public interest to protect constitutional rights." *Phelps-Roper v. Nixon*, 545 F.3d 685, 690 (8th Cir. 2008); *accord Pac. Frontier v. Pleasant Grove City*, 414 F.3d 1221, 1237 (10th Cir. 2005) ("Vindicating First Amendment freedoms is clearly in the public interest."); *Sammartano v. First Judicial Dist. Court*, 303 F.3d 959, 974 (9th Cir. 2002) ("Courts considering requests for preliminary injunctions have consistently recognized the significant public interest in upholding First Amendment principles."); *People for the Ethical Treatment of Animals v. Gittens*, 215 F. Supp. 2d 120, 134 (D.D.C. 2002) ("[T]he public interest favors a preliminary injunction whenever First Amendment rights have been violated.").

"Speech is an essential mechanism of democracy, for it is the means to hold officials accountable to the people." *Citizens United*, 130 S.Ct. at 898. By protecting Plaintiffs' First Amendment rights, this Court will ensure that "[t]he right of citizens to inquire, to hear, to speak, and to use information to reach consensus[, which] is a precondition to enlightened self-government and a necessary means to protect it," *id*. at 899, is preserved and strengthened.

## CONCLUSION

For the reasons detailed in their motion and this memorandum of law, Plaintiffs respectfully request that this Court:

1. Declare that that the contribution limits set forth in certified questions 1, 2, and 3 (2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3)) and any implementing regulations cannot be constitutionally applied against SpeechNow.org, the individual Plaintiffs, and others who wish to contribute to SpeechNow.org;

2. Permanently enjoin Defendant Federal Election Commission from enforcing the contribution limits set forth in certified questions 1, 2, and 3 (2 U.S.C. §§ 441a(a)(1)(C) and 441a(a)(3)) and any implementing regulations against SpeechNow.org, the individual Plaintiffs, and others who wish to contribute to SpeechNow.org; and

3. Enter final judgment in this action.

Dated: May 14, 2010.

          Respectfully submitted,

          /s/ Steven M. Simpson
          Steven M. Simpson (DC Bar No. 462553)
          William H. Mellor (DC Bar No. 462072)
          Robert Gall (DC Bar No. 482476)
          Robert P. Frommer (DC Bar No. 497308)
          Paul M. Sherman (DC Bar No. 978663)
          INSTITUTE FOR JUSTICE
          901 N. Glebe Road, Suite 900
          Arlington, VA 22203
          Tel: (703) 682-9320
          Fax: (703) 682-9321
          Email: ssimpson@ij.org

          Stephen M. Hoersting*
          Bradley A. Smith*

CENTER FOR COMPETITIVE POLITICS
124 W. Street South, Suite 201
Alexandria, VA 22314
Tel: (703) 894-6800
Email: shoersting@campaignfreedom.org,
BSmith@law.capital.edu

*Attorneys for Plaintiffs*
*Admitted *Pro Hac Vice*

7