UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SPEECHNOW.ORG, <br> DAVID KEATING, <br> FRED M. YOUNG, JR., <br> EDWARD H. CRANE, III, <br> BRAD RUSSO, and <br> SCOTT BURKHARDT <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL ELECTION COMMISSION <br><br> Defendant. | Civil Case No. 1:08-cv-00248 (JB) |

---

**PLAINTIFFS' RESPONSE TO DEFENDANT
FEDERAL ELECTION COMMISSION'S
MOTION TO ALTER OR AMEND THE JUDGMENT**

---

William H. Mellor (DC Bar No. 462072)
Steven M. Simpson (DC Bar No. 462553)
Robert Gall (DC Bar No. 482476)
Robert P. Frommer (DC Bar No. 497308)
Paul M. Sherman (DC Bar No. 978663)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9320

Stephen M. Hoersting*
Bradley A. Smith*
CENTER FOR COMPETITIVE POLITICS
124 W. Street South, Suite 201
Alexandria, VA 22314
Tel: (703) 894-6800

*Attorneys for Plaintiffs*
*Admitted *Pro Hac Vice*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION ...................................................................................................................1

ARGUMENT ...........................................................................................................................1

    I.      The FEC Does Not Meet the Strict Standards that Govern Motions to
           Amend or Alter a Judgment ......................................................................................1

    II.     This Court Did Not "Clearly Err" either in Completing the Purely
           Ministerial Act of Entering Judgment or By Enjoining the FEC from
           Enforcing Contribution Limits against SpeechNow.org's Nonparty
           Contributors ..............................................................................................................2

    III.    Because the Court of Appeals Already Declared that Applying the Political-
           Committee Requirements to SpeechNow.org is Constitutional, this Court
           Properly Refrained from Entering a Redundant Declaration ...................................6

CONCLUSION ........................................................................................................................7

## TABLE OF AUTHORITIES

**Cases**                                                                                              **Pages**

*ACLU v. Mineta*,
   19 F. Supp. 2d 69 (D.D.C. 2004)......................................................................................4

*Am. Fed'n of Gov't Emps v. Gates*,
   86 F.3d 1316 (D.C. Cir. 2007)...........................................................................................4

*Am. Fed'n of Gov't Emps v. Rumsfeld*,
   22 F. Supp. 2d 16 (D.D.C. 2006)......................................................................................4

*\*Citizens United v. FEC*,
   130 S. Ct. 876 (2010)................................................................................................3, 4, 5

*Cleveland Board of Education v. Loudermill*,
   70 U.S. 532 (1985)...........................................................................................................3

*Crocker v. Piedmont Aviation, Inc.*,
   49 F.3d 735 (D.C. Cir. 1995)...........................................................................................3

*\*Firestone v. Firestone*,
   76 F.3d 1205 (D.C. Cir. 1996).........................................................................................1

*Hoffman v. District of Columbia*,
   681 F. Supp. 2d 86 (D.D.C. 2010)...................................................................................1

*Humane Soc'y of the U.S. v. Johanns*,
   20 F. Supp. 2d 8 (D.D.C. 2007).......................................................................................4

*MBI Group, Inc. v. Credit Foncier du Cameroun*,
   627 F. Supp. 2d 35 (D.D.C. 2009)...................................................................................1

*Nat'l Treasury Emps Union v. Yeutter*,
   918 F.2d 968 (D.C. Cir. 1990).........................................................................................4

*New York v. United States*,
   880 F. Supp. 37 (D.D.C. 1995)........................................................................................2

*\*SpeechNow.org v. FEC*,
   599 F.3d 686 (D.C. Cir. 2010).............................................................................2, 3, 4, 5, 6

\*Authorities upon which Plaintiffs chiefly rely are marked with asterisks

**Statutes**

2 U.S.C. § 441a(a)(1)(C) ...........................................................................................................5

2 U.S.C. § 441a(a)(3) .................................................................................................................5

**Rules**

Fed. R. Civ. P. 59(e) ...........................................................................................................1, 6, 7

**Other Authority**

11 Wright & Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995) .................................1

Lyle Denniston, *No appeal in SpeechNow*, (June 17, 2010, 11:55 AM),
    http://www.scotusblog.com/2010/06/no-appeal-in-speechnow ...........................................1

## INTRODUCTION

The FEC, in its motion to amend, has asked this Court to re-open its final judgment and essentially relitigate issues that the D.C. Circuit and this Court have already resolved. None of the FEC's arguments satisfy the high standard that Federal Rule 59(e) requires. The Court's final judgment simply gave effect to the clear language of the Court of Appeals' decision. As a result, the FEC's quarrel is not with this Court's judgment, but with the decision of the D.C. Circuit—a decision that the Solicitor General has said that it will not ask the Supreme Court to review. Lyle Denniston, *No appeal in SpeechNow*, (June 17, 2010, 11:55 AM), http://www.scotusblog.com/2010/06/no-appeal-in-speechnow. Plaintiffs respectfully request that this Court deny the Defendant's motion to amend.

## ARGUMENT

**I.    The FEC Does Not Meet the Strict Standards that Govern Motions to Amend or Alter a Judgment.**

Courts in this Circuit view motions to alter or amend judgments with disfavor and do not grant them lightly. *See, e.g., Hoffman v. District of Columbia,* 681 F. Supp. 2d 86, 89 (D.D.C. 2010) ("A motion pursuant to Rule 59(e), to alter or amend a judgment after its entry, is not routinely granted."); *MBI Group, Inc. v. Credit Foncier du Cameroun,* 627 F. Supp. 2d 35, 40 (D.D.C. 2009). Reconsideration is an "extraordinary remedy which should be used only sparingly," *see* 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995), precisely because of the strong interest in judicial finality and the conservation of scarce judicial resources. Hence, courts refrain from altering or amending final judgments unless 1) there has been an intervening change in controlling law; 2) new evidence has become available; or 3) there has been a clear error or granting the motion will prevent a manifest injustice. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

In order to prevail, the FEC must present "new facts or a clear error of law which 'compel' a change in the court's ruling." *New York v. United States*, 880 F. Supp. 37, 39 (D.D.C. 1995). The FEC's motion presents neither. Instead, it asserts that this Court committed "clear error" by entering final judgment before the FEC submitted its response to Plaintiffs' Motion for Entry of Judgment—a response in which it claimed that Plaintiffs were not entitled to an injunction. It also asserts that this Court committed "clear error" by not entering a declaration that Plaintiffs could be constitutionally required to register and report as a political committee. As more fully explained below, the District Court committed no error at all—much less "clear error;" it simply completed the purely ministerial act of entering a final judgment that gave effect to the D.C. Circuit's decision that "the contribution limits set forth in certified questions 1, 2, and 3 cannot be constitutionally applied against SpeechNow and the individual plaintiffs."[1] Judgment at 1, *SpeechNow.org v. FEC*, 599 F.3d 686 (D.C. Cir. 2010) (Nos. 08-5223, 09-5342). Accordingly, the FEC cannot show any error whatsoever, let alone the "clear error" that would compel a change in this Court's ruling.

II.     **This Court Did Not "Clearly Err" either in Completing the Purely Ministerial Act of Entering Judgment or By Enjoining the FEC from Enforcing Contribution Limits against SpeechNow.org's Nonparty Contributors.**

The FEC complains that this Court should have waited to receive its response, which argues against the entry of an injunction, before entering judgment for Plaintiffs. But the FEC cites no authority for the proposition that it is "clear error" for a court to perform the ministerial act of entering final judgment, pursuant to the instructions of an appellate court, before a party can raise an objection. Here, the Court of Appeals made clear in both its opinion and judgment

---

[1] Because the D.C. Circuit specifically held that the Federal Election Communication could not impose any limits on the contributions that SpeechNow.org accepts to fund its independent expenditures, the FEC's request that this Court conduct an entirely perfunctory "summary judgment" proceeding before entering final judgment is the very essence of elevating form over substance.

2

that an injunction should be issued against the FEC.  Indeed, the only issue cited by the Court of Appeals in remanding the case was the matter of injunctive relief:  The D.C. Circuit specifically vacated the District Court's refusal to enter injunctive relief and remanded the case for "further proceedings, in accordance with the opinion of the court filed herein."  Judgment at 1, *SpeechNow.org v. FEC*, 599 F.3d 686 (D.C. Cir. 2010) (Nos. 08-5223, 09-5342).  Had the D.C. Circuit not wanted this Court to enter an injunction on Plaintiffs' behalf, there would have been no reason to remand at all.

The FEC cites *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985), in support of its argument, but that case is inapposite.  In *Loudermill*, the Cleveland School Board undertook completely discretionary actions by terminating two different "for-cause" public-school employees.  The Court held that before the Board could exercise that discretion, it had to give the employees an opportunity to "present reasons, either in person or in writing, why proposed action should not be taken."  470 U.S. at 546.  But terminating employees without a hearing is a vastly different situation than a district court entering a final judgment that reflects the clear mandate of an appellate court's decision.  Here, the D.C. Circuit, in its order and judgment, clearly laid out what should occur upon remand.  And it is black-letter law that a district court must follow the terms of the mandate issued by an appellate court.  *See Crocker v. Piedmont Aviation, Inc*., 49 F.3d 735, 739 (D.C. Cir. 1995).  Because this Court had no discretion to deviate from the Court of Appeals' ruling, nothing the FEC could have said in its response would have made the slightest difference.[2]  This Court's decision to act quickly, so that Plaintiffs may speak in the quickly ending primary season, was not error.  *Cf. Citizens United v.*

---

[2] Indeed, because the Court of Appeals' disposition of this case left nothing for this Court to resolve, this Court would have been entitled to enter final judgment on its own motion immediately upon remand.  The fact that Plaintiffs sent the Court a Motion for Entry of Final Judgment and a Proposed Order before this Court entered judgment in no way removed this inherent power from the Court.

3

*FEC*, 130 S. Ct. 876, 895 (2010) ("Today, Citizens United finally learns, two years after the fact, whether it could have spoken during the 2008 Presidential primary—long after the opportunity to persuade primary voters has passed.").

It is not clear from reading its motion whether the FEC is arguing that this Court's entry of injunctive relief was itself clear error. To the extent that it is, that argument must fail. As noted above, the Court of Appeals remanded this case to allow the District Court to enter an injunction. And the FEC's response to the Motion for Entry of Judgment perfectly illustrated why such an injunction is needed: The FEC, left to its own devices, would provide Plaintiffs with no injunctive relief whatsoever and would instead grant them only a narrow declaratory ruling that applied to them and them alone.[3]

But, as described above, this Court's entry of an injunction flows directly from the Court of Appeals' decision. Furthermore, the scope of the injunction that this Court entered—which reached not just Plaintiffs, but those nonparties who wish to give to SpeechNow.org—was entirely proper. In its opinion and judgment, the Court of Appeals repeatedly recognized that many people other than the individual Plaintiffs want to donate to SpeechNow.org. *SpeechNow.org*, 599 F.3d at 690 (noting that "seventy-five other individuals had indicated on SpeechNow's website that they were interested in making donations"). The Court of Appeals did not limit its holding to only the five individual Plaintiffs, and it is not at all clear it could

---

[3] In defending the miserly relief that it would afford Plaintiffs, the Federal Election Commission says that enjoining a government agency is an "extraordinary remedy" because the government can always presume that an agency will comply with a judgment in good faith. While that justification is itself subject to debate, the fact is that courts in the D.C. Circuit frequently enter injunctions against the government. *See, e.g., Nat'l Treasury Emps Union v. Yeutter*, 918 F.2d 968, 977 (D.C. Cir. 1990) (enjoining the USDA from conducting unconstitutional drug-testing); *Humane Soc'y of the U.S. v. Johanns*, 520 F. Supp. 2d 8, 37-38 (D.D.C. 2007) (permanently enjoining the USDA from implementing a rule); *Am. Fed'n of Gov't Emps v. Rumsfeld*, 422 F. Supp. 2d 16, 52-53 (D.D.C. 2006) (permanently enjoining the implementation of regulations regarding collective bargaining), *rev'd on other grounds sub nom. Am. Fed'n of Gov't Emps v. Gates*, 486 F.3d 1316 (D.C. Cir. 2007); *ACLU v. Mineta*, 319 F. Supp. 2d 69, 87-88 (D.D.C. 2004) (permanently enjoining the Secretary of Transportation from enforcing a statute that violated the First Amendment).

have done so in any event. *See Citizens United v. FEC*, 130 S. Ct. 876, 919 (2010) (Roberts, C.J., concurring) ("Regardless whether we label Citizens United's claim a "facial" or "as-applied" challenge, the consequences of the Court's decision are the same."); *see also id*. at 893. Instead, it held "that the contribution limits of 2 U.S.C. § 441a(a)(1)(C) and 441a(a)(3) are unconstitutional as applied to *individuals'* contributions to SpeechNow." *SpeechNow.org*, 599 F.3d at 689 (emphasis added).

The practical effect of the FEC's proposed relief would be to vitiate the Court of Appeals' decision and render this case a nullity. The FEC admits that it may not enforce the contribution limits "against these very plaintiffs" on res judicata and collateral estoppel grounds. Def.'s Opp'n to Mot. for Entry of J. at 8. But nowhere does the FEC even imply that it would refrain from enforcing the limits against nonparties who give to SpeechNow.org. Indeed, the FEC plainly states that under the principle of intercircuit nonacquiescence, it retains the authority to "pursue similar claims in different circuits against non-parties to prior judgments." Def.'s Opp'n to Mot. for Entry of J. at 7.

In effect, the FEC's approach would turn the Court of Appeals' opinion into little more than a pyrrhic victory for Plaintiffs: while SpeechNow.org would have a First Amendment right to take unlimited contributions from anybody, only David Keating, Fred Young, and the individual Plaintiffs could actually make such contributions. Anyone else who gave more than $ 5,000 would run the risk of a possible FEC enforcement action. This schizophrenic outcome would chill SpeechNow.org from vigorously exercising its First Amendment rights.

Thus, the District Court properly followed the clear instructions of the Court of Appeals when it permanently enjoined the FEC "from enforcing the contribution limits . . . and any implementing regulations against SpeechNow.org, the individual Plaintiffs, and others who wish

to contribute to SpeechNow.org."[4]  Order Granting Pls.' Mot. for Entry of J. at 1-2, *SpeechNow.org v. FEC*, No. 1:08-cv-00248 (May 26, 2010).  Indeed, given the unanimous decision of the en banc Court of Appeals and the strong language in its opinion and judgment, it would have been error for the District Court to not enter such relief.

III.   **Because the Court of Appeals Already Declared that Applying the Political-Committee Requirements to SpeechNow.org is Constitutional, this Court Properly Refrained from Entering a Redundant Declaration.**

Although Plaintiffs prevailed on their contribution-limits claims before the D.C. Circuit, the Court of Appeals denied their request for a declaration stating that they need not register, organize, and report as a political committee.  In its judgment, the Court stated that "there is no constitutional infirmity in the application of the organizational, administrative, and reporting requirements set forth in certified questions 4 and 5."  Judgment at 1, *SpeechNow.org v. FEC*, 599 F.3d 686 (D.C. Cir. 2010) (Nos. 08-5223, 09-5342).  Plaintiffs respectfully disagree with this facet of the D.C. Circuit's opinion.  Until such time as the en banc Court of Appeals or the Supreme Court overrules it, however, Plaintiffs recognize that SpeechNow.org must register as a political committee once it takes in more than $1,000 in contributions.

The FEC now complains—without citing to any rule of law in support of its point—that this Court's final judgment should have explicitly stated that the political-committee requirements may be constitutionally applied to Plaintiffs.  Mot. to Alter or Amend the J. at 4-5.  But this position makes no sense because the Court of Appeals upheld the political-committee requirements as applied to Plaintiffs.  *See* Judgment at 1, *SpeechNow.org v. FEC*, 599 F.3d 686

---

[4] Despite the FEC's claims that "it plainly cannot enforce the relevant implementing regulations," that is true only as to the Plaintiffs to this action.  Just as the FEC did not disclaim any intent to enforce the statutes as to nonparties who wished to give to SpeechNow.org, neither did it claim that it would not continue to enforce its regulations against nonparties.  The District Court's decision to enjoin these implementing regulations therefore was entirely reasonable.  Moreover, if the FEC is correct, then there is no harm in entering an injunction and no good reason not to do so.  As a result, even if the FEC were correct in claiming it cannot enforce its regulations, its argument would still not meet the strict standards of Rule 59(e).

6

(D.C. Cir. 2010) (Nos. 08-5223, 09-5342).  That decision maintained the status quo; there was no reason and no good grounds for the district court to enter a judgment declaring that existing statutes that were not unconstitutional before the D.C. Circuit's decision are still not unconstitutional.  The FEC never filed a counterclaim in this action or asked for a declaratory ruling that the organizational, administrative, and continuous reporting requirements were constitutional.  As a result, it is not entitled to such a judgment.  The FEC's argument is thus wrong and does not meet the strict standards under Rule 59(e).

## CONCLUSION

For the reasons detailed in this response, and to let SpeechNow.org operate without concern that the FEC will harangue and pursue its contributors, Plaintiffs respectfully request that this Court deny Defendant Federal Election Commission's motion to alter or amend the judgment.

Dated: June 25, 2010.

Respectfully submitted,

/s/ Steven M. Simpson
Steven M. Simpson (DC Bar No. 462553)
William H. Mellor (DC Bar No. 462072)
Robert Gall (DC Bar No. 482476)
Robert P. Frommer (DC Bar No. 497308)
Paul M. Sherman (DC Bar No. 978663)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
Fax: (703) 682-9321
Email: ssimpson@ij.org

Stephen M. Hoersting*
Bradley A. Smith*
CENTER FOR COMPETITIVE POLITICS
124 W. Street South, Suite 201

7

Alexandria, VA 22314  
Tel: (703) 894-6800  
Email: shoersting@campaignfreedom.org,  
BSmith@law.capital.edu  

*Attorneys for Plaintiffs*  
*Admitted *Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th Day of June 2010, a true and correct copy of PLAINTIFFS' RESPONSE TO DEFENDANT FEDERAL ELECTION COMMISSION'S MOTION TO ALTER OR AMEND THE JUDGMENT was filed electronically using the court's ECF system and sent via the ECF electronic notification system to the following counsel of record:

Robert W. Bonham, III
David B. Kolker
Steve N. Hajjar
Kevin Deeley
FEDERAL ELECTION COMMISSION
999 E. Street, N.W.
Washington, DC  20463

/s/ Steven M. Simpson
Attorney for Plaintiffs