UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SPEECHNOW.ORG, *et al.*,

Plaintiff,

v.

FEDERAL ELECTION COMMISSION,

Defendant.

Civil Action No.  08-248  (JDB)

Memorandum Opinion

Following the decision of the en banc D.C. Circuit (SpeechNow.org v. FEC, 599 F.3d 686 (D.C. Cir. 2010)), this Court, at plaintiffs' request, on May 27, 2010 entered an Order Granting Plaintiffs' Motion for Entry of Judgment [hereinafter "May 27 Judgment"]. Defendant Federal Election Commission (FEC), now moves to alter or amend that judgment.  The FEC contends primarily that the Court[1] erred by issuing an incomplete judgment, and by doing so before the FEC was due to respond to plaintiff's motion (and hence without considering the arguments provided in the FEC's timely partial opposition filed two days later).

This Court concludes that on one issue the FEC satisfies the "clear error" standard applicable to a motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e).  See, e.g., Ciralsky v. C.I.A., 355 F.3d 661, 671 (D.C. Cir. 2004); Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  Three issues are presented by the FEC's motion:  (1) whether the May 27 Judgment was incomplete; (2) whether injunctive relief was properly entered in addition to

---

[1]Upon his retirement on June 1, 2010, the case was reassigned from Judge James Robertson to the undersigned.

declaratory relief; and (3) whether the May 27 Judgment erroneously addressed the FEC's regulations.  The Court takes each issue in turn.

    1.    The failure to include in the May 27 Judgment a declaration that certain statutory provisions are constitutional was clear error.[2]  The March 26, 2010 Judgment issued by the Court of Appeals, which then became the mandate when issued on May 3, 2010, included a clear order that "there is no constitutional infirmity in the application of the organizational, administrative and reporting requirements set forth in certified questions 4 and 5."  Plaintiffs have provided no satisfactory reason for this Court to deviate from the Court of Appeals' mandate and omit that same declaration from the May 27 Judgment.  The FEC's motion is therefore granted on this issue, and the May 27 Judgment will be amended to include the language from the D.C. Circuit's mandate.

    2.    On the other hand, including injunctive relief in the May 27 Judgment, and specifically relief with respect to non-plaintiff donors, was not clear error.  The FEC concedes that it cannot and will not enforce the relevant statutory provisions against either plaintiffs or non-plaintiff donors, and argues that declaratory relief is therefore adequate given the presumption that the government will comply with the declaratory judgment.  In essence, the FEC argues that an injunction is unnecessary and hence should be avoided.  Of course, as plaintiffs' point out, such injunctive relief often accompanies a declaratory judgment.  But even if the FEC has the marginally better position, there was no "clear error" in including in the May 27 Judgment specific injunctive language that, in its substance, is not really objectionable.

---

[2]The failure to consider the FEC's opposition by ruling before it was due is a ground to now <u>consider</u> the FEC's arguments, but is not itself "clear error" requiring that the May 27 Judgment be altered or amended.

      3.    So, too, and for similar reasons, the inclusion in the May 27 Judgment of relief addressing the FEC's implementing regulations was not clear error. Indeed, the FEC's statement that it "will not enforce implementing regulations" against plaintiffs or other donors confirms that it was not clear error to include that concept in the May 27 Judgment.

      The FEC's motion to alter or amend is therefore granted in part. An Amended Judgment consistent with this Memorandum Opinion will be entered herewith.

                                               /s/
                                 JOHN D. BATES
                        United States District Judge

Dated:    October 28, 2010